1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   PAUL T. HAMMERNESS
    Supervising Deputy Attorney General
3   JENNIFER C. ADDAMS, State Bar No. 209355
    Deputy General
4     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA  94102-7004
5     Telephone:     (415) 703-5382
      Facsimile:     (415) 703-5480
6     Email:  Jennifer.Addams@doj.ca.gov

7   Attorneys for Defendants
    State of California and Robert Mecir
8

9
                    IN THE UNITED STATES DISTRICT COURT
10
                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12

13   **Dwight Watson; Daniel Farias; Lauren Watson;**          Case No. _____
     **and Nicole Watson,**
14                                                             (Santa Clara County Superior Court
                                            Plaintiffs,        Case No. 107CV-096770)
15
                      v.                                       **NOTICE OF REMOVAL OF**
16                                                             **ACTION UNDER 28 U.S.C.**
     **The State of California; Santa Clara County**           **§1441( b) (FEDERAL**
17   **Specialized Enforcement Team; and Does 1-50,**          **QUESTION)**

18                                          Defendants.        Action filed:  10/17/2007

19

20           TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21           PLEASE TAKE NOTICE that defendant Robert Mecir hereby removes to this Court the

22   state court action described below.

23           1.    On October 17, 2007, an action was commenced in the Superior Court of the State of

24   California, in and for the County of Santa Clara, entitled Dwight Watson; Daniel Farias; Lauren

25   Watson and Nicole Watson, Plaintiffs vs. The State of California; Santa Clara County

26   Specialized Enforcement Team; and Does 1-50, Defendants, as case number 107CV-096770.

27   This file, in its entirety, is attached hereto as Exhibit A.

28

     Defendant Mecir's Notice of Removal                      *Dwight Watson, et al. v. State of California, et al.*
                                                              107CV-096770

2.    The first date upon which defendant Robert Mecir received a copy of the said complaint was May 8, 2008, when defendant's attorney was served with a copy of an amended complaint.  Plaintiffs assert that Robert Mecir will be personally served on May 12, 2008.  A copy of the summons and second amended complaint is attached hereto as Exhibit B.

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 28 U.S.C. § 1983.

4.    The State of California, the only other defendant who has been served with summons and complaint, and has not been dismissed from this action, and who is represented by the same counsel, hereby joins in this Notice of Removal.  Plaintiffs assert that the State of California will be dismissed from this action.

Dated:  May 12, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General

/s/ *Jennifer C. Addams*

JENNIFER C. ADDAMS
Deputy Attorney General

Attorneys for Defendants
State of California and Robert Mecir

40250114.wpd
SF2007403401

Defendant Mecir's Notice of Removal

*Dwight Watson, et al. v. State of California, et al.*
107CV-096770

2

1  Mark Martel, State Bar No. 147970
   Attorney At Law
2  425 Sherman Ave. #330
   Palo Alto, CA 94306
3  Tel: (650) 470-2650
   Fax: (650) 470-2654
4  e-mail: markmartel@aol.com

5  Attorney for Plaintiffs Dwight Watson, Daniel Farias,
6  Lauren Watson, and Nicole Watson

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren        Case No. 107CV-096770
    Watson; and Nicole Watson,
12                                              ORDER GRANTING PLAINTIFFS' EX
                    Plaintiffs,                 PARTE APPLICATION FOR ORDER
13                                              PERMITTING AMENDMENT TO
                                                COMPLAINT TO SUBSTITUTE NAMED
14        v.                                    DEFENDANT FOR DOE 1;
                                                DECLARATION OF MARK MARTEL
15  The State Of California; Santa Clara County
    Specialized Enforcement Team; Glenn Albin;
16  David Mendez; Frank St. Clair; Mike
    D'Antonio; Mike Rubino; and Does 1-50,
17
18                  Defendants.

19

20

21        On May 8, 2008, the Court considered Plaintiffs' *ex parte* application for an order allowing

22  Plaintiffs to substitute Robert Mecir for "Doe One" and file a Second Amended Complaint

23  reflecting this amendment. Mark Martel, counsel for Plaintiffs, appeared in support of the

24  application; Defendants did not oppose the application and did not appear at the ex parte hearing.

25

26

27

28

Order Granting Plaintiffs' Ex Parte Application       -1-
to Amend to Substitute for "Doe" Defendant

1      Having reviewed the *ex parte* application, and good cause therefor appearing, IT IS HEREBY

2  ORDERED that Plaintiffs may amend their complaint to name Robert Mecir as the defendant

3  previously designated herein as Doe No. 1, and may file the Second Amended Complaint submitted

4  with their ex parte application.

5  Dated: May 8, 2008

6                        **James Emerson**

7

8                          Superior Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Superior Court of California, County of Santa Clara
Civil Division, 161 North First St.
San Jose, CA  95113


TO:    Attorney General - San Francisco
       455 Golden Gate Avenue  Suite 11000
       San Francisco,  CA 94102-7004


RE:  D. Watson, et al vs The State Of California, et al
Case Nbr:  1-07-CV-096770


### NOTICE RE: SANCTIONS/DISMISSAL PURSUANT TO CRC 3.110


You are hereby ordered to appear in this Court on:

Date: 08/07/08  At: 1000AM In: Dept 19

Civil Division, 161 North First St., San Jose, CA 95113

and show cause why sanctions should not be imposed or why the above entitled
case should not be dismissed for failure to serve summons and complaint as
required by California Rules of Court 3.110.

Failure to serve Santa Clara County Specialized Inforcement


Any written opposition to the dismissal must be filed at least five (5) days
prior to the above scheduled hearing date.

COMPLIANCE WITH ALL STATE AND LOCAL RULES OF COURT IS MANDATORY.

---

Parties/Attorneys of Record:

CC: Mark William Martel , Mark Martel Law Offices
        425 Sherman Avenue, Suite 330, Palo Alto, CA 94306


If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.


DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 5/6/08.  KIRI TORRE, Chief Executive Officer/Clerk by Laura Speed, Deputy.

1  Mark Martel, State Bar No. 147970
   Attorney At Law
2  425 Sherman Ave. #330
   Palo Alto, CA 94306
3  Tel:  (650) 470-2650
   Fax:  (650) 470-2654
4  e-mail:  markmartel@aol.com

5  Attorney for Plaintiffs Dwight Watson, Daniel Farias,
6  Lauren Watson, and Nicole Watson

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren          Case No. 107CV-096770
    Watson; and Nicole Watson,
12                                                **EX PARTE APPLICATION FOR ORDER**
                   Plaintiffs,                    **PERMITTING AMENDMENT TO**
13                                                **COMPLAINT TO SUBSTITUTE NAMED**
                                                  **DEFENDANT FOR DOE 1;**
14         v.                                     **DECLARATION OF MARK MARTEL**

15  The State Of California; Santa Clara County
    Specialized Enforcement Team; Glenn Albin;
16  David Mendez; Frank St. Clair; Mike
    D'Antonio; Mike Rubino; and Does 1-50,
17
                   Defendants.
18

19

20         This is an unopposed ex parte application to substitute a named defendant for a "Doe"

21  defendant.  Plaintiffs submit this application shortly after the Court sustained Defendant State of

22  California's demurrer, with leave to amend.  Since the amendment Plaintiffs seek would result in a

23  new named defendant, Plaintiffs request a Court order allowing the filing of a Second Amended

24  Complaint that names the new Defendant.  Plaintiffs make this request out of an abundance of

25  caution, since the Court has already granted leave to amend, and since leave to amend a complaint to

26  substitute a defendant's true name for a "Doe" is routinely granted without notice or hearing of any

27  kind.  Weil & Brown, Cal. Prac. Guide, Civil Procedure Before Trial § 6:614.

28

    Plaintiffs' Ex Parte Application to Amend to          -1-
    Substitute for "Doe" Defendant

This application is based on the Court's April 25, 2008 Order granting Defendant State of California's demurrer to Plaintiffs' First Amended Complaint with leave to amend; the following Declaration of Mark Martel; and the accompanying proposed Second Amended Complaint.

Dated: May 7, 2008

$$MARK\ MARTEL$$

Mark Martel
Attorney for Plaintiffs

### DECLARATION OF MARK MARTEL

1. I am an attorney licensed to practice before the courts of the State of California. I am attorney for Plaintiffs in this action. I have personal knowledge of the matters set forth herein and if called to testify thereto could and would do so competently under oath.

2. This action concerns a police operation to conduct a probation search at Plaintiff Dwight Watson's home on October 25, 2005. The operation was conducted by the Santa Clara County Specialized Enforcement Team (SCCSET) -- an agency of the State of California's Department of Justice, Bureau of Narcotics Enforcement. The subject of the probation search was Mr. Watson's brother-in-law Curtis Farias, who was on probation for possession of narcotics. Mr. Watson's First Amended Complaint alleges that in the course of the operation, SCCSET Agent Glenn Albin unlawfully detained him; used excessive force on him; arrested him without probable cause; and caused him to be prosecuted on false charges (on which he was later acquitted by a jury). The First Amended Complaint also alleges that the State of California did not investigate these actions by Agent Albin. Plaintiffs have brought these claims under 42 U.S.C. §1983.

3. In March 2008, Defendant State of California filed a demurrer to Plaintiffs' First Amended Complaint. The demurrer argued that a state cannot be sued under §1983. In their opposition to the demurrer, Plaintiffs stated that they would not contest the State's argument that it was immune from suit under §1983. However, Plaintiffs requested leave to amend their complaint to name SCCSET Commander Robert Mecir as the individual responsible for investigating the incident

1    subject of this lawsuit, since an *individual* is not immune from suit under §1983.

2        4. Also in March 2008, I first learned through discovery in a related federal action, *Watson v.*

3    *Albin, et al.*, Northern District Case No. C06-07767 RMW, that the individual charged with

4    investigating the police operation subject of this lawsuit was SCCSET Commander Mecir. I believe

5    this means that Commander Mecir would be the individual to properly name in a §1983 claim for

6    failure to investigate Agent Albin's use of force against, and arrest of, Mr. Watson.

7        5. On April 25, 2008, the Court granted the State's demurrer with leave to amend. Since the

8    amendment Plaintiffs seek is to substitute SCCSET Commander Mecir for "Doe 1", I am

9    requesting a Court order allowing this specific amendment out of an abundance of caution.

10        6. On Tuesday, May 6, 2008, I called Deputy Attorney General Jennifer Addams, counsel

11    for the State of California in this action, and informed her that I would make this ex parte appearance

12    to substitute Commander Mecir for "Doe 1". Ms. Addams informed me that the State would not

13    oppose Plaintiffs' ex parte application, and would not appear at this ex parte hearing.

14        7. Attached hereto as **Exhibit A** is Plaintiffs' Proposed Second Amended Complaint. The

15    lined-out language shows deletions from the First Amended Complaint; the underlined language

16    shows additions to the First Amended Complaint. Also submitted herewith as a separate document

17    for filing is a clean copy of Plaintiffs' proposed Second Amended Complaint, with the changes

18    indicated in Exhibit A.

19        I declare under penalty of perjury under the laws of the State of California that the foregoing

20    is true and correct to the best of my knowledge.

21        Executed on May 7, 2008 at Palo Alto, California.

22

23

24                      *MARK MARTEL*

25                         Mark Martel
                     Attorney for Plaintiffs

26

27

28

1  Mark Martel, State Bar No. 147970
   Attorney At Law
2  425 Sherman Ave. #330
   Palo Alto, CA 94306
3  Tel:  (650) 470-2650
   Fax:  (650) 470-2654
4  e-mail:  markmartel@aol.com

5  Attorney for Plaintiffs Dwight Watson, Daniel Farias,
   Lauren Watson, and Nicole Watson
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren Watson;    Case No. 107CV-096770
    and Nicole Watson,
12                                                  **NOTICE OF ENTRY OF ORDER**
                     Plaintiffs,
13
             v.
14
    The State Of California; Santa Clara County
15  Specialized Enforcement Team; Glenn Albin;
    David Mendez; Frank St. Clair; Mike
16  D'Antonio; Mike Rubino; and Does 1-50,

17               Defendants.

18

19

20      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that on April 25, 2008, the Court filed its Order Re:  Demurrer to

    First Amended Complaint in the above-referenced action.  A copy of the Order is attached hereto.
22
    Dated:  May _/_, 2008
23

24

25              _Mark Martel_ by pmc
                Mark Martel
26              Attorney for Plaintiffs

27

28

FILED

APR 2 5 2008

Chief _____
_____ DEPUTY
BY _____ S. Mitchell

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

DWIGHT WATSON, et al.,

               Plaintiffs,

vs.

THE STATE OF CALIFORNIA, et al.,

               Defendants.

Case No.  1-07-CV-096770

ORDER RE: DEMURRER TO FIRST AMENDED COMPLAINT.

     The demurrer by defendant The State of California (the State) to the fifth, sixth, and seventh causes of action of the First Amended Complaint filed by plaintiffs Dwight Watson, Daniel Farias, Lauren Watson, and Nicole Watson (Plaintiffs) came on for hearing before the Honorable James C. Emerson on April 24, 2008 at 9:00 a.m. in Department 19.  The matter having been submitted, the Court orders as follows:

     The State's request for judicial notice of the Complaint for Damages filed December 19, 2006 in the U.S. District Court, Northern District of California, case number C06-07767 RMW (RS) is DENIED because the State fails to furnish the court with sufficient information to enable it to take judicial notice of the matter. (Evid. Code, § 453, subd. (b).)  Attached to the State's

1  moving papers was a copy of the original complaint in the instant action, not the federal

2  complaint.

3       The State's demurrer to the fifth cause of action for violation of 42 U.S.C. section 1983

4  is SUSTAINED WITHOUT LEAVE TO AMEND. A state is not a "person" within the meaning

5  of 42 U.S.C. section 1983 and may not be sued in federal or state court for damages under

6  section 1983. (*Will v. Michigan Dept. of State Police* (1988) 491 U.S. 58, 63-67; *Venegas v.*

7  *County of Los Angeles* (2004) 32 Cal.4th 820, 829.)

8       The State's demurrer to the sixth cause of action for violation of Civil Code section 52.1

9  is OVERRULED. The State fails to provide any legal support for its interpretation of Civil Code

10  section 52.1.

11       The State's demurrer to the seventh cause of action for intentional/negligent infliction of

12  emotional distress is SUSTAINED with 10 days leave to amend for failure to state sufficient

13  facts. The Tort Claims Act states that a public entity is not liable in tort except as provided by

14  statute. (Gov. Code, § 815, subd. (a).) "In view of the fact that tort causes of action against

15  public entities are now based on statute, the general rule that statutory causes of action must be

16  pleaded with particularity is applicable. Every fact essential to the existence of statutory liability

17  must be pleaded. [Citations.]" (*Susman v. City of Los Angeles* (1969) 269 Cal. App. 2d 803,

18  809.) Here, Plaintiffs fail to allege any statutory basis for liability against the State for

19  intentional and/or negligent infliction of emotional distress. On all other grounds, however, the

20  State's demurrer to the seventh cause of action is OVERRULED.

21       The State's request for dismissal, or in the alternative, discretionary stay of this action

22  until the related federal action is completed is DENIED. (See *Gregg v. Superior Court (Jani-*

23  *King)* (1987) 194 Cal.App.3d 134, 136.)

24

25

26  Dated: *Apr 24, 2008*

27                                          James C. Emerson
                                            Judge of the Superior Court

28

2

ORDER RE: DEMURRER TO FIRST AMENDED COMPLAINT

<div style="text-align:center">

# PROOF OF SERVICE

</div>

I am a resident of the United States and am employed in Santa Clara County. I am over the age of eighteen years and not a party to the action *Dwight Watson, et al. v. State of California et al.*, Santa Clara Superior Court Case No. 107CV-096770. My business address is 425 Sherman Avenue, Suite 330, Palo Alto, California, 94306. On May 1, 2008 I served the following document:

**Notice of Entry of Order Re: Demurrer to First Amended Complaint**

by placing each sealed envelope for collection and mailing at Palo Alto, California, following ordinary business practices. I am readily familiar with the practices for the processing of said mail, which is deposited in the United States Postal Service the same day a it is placed for processing.

| | |
|---|---|
| Edmund G. Brown, Jr.<br>Attorney General of the State of California<br>Paul T. Hammerness<br>Supervising Deputy Attorney General<br>Jennifer C. Addams<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 | Attorneys for Defendant State of California |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, on May 1, 2008.

_____
Teri Moran

CIV-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name and Address):*    **TELEPHONE NO.:** <br> Mark Martel, State Bar No. 147970     (650) 470-2651 <br><br> Attorney At Law <br> 425 Sherman Avenue, Suite 330 <br> Palo Alto, CA 94306 <br> **ATTORNEY FOR** *(Name):*   Plaintiffs <br> Insert name of court and name of judicial district and branch court, if any: <br> Santa Clara County Superior Court | **FOR COURT USE ONLY** <br><br> APR 30 08 <br><br> KIRI TORRE <br> F EXEC. OFFICER/CLERK <br> SUPERIOR COURT OF CA <br> OF SANTA CL <br><br> J. Cao-Nguyen |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Dwight Watson, et al. <br><br> DEFENDANT/RESPONDENT:  State of California, et al. | |
| **REQUEST FOR DISMISSAL** <br> ☐ Personal Injury, Property Damage, or Wrongful Death <br>    ☐ Motor Vehicle   ☐ Other <br> ☐ Family Law <br> ☐ Eminent Domain <br> ☑ Other *(specify)*:  Civil Rights | **CASE NUMBER:** <br><br> 107CV-096770 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:

   a. (1) ☑ With prejudice   (2) ☐ Without prejudice

   b. (1) ☑ Complaint   (2) ☐ Petition <br>
     (3) ☐ Cross-complaint filed by *(name):*            on *(date):* <br>
     (4) ☐ Cross-complaint filed by *(name):*            on *(date):* <br>
     (5) ☐ Entire action of all parties and all causes of action <br>
     (6) ☑ Other *(specify):* * Dismissal of Defendant Santa Clara County Specialized Enforcement Team only

Date:  April 30, 2008

Mark Martel, Attorney for Plaintiffs         ▶ *MARK MARTEL* <br>
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)       (SIGNATURE)

*If dismissal requested is of specified parties only, or of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for: <br>
☐ Plaintiff/Petitioner      ☐ Defendant/Respondent <br>
☐ Cross-complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**

   Date:                  ▶

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)      (SIGNATURE)

** If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for: <br>
☐ Plaintiff/Petitioner      ☐ Defendant/Respondent <br>
☐ Cross-complainant

*(To be completed by clerk)* <br>
3. ☑ Dismissal entered as requested on *(date):*  APR 3 0 2008 <br>
4. ☐ Dismissal entered on *(date):*        as to only *(name):* <br>
5. ☐ Dismissal not entered as requested for the following reasons *(specify):* <br><br>
6. ☑ a. Attorney or party without attorney notified on *(date):*  APR 3 0 2008 <br>
     b. Attorney or party without attorney not notified. Filing party failed to provide <br>
       ☐ a copy to conformed ☐ means to return conformed copy

                              J. Cao-Nguyen

Date:  APR 3 0 2008       Clerk, by                         , Deputy

Form Adopted for Mandatory use <br>
Judicial Council of California <br>
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; <br>
Cal. Rules of Court, rule 3.1390 <br>
www.courtinfo.ca.gov

American LegalNet, Inc. <br>
www.FormsWorkflow.com

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
191 N. First Street
San Jose, CA 95113-1090

FILED
APR 2 5 2008
KIRI TORRE
Chief Executive Officer/Clerk, Santa Clara
Superior Court of CA County
BY _____ DEPUTY

TO:    Attorney General - San Francisco
       455 Golden Gate Avenue  Suite 11000
       San Francisco,  CA 94102-7004

RE:  D. Watson, et al vs The State Of California, et al
Case Nbr:  1-07-CV-096770

**PROOF OF SERVICE**

ORDER RE:DEMURRER TO FIRST AMENDED COMPLAINT

was delivered to the parties listed below in the above entitled case as set
forth in the sworn declaration below.

---

Parties/Attorneys of Record:

CC: Mark William Martel , Mark Martel Law Offices
       425 Sherman Avenue, Suite 330, Palo Alto, CA 94306

If you, a party represented by you, or a witness to be called on behlaf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 04/25/08.  KIRI TORRE, Chief Executive Officer/Clerk by Shelly Mitchell, Deputy



FILED

APR 2 5 2008

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
S. Mitchell

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

DWIGHT WATSON, et al.,

                    Plaintiffs,

vs.

THE STATE OF CALIFORNIA, et al.,

                    Defendants.

Case No.  1-07-CV-096770

ORDER RE: DEMURRER TO FIRST AMENDED COMPLAINT.

     The demurrer by defendant The State of California (the State) to the fifth, sixth, and seventh causes of action of the First Amended Complaint filed by plaintiffs Dwight Watson, Daniel Farias, Lauren Watson, and Nicole Watson (Plaintiffs) came on for hearing before the Honorable James C. Emerson on April 24, 2008 at 9:00 a.m. in Department 19.  The matter having been submitted, the Court orders as follows:

     The State's request for judicial notice of the Complaint for Damages filed December 19, 2006 in the U.S. District Court, Northern District of California, case number C06-07767 RMW (RS) is DENIED because the State fails to furnish the court with sufficient information to enable it to take judicial notice of the matter. (Evid. Code, § 453, subd. (b).)  Attached to the State's

1

1    moving papers was a copy of the original complaint in the instant action, not the federal
2    complaint.
3        The State's demurrer to the fifth cause of action for violation of 42 U.S.C. section 1983
4    is SUSTAINED WITHOUT LEAVE TO AMEND. A state is not a "person" within the meaning
5    of 42 U.S.C. section 1983 and may not be sued in federal or state court for damages under
6    section 1983. (*Will v. Michigan Dept. of State Police* (1988) 491 U.S. 58, 63-67; *Venegas v.*
7    *County of Los Angeles* (2004) 32 Cal.4th 820, 829.)
8        The State's demurrer to the sixth cause of action for violation of Civil Code section 52.1
9    is OVERRULED. The State fails to provide any legal support for its interpretation of Civil Code
10   section 52.1.
11       The State's demurrer to the seventh cause of action for intentional/negligent infliction of
12   emotional distress is SUSTAINED with 10 days leave to amend for failure to state sufficient
13   facts. The Tort Claims Act states that a public entity is not liable in tort except as provided by
14   statute. (Gov. Code, § 815, subd. (a).) "In view of the fact that tort causes of action against
15   public entities are now based on statute, the general rule that statutory causes of action must be
16   pleaded with particularity is applicable. Every fact essential to the existence of statutory liability
17   must be pleaded. [Citations.]" (*Susman v. City of Los Angeles* (1969) 269 Cal. App. 2d 803,
18   809.) Here, Plaintiffs fail to allege any statutory basis for liability against the State for
19   intentional and/or negligent infliction of emotional distress. On all other grounds, however, the
20   State's demurrer to the seventh cause of action is OVERRULED.
21       The State's request for dismissal, or in the alternative, discretionary stay of this action
22   until the related federal action is completed is DENIED. (See *Gregg v. Superior Court (Jani-*
23   *King)* (1987) 194 Cal.App.3d 134, 136.)
24
25
26   Dated: *Apr 24, 2008*                    _James C. Emerson_
27                                            James C. Emerson
28                                            Judge of the Superior Court

2

ORDER RE: DEMURRER TO FIRST AMENDED COMPLAINT

1   EDMUND G. BROWN JR.
Attorney General of the State of California
2   PAUL T. HAMMERNESS
Supervising Deputy Attorney General
3   JENNIFER C. ADDAMS, State Bar No. 209355
Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
5   Telephone:  (415) 703-5382
Facsimile:  (415) 703-5480
6   E-mail: Jennifer.Addams@doj.ca.gov



ENDORSED

2008 APR 17 A 9:41

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY: _____
DEPUTY CLERK

7   Attorneys for Defendant State of California

8              SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SANTA CLARA

10

11   **Dwight Watson; Daniel Farias; Lauren Watson; and Nicole Watson,**      Case No. 107CV-096770

12                           **REPLY TO OPPOSITION TO
DEFENDANT STATE OF
13                  Plaintiffs,  CALIFORNIA'S DEMURRER
TO FIRST AMENDED
14          v.           COMPLAINT**

15   **The State of California; Santa Clara County
Specialized Enforcement Team; and Does 1-50,**   Date:    April 24, 2008
Time:   9:00 a.m.
16                  Defendants.  Dept:   19
The Honorable James C. Emerson
17                           Trial Date:  None Set
Action Filed:  December 19, 2006

18

19       Defendant State of California hereby replies to plaintiffs' opposition to defendant's

20   demurrer to first amended complaint. Although Defendant State of California is pleased to be

21   dismissed from this duplicative suit, it objects to this opposition in that it seems to attempt to

22   circumvent the rules of civil procedure.

23   **A.  Plaintiffs' Attempt to Improperly Bring a Motion for Leave to Amend**

24       Plaintiffs' Opposition to defendant's Demurrer to the First Amended Complaint improperly

25   attempts to not only oppose a demurrer but also bring a motion – without the necessary elements

26   of a motion. Plaintiffs state they "...intend to dismiss the State of California and the Santa Clara

27   County Specialized Enforcement Team (SCCSET) as Defendants...," but then propose that their

28   opposition now be turned into a motion to amend their complaint. Although the State is pleased

                                  1

ATTORNEY GENERAL—OFFICE COPY

1  to have plaintiffs concede to its demurrer argument, plaintiffs fail to include the necessary parts

2  of a noticed motion, such as notice, a declaration, and the other rules governing motions

3  generally, and seem to intend to have it heard on the date set for the demurrer hearing.

4      Each party has a right to amend once without leave of court. (Code of Civ. Proc., § 472;

5  *Woo v. Superior Court (Zarabi)* (1999) 75 Cal.App.4th 169, 175.) After this amendment, leave

6  of court is required. Plaintiffs amended their complaint on February 6, 2007. They now wish to

7  amend again and, thus, must go through the proper steps of a motion to amend.

8      The form and content of a Notice of Motion for Leave to Amend are governed by the rules

9  governing motions generally. (Code of Civ. Proc., § 1010.) The motion must include a copy of

10  the proposed amendment and identify by page, plaintiff, and line number any additions to or

11  deletions from prior pleadings. (Cal. Rules of Court, rule 3.1324(a)(1), (2), and (3).) A

12  memorandum of points and authorities is required, as is a declaration. (Cal. Rules of Court, rule

13  3.1113, 3.1324 (b).) Plaintiffs provided none of these documents, just a prayer for relief in an

14  opposition to defendant's demurrer. Plaintiffs should dismiss the State and SCCSET and then

15  bring a properly noticed motion for leave to amend, allowing defendants to fully respond.

16  **B.  Any Motion for Leave to Amend Should Be Denied Because Plaintiffs Had Full and**
17      **Fair Opportunity to Bring this Action in Federal Court**

18      Plaintiffs argue that they did not have a "full and fair opportunity" to litigate the claim of

19  ratification against Commander Robert Mecir in the Federal Court action. They did have this

20  opportunity, however. Plaintiffs have known about Commander Mecir since the federal action

21  was filed in December of 2006. Because they failed to do their proper research under 42 U.S.C.

22  § 1983 regarding supervisors, they now wish to have a second bite at the apple by bringing the

23  action in state court. This action is not proper, and the continual amending of complaints until

24  the correct complaint is hit upon is a waste of judicial resources. This case should be dismissed

25  in its entirety.

26  ///

27  ///

28  ///

1    Dated:  April 15, 2008.

2                                        Respectfully submitted,

3                                        EDMUND G. BROWN JR.
                                         Attorney General of the State of California

4                                        PAUL T. HAMMERNESS
                                         Supervising Deputy Attorney General

5

6

7                                        JENNIFER C. ADDAMS
                                         Deputy Attorney General

8
                                         Attorneys for Defendant
9                                        State of California

10

11

12

13    40241863.wpd
      SF2007403401

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3

## DECLARATION OF SERVICE BY U.S. MAIL



Case Name:    *Dwight Watson, et al. v. State of California, et al.*

No.    **107CV-096770**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 16, 2008, I served the attached **RELY TO OPPOSITION TO DEFENDANT STATE OF CALIFORNIA'S DEMURRER TO FIRST AMENDED COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel, Esq.
> Law Offices of Mark W. Martel
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
>
> *Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 16, 2008, at San Francisco, California.

| | |
|---|---|
| C. Deuel | *C. Deuel* |
| Declarant | Signature |

40242462.wpd

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   PAUL T. HAMMERNESS
    Supervising Deputy Attorney General
3   JENNIFER C. ADDAMS, State Bar No. 209355
    Deputy Attorney General
4     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102-7004
5     Telephone:    (415) 703-5382
      Facsimile:    (415) 703-5480
6     E-mail:  Jennifer.Addams@doj.ca.gov

7   Attorneys for Defendant State of California

ENDORSED

2008 APR 17  A 9: 41

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:
DEPUTY CLERK


Rose Rojas

8                   SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren Watson;      Case No. 107CV-096770
    and Nicole Watson,
12                                                    REPLY TO OPPOSITION TO
                                                      DEFENDANT STATE OF
                               Plaintiffs,            CALIFORNIA'S DEMURRER
13                                                    TO FIRST AMENDED
                    v.                                COMPLAINT
14
    The State of California; Santa Clara County
15  Specialized Enforcement Team; and Does 1-50,      Date:        April 24, 2008
                                                      Time:        9:00 a.m.
16                             Defendants.            Dept:        19
                                                      The Honorable James C. Emerson
17                                                    Trial Date:  None Set
                                                      Action Filed: December 19, 2006
18

19        Defendant State of California hereby replies to plaintiffs' opposition to defendant's

20  demurrer to first amended complaint.  Although Defendant State of California is pleased to be

21  dismissed from this duplicative suit, it objects to this opposition in that it seems to attempt to

22  circumvent the rules of civil procedure.

23  A.   **Plaintiffs' Attempt to Improperly Bring a Motion for Leave to Amend**

24        Plaintiffs' Opposition to defendant's Demurrer to the First Amended Complaint improperly

25  attempts to not only oppose a demurrer but also bring a motion – without the necessary elements

26  of a motion.  Plaintiffs state they "...intend to dismiss the State of California and the Santa Clara

27  County Specialized Enforcement Team (SCCSET) as Defendants...," but then propose that their

28  opposition now be turned into a motion to amend their complaint.  Although the State is pleased

1

CHAMBER'S COPY

1  to have plaintiffs concede to its demurrer argument, plaintiffs fail to include the necessary parts

2  of a noticed motion, such as notice, a declaration, and the other rules governing motions

3  generally, and seem to intend to have it heard on the date set for the demurrer hearing.

4       Each party has a right to amend once without leave of court.  (Code of Civ. Proc., § 472;

5  *Woo v. Superior Court (Zarabi)* (1999) 75 Cal.App.4th 169, 175.)  After this amendment, leave

6  of court is required.  Plaintiffs amended their complaint on February 6, 2007.  They now wish to

7  amend again and, thus, must go through the proper steps of a motion to amend.

8       The form and content of a Notice of Motion for Leave to Amend are governed by the rules

9  governing motions generally.  (Code of Civ. Proc., § 1010.)  The motion must include a copy of

10 the proposed amendment and identify by page, plaintiff, and line number any additions to or

11 deletions from prior pleadings.  (Cal. Rules of Court, rule 3.1324(a)(1), (2), and (3).)  A

12 memorandum of points and authorities is required, as is a declaration.  (Cal. Rules of Court, rule

13 3.1113, 3.1324 (b).)  Plaintiffs provided none of these documents, just a prayer for relief in an

14 opposition to defendant's demurrer.  Plaintiffs should dismiss the State and SCCSET and then

15 bring a properly noticed motion for leave to amend, allowing defendants to fully respond.

16 **B.   Any Motion for Leave to Amend Should Be Denied Because Plaintiffs Had Full and**
17 **Fair Opportunity to Bring this Action in Federal Court**

18      Plaintiffs argue that they did not have a "full and fair opportunity" to litigate the claim of

19 ratification against Commander Robert Mecir in the Federal Court action.  They did have this

20 opportunity, however.  Plaintiffs have known about Commander Mecir since the federal action

21 was filed in December of 2006.  Because they failed to do their proper research under 42 U.S.C.

22 § 1983 regarding supervisors, they now wish to have a second bite at the apple by bringing the

23 action in state court.  This action is not proper, and the continual amending of complaints until

24 the correct complaint is hit upon is a waste of judicial resources.  This case should be dismissed

25 in its entirety.

26 ///

27 ///

28 ///

2

1    Dated:  April 15, 2008.

2                                          Respectfully submitted,

3                                          EDMUND G. BROWN JR.
                                           Attorney General of the State of California

4                                          PAUL T. HAMMERNESS
                                           Supervising Deputy Attorney General

.5

6

7                                          JENNIFER C. ADDAMS
                                           Deputy Attorney General

8
                                           Attorneys for Defendant
9                                          State of California

10

11

12

13   40241863.wpd
     SF2007403401

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. State's Reply to Pltfs' Opp. to Demurrer to First Amended Comp.          107CV-096770

## DECLARATION OF SERVICE BY U.S. MAIL

ENDORSED

Case Name:   *Dwight Watson, et al. v. State of California, et al.*    2008 APR 17 A 9:44

No.    **107CV-096770**

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:
DEPUTY CLERK
Rose Rojas

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 16, 2008, I served the attached **RELY TO OPPOSITION TO DEFENDANT STATE OF CALIFORNIA'S DEMURRER TO FIRST AMENDED COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel, Esq.
> Law Offices of Mark W. Martel
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
>
> *Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 16, 2008, at San Francisco, California.

| C. Deuel | *C. Deuel* |
|----------|------------|
| Declarant | Signature |

40242462.wpd

4/10

Mark Martel, State Bar No. 147970
Attorney At Law
425 Sherman Ave. #330
Palo Alto, CA 94306
Tel: (650) 470-2650
Fax: (650) 470-2654
e-mail: markmartel@aol.com
Attorney for Plaintiffs

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| Dwight Watson; Daniel Farias; Lauren Watson; and Nicole Watson, <br><br> Plaintiffs, <br><br> v. <br><br> The State Of California; Santa Clara County Specialized Enforcement Team; and Does 1-50, <br><br> Defendants. | Case No. Case No. 107CV-096770 <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SECOND DEMURRER OF DEFENDANT STATE OF CALIFORNIA** <br><br> Date: April 24, 2008 <br> Time: 9:00 a.m. <br> Department 19 |

## INTRODUCTION

This case concerns actions during a probation search at the home of Plaintiff Dwight Watson by agents of the Santa Clara County Specialized Enforcement Team (SCCSET), a multi-agency drug enforcement entity operated by the California Department of Justice Bureau of Narcotics Enforcement. *First Amended Complaint (FAC)*. The subject of the probation search was Mr. Watson's brother-in-law Curtis Farias. Mr. Farias was on probation for a drug offense and lived in the house occupied by Mr. Watson and his family. *Id.* ¶¶22-24. SCCSET agents detained Mr. Farias outside of the home on suspicion that he had violated the terms of his probation, then entered the home to search his bedroom and common areas of the house. At that time, Mr. Watson was bedridden with a painful back injury. *Id.* ¶22. When he heard the officers enter the house, he got out of bed, walked toward the door, and said to the officers "you must be here for Curt" (Mr. Watson assumed this from previous probation searches at the house). *Id.* ¶¶25-26. He walked toward the officers, slowly, because of his back pain. Defendant SCCSET Agent Albin grabbed Mr.

Watson and began to handcuff him. Mr. Watson said "hey, I'm not Curt"; Agent Albin then threw Mr. Watson to the floor and repeatedly punched him. *Id. ¶26.* Albin charged Mr. Watson with delaying, obstructing, and assaulting, a police officer. *Id. ¶29.* Watson was tried on these charges and quickly acquitted. *Id. ¶33.*

Mr. Watson subsequently sued Agent Albin, SCCSET, and the State of California ("the State") in federal court, alleging false arrest, excessive force, and malicious prosecution against Agent Albin; and ratification of Agent Albin's actions by SCCSET. These claims were brought under 42 U.S.C. §1983. The State successfully moved to be dismissed from the federal case on Eleventh Amendment grounds. Watson subsequently filed suit against the State in this court. His key claim against the State is that it failed to investigate and respond to Albin's actions. *Id., Fifth Cause of Action, p. 9.* The original state court complaint was against the State and SCCSET only. In response to the State's first demurrer, Plaintiffs amended their complaint to add the individual SCCSET officers as Defendants.

The State now demurs a second time, principally on the ground that it cannot be sued under either federal or state law. Plaintiffs will not contest this point, and intend to dismiss the State from the lawsuit. However, Plaintiffs request leave to amend to name SCCSET Commander Robert Mecir as a defendant. Even if the State is not a proper party, Commander Mecir *is* a proper party under §1983, since he is the individual that (Plaintiffs will allege) failed to investigate and respond to Agent Albin's actions. The local police agencies that contribute police officers to the SCCSET are also proper parties, and Plaintiffs request leave to amend to name those agencies also.

## I.   PLAINTIFFS WILL DISMISS THE STATE OF CALIFORNIA AS A DEFENDANT, BUT REQUEST LEAVE TO AMEND TO SUBSTITUTE SCCSET COMMANDER ROBERT MECIR FOR "DOE ONE".

The heart of the State's demurrer is its argument that a state is not subject to suit, at least in this case. Plaintiffs will not contest this point. They intend to dismiss the State of California and the Santa Clara County Specialized Enforcement Team (SCCSET) as Defendants. However, Plaintiffs hereby request leave to amend to substitute SCCSET commander Robert Mecir for Doe 1. If the State is not a proper party to this action, the *individual* who headed SCCSET is. A supervisor may

1  be liable under 42 U.S.C. §1983 for failing to prevent or properly respond to constitutional violations

2  of a subordinate. *See, Grassilli v. Barr* (2006) 142 Cal.App.4th 1260, 1279-1280.

3      The State may argue that an individual acting as a state agent cannot be held liable under

4  §1983, for the same reasons that a state may not be held liable under §1983.  However, this rule

5  applies only to state agents with "final policymaking authority over the complained-of actions."

6  *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 839.  Whether Commander Mecir had

7  "final policymaking authority" over any investigation and response to the SCCSET operation

8  subject of this lawsuit is a fact question, not one to be decided now or in a subsequent demurrer.

9  **II.  PLAINTIFFS ALSO REQUEST LEAVE TO ADD SCCSET's "COMPONENT**
10  **MEMBERS" AS DEFENDANTS.**

11      The State acknowledges that the "component members" of SCCSET may be sued, citing

12  *Hervey v. Estes* (9th Cir. 1995) 65 F.3d 784, 792. *Def. M.P.A. at 9:24-25.*[1]  However, the State

13  argues that Plaintiffs have already sued SCCSET's component members in the federal action. *Id.* at

14  9:26-27.  This is not correct.  *Hervey's* reference to "components members" of an entity like

15  SCCSET concerns governmental entities, not individuals.  The following language from *Hervey*

16  makes this clear:

17      We caution that TNET's actions are not beyond judicial review.  If, as the record
18      indicates, TNET is designed to function as an informal association of various
        governmental entities setting joint policies and practices for conducting drug
19      investigations and raids, its component members may be sued and may be subject to
        joint and several liability for any constitutional violations.

20  *Hervey* at 792.  The State's own opposition shows that it understands SCCSET to be supported by

21  government entities: "[SCCSET's] member entities retain responsibility for the employment, salary,

22  benefits, and terms and conditions of its employees." *Def. M.P.A. at 9:22-24.*[2]  Under *Hervey,*

23
24  Plaintiffs can sue those member entities, and they request leave of court to do so.

25

26  [1] *Hervey* was a lawsuit against an inter-agency drug enforcement task force (Tahoma Narcotics Enforcement Team or
    "TNET") that was similar to the SCCSET.
27

28  [2] Paragraph 13 of the First Amended Complaint alleges the following:  "SCCSET agents are drawn from various
    police departments and other law enforcement agencies based in Santa Clara County."

π's Opposition to Demurrer #2                    -3-

### III. THE COURT SHOULD REJECT THE STATE'S REQUEST FOR DISMISSAL BASED ON *POSSIBLE* RES JUDICATA.

The State argues that the Court should stay this action because Plaintiffs' federal case contains the same claims as those in this state court action, and Plaintiffs have a full and fair opportunity to litigate their claims in federal court. This is not correct. There is a key difference between the two cases. The Fifth Cause of Action in this case alleges that the State failed to investigate the facts and constitutional violations alleged in the complaint, and failed to take steps to prevent similar violations. *FAC, p. 9, Fifth Cause of Action.* These allegations state a claim for ratification of constitutional violations under §1983.[3] This claim is not part of the federal action, and Plaintiffs therefore cannot have a "full and fair opportunity" to litigate the claim there. While Plaintiffs are not contesting dismissal of the State, they seek leave to assert their ratification claim against SCCSET Commander Robert Mecir.

The State also argues that allowing this case to proceed could result in inconsistent judgments in the state and federal actions. This is also incorrect, since there is no ratification claim in the federal action. Moreover, at least as a practical matter if not a matter of law, if the federal action results in a judgment that Agent Albin did nothing improper, then the claim in this case that Defendant(s) ratified improper conduct would not be viable.

Trial in the federal case is set for May 19, 2008, while no trial date has been set in this case. Judgment in the federal case will therefore precede any judgment in this case, and there will be no inconsistency in judgments. To further assure this, Plaintiffs will dismiss any claims in this case that truly duplicate claims in the federal case.

---

3 A public entity is liable under 42 U.S.C. §1983 for policies or customs that result in constitutional violations. *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658, 694. A plaintiff may prove liability under *Monell* by demonstrating that a government official ratified a subordinate's unconstitutional action. *Ulrich v. City & County of San Francisco* (9th Cir. 2002) 308 F.3d 968, 984-985. Policy or custom may be inferred if officials take no steps to reprimand or discharge officers who committed constitutional violations, or if they otherwise fail to admit that the officers' conduct was in error. *Henry v. County of Shasta* (9th Cir. 1997) 132 F.3d 512, 518-519.

**IV.    THE STATE HAS PROVIDED NO BASIS TO STAY THIS ACTION.**

The State's final argument is that this action should be stayed under Code of Civil Procedure §923. The State does not quote the full language of §923, which is as follows:

> The provisions of this chapter shall not limit the power of a reviewing court or of a judge thereof to stay proceedings during the pendency of an appeal or to issue a writ of supersedeas or to suspend or modify an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo, the effectiveness of the judgment subsequently to be entered, or otherwise in aid of its jurisdiction.

This section concerns the power of an *appeals* court to take certain actions to preserve the status quo or the effectiveness of a judgment. This section is obviously irrelevant to this demurrer.

The State has thus provided no authority for its request for a stay. Plaintiffs should be allowed to proceed in this case, particularly with a deposition of Commander Mecir.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court rule on the State's demurrer as follows:

1. Grant the State's demurrer on the first ground listed in the State's Notice of Demurrer (failure to allege a cause of action against the State), with leave to amend to name SCCSET Commander Robert Mecir and SCCSET's component governmental entities as Defendants;

2. Deny the demurrer on the State's second ground (another action pending between the same parties on the same causes of action);

3. Deny the State's request for dismissal of the entire action; and

4. Deny the State's request for a stay of this action.

Dated: April 10, 2008

MARK MARTEL

Mark Martel
Attorney for Plaintiffs

1

<center>**PROOF OF SERVICE**</center>

2

I am a resident of the United States and am employed in Santa Clara County. I am over the

3

age of eighteen years and not a party to the action *Watson v. Albin*. My business address is 425 Sherman Avenue #330, Palo Alto, CA 94306. On April 10, 2008, I served the following

4

document:

5

**Plaintiffs' Memorandum Of Points And Authorities In Opposition To Second Demurrer Of Defendant State Of California**

6

by depositing the documents in the U.S. mail in a sealed envelope with First-Class postage prepaid,

7

addressed as follows:

8

Jennifer C. Addams

9

Deputy Attorney General
Attorney General of the State of California

10

455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

11

I declare under penalty of perjury under the laws of the United States that the foregoing is

12

true and correct.

13

Executed at Palo Alto, California, on April 10, 2008.

14

15

*Mark Martel*
Mark Martel

16

17

18

19

20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
5  Telephone:    (415) 703-5382
   Facsimile:    (415) 703-5480
6  E-mail: Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant
   State of California

8

**(ENDORSED)**
**FILED**
APR - 8 2008
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
S. Ruelos

9                SUPERIOR COURT OF CALIFORNIA

10                   COUNTY OF SANTA CLARA

11

12  Dwight Watson; Daniel Farias; Lauren        Case No. 107CV-096770
    Watson; and Nicole Watson,
13                                              **STIPULATED PROTECTIVE**
                                    Plaintiffs,  **ORDER**
14
                                                Trial Date:    None Set
15          v.                                  Action Filed:  December 19, 2006

16  The State of California; Santa Clara County
    Specialized Enforcement Team; and Does 1-
17  50,

18                                  Defendants.

19      IT IS HEREBY STIPULATED by Plaintiffs Dwight Watson, Daniel Farias, Lauren Watson,

20  and Nicole Watson, and Defendant the State of California by and through their attorneys of

21  record, that the information referenced below, furnished to Plaintiffs Dwight Watson, Daniel

22  Farias, Lauren Watson, and Nicole Watson pursuant to the Plaintiffs' Request for Production of

23  Documents (Set One) shall be kept confidential and used solely in connection with the

24  preparation and trial of this matter, Case Number 107CV 096770, and also the preparation and

25  trial of the corresponding matter in the United States District Court, Northern District of

26  California, Case Number C06-07767 RMW.

27      IT IS HEREBY STIPULATED that (1) the seven-page Operation Order for the operation at

28  the home of Curtis Farias on October 25, 2005 and (2) the Santa Clara County Specialized

1

ATTORNEY GENERAL--OFFICE COPY

1  Enforcement Team (SCCSET) Policies and Procedures (referred to as "General Orders" by

2  Plaintiffs) shall be subject to the following restrictions:

3     1.   Counsel may use protected material that is disclosed or produced in connection with

4  this case only for prosecuting, defending, or attempting to settle Santa Clara County Superior

5  Court Case Number 107CV 096770 and United States District Court, Northern District of

6  California Case Number C06-07767 RMW;

7     2.   Counsel for Plaintiffs may disclose this information only to:

8       a.   other counsel of record for Plaintiffs in Santa Clara County Superior Court Case

9  Number 107CV 096770 and United States District Court, Northern District of California, Case

10  Number C06-07767 RMW;

11      b.   experts retained by Plaintiffs to whom disclosure is reasonably necessary for this

12  litigation and who have signed an "Agreement to be Bound by Protective Order;"

13      c.   during their depositions, witnesses in the action to whom disclosure is reasonably

14  necessary and who have signed an "Agreement to be Bound by Protective Order." Pages of

15  transcribed deposition testimony and/or exhibits to depositions that reveal protected material

16  must be separately bound by the court reporter and may not be disclosed to anyone except as

17  permitted under this Stipulated Protective Order;

18      d.   the author of the document or the original source of the information;

19      e.   the Court and its personnel;

20      f.   court reporters, their staffs, and professional vendors to whom disclosure is

21  reasonably necessary for this litigation and who have signed an "Agreement to be Bound by

22  Protective Order."

23     3.   Under no circumstances shall the documents disclosed pursuant hereto be shown to

24  Plaintiffs in this case (Dwight Watson, Lauren Watson, Nicole Watson, or Daniel Farias) or the

25  contents of the documents be shared with Plaintiffs in this case by Plaintiffs' attorneys except by

26  order of the Court or during the regular course of use at trial;

27     4.   Under no circumstances shall the information disclosed pursuant hereto be used in any

28  other proceeding other than the instant cases listed above, except by court order;

2

1    5.    Under no circumstances shall the information disclosed pursuant hereto be

2  disseminated in any form, except by court order;

3    6.    Counsel for Plaintiffs are prohibited from releasing, disseminating, or sharing the

4  information disclosed with anyone, with the exception of other attorneys working on this case on

5  behalf of these Plaintiffs; and

6    7.    The information provided is only to be used in connection with the cases stated above

7  and this material shall be returned to counsel for the State of California at the conclusion of the

8  case.

9    8.    Without written permission from Defendants State of California, or a court order

10  secured after appropriate notice to all interested persons, a party may not file in the public record

11  in this action any protected material. A party may seek to file protected material under seal

12  according to local rules.

13    The information disclosed shall be delivered to Plaintiffs' counsel of record, who shall be

14  responsible for ensuring that the terms of this order are complied with.

15

16  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

17  Dated: ~~March~~ April 1, 2008.    Law Offices of Mark W. Martel

18

19    By: _Mark Martel_
      Mark W. Martel
      Attorneys for Plaintiffs

20

21  Dated: ~~March~~ April 2, 2008.    California Department of Justice

22    Office of the Attorney General

23

24    By: _[signature]_
      Jenniffer C. Addams, Deputy Attorney General
      Attorneys for Defendants

25    State of California and Mike Rubino

26  ///

27  ///

28  ///

3

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    Dated:    APR 0 7 2008              , 2008.

4                                        JAMES C. EMERSON

5                                        _____
                                         Judge of the Santa Clara County Superior Court
6

7

8

9

10

11

12

13

14    40233786.wpd
      SF2007403401
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Dwight Watson, et al. v. State of California, et al.*

No.    107CV-096770

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 4, 2008, I served the attached **STIPULATED PROTECTIVE ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel
> Attorney at Law
> Law Offices of Mark Martel
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
>
> *Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 4, 2008, at San Francisco, California.

| | |
|---|---|
| C. Deuel | *C. Deuel* |
| Declarant | Signature |

40237278.wpd

COPY

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   PAUL T. HAMMERNESS
    Supervising Deputy Attorney General
3   JENNIFER C. ADDAMS, State Bar No. 209355
    Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
5   Telephone:    (415) 703-5382
    Facsimile:    (415) 703-5480
6   E-mail: Jennifer.Addams@doj.ca.gov

7   Attorneys for Defendant
    State of California
8

**(ENDORSED)**
**F I L E D**

APR - 8 2008

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

**S. Ruelos**

9                   SUPERIOR COURT OF CALIFORNIA

10                      COUNTY OF SANTA CLARA

11

12   Dwight Watson; Daniel Farias; Lauren        Case No. 107CV-096770
     Watson; and Nicole Watson,
13                                               **STIPULATED PROTECTIVE
                                  Plaintiffs,    ORDER**
14
                                                 Trial Date:    None Set
15            v.                                 Action Filed:  December 19, 2006

16   The State of California; Santa Clara County
     Specialized Enforcement Team; and Does 1-
17   50,

18                                Defendants.

19        IT IS HEREBY STIPULATED by Plaintiffs Dwight Watson, Daniel Farias, Lauren Watson,

20   and Nicole Watson, and Defendant the State of California by and through their attorneys of

21   record, that the information referenced below, furnished to Plaintiffs Dwight Watson, Daniel

22   Farias, Lauren Watson, and Nicole Watson pursuant to the Plaintiffs' Request for Production of

23   Documents (Set One) shall be kept confidential and used solely in connection with the

24   preparation and trial of this matter, Case Number 107CV 096770, and also the preparation and

25   trial of the corresponding matter in the United States District Court, Northern District of

26   California, Case Number C06-07767 RMW.

27        IT IS HEREBY STIPULATED that (1) the seven-page Operation Order for the operation at

28   the home of Curtis Farias on October 25, 2005 and (2) the Santa Clara County Specialized

                                             1

Stipulated Protective Order                              Case No. 107CV-096770

1  Enforcement Team (SCCSET) Policies and Procedures (referred to as "General Orders" by

2  Plaintiffs) shall be subject to the following restrictions:

3      1.    Counsel may use protected material that is disclosed or produced in connection with

4  this case only for prosecuting, defending, or attempting to settle Santa Clara County Superior

5  Court Case Number 107CV 096770 and United States District Court, Northern District of

6  California Case Number C06-07767 RMW;

7      2.    Counsel for Plaintiffs may disclose this information only to:

8          a.    other counsel of record for Plaintiffs in Santa Clara County Superior Court Case

9  Number 107CV 096770 and United States District Court, Northern District of California, Case

10  Number C06-07767 RMW;

11          b.    experts retained by Plaintiffs to whom disclosure is reasonably necessary for this

12  litigation and who have signed an "Agreement to be Bound by Protective Order;"

13          c.    during their depositions, witnesses in the action to whom disclosure is reasonably

14  necessary and who have signed an "Agreement to be Bound by Protective Order." Pages of

15  transcribed deposition testimony and/or exhibits to depositions that reveal protected material

16  must be separately bound by the court reporter and may not be disclosed to anyone except as

17  permitted under this Stipulated Protective Order;

18          d.    the author of the document or the original source of the information;

19          e.    the Court and its personnel;

20          f.    court reporters, their staffs, and professional vendors to whom disclosure is

21  reasonably necessary for this litigation and who have signed an "Agreement to be Bound by

22  Protective Order."

23      3.    Under no circumstances shall the documents disclosed pursuant hereto be shown to

24  Plaintiffs in this case (Dwight Watson, Lauren Watson, Nicole Watson, or Daniel Farias) or the

25  contents of the documents be shared with Plaintiffs in this case by Plaintiffs' attorneys except by

26  order of the Court or during the regular course of use at trial;

27      4.    Under no circumstances shall the information disclosed pursuant hereto be used in any

28  other proceeding other than the instant cases listed above, except by court order;

2

Stipulated Protective Order                                                    Case No. 107CV-096770

1     5.   Under no circumstances shall the information disclosed pursuant hereto be

2  disseminated in any form, except by court order;

3     6.   Counsel for Plaintiffs are prohibited from releasing, disseminating, or sharing the

4  information disclosed with anyone, with the exception of other attorneys working on this case on

5  behalf of these Plaintiffs; and

6     7.   The information provided is only to be used in connection with the cases stated above

7  and this material shall be returned to counsel for the State of California at the conclusion of the

8  case.

9     8.   Without written permission from Defendants State of California, or a court order

10  secured after appropriate notice to all interested persons, a party may not file in the public record

11  in this action any protected material.  A party may seek to file protected material under seal

12  according to local rules.

13     The information disclosed shall be delivered to Plaintiffs' counsel of record, who shall be

14  responsible for ensuring that the terms of this order are complied with.

15

16  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

17  Dated: ~~March~~ April 1, 2008.       Law Offices of Mark W. Martel

18

19                   By: _Mark Martel_

                         Mark W. Martel

20                       Attorneys for Plaintiffs

21  Dated: ~~March~~ April 2, 2008.       California Department of Justice

22                       Office of the Attorney General

23                     By: _Jennifer C. Addams_

24                       Jennifer C. Addams, Deputy Attorney General

                         Attorneys for Defendants

25                       State of California and Mike Rubino

26  ///

27  ///

28  ///

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    Dated:    APR 0 7 2008          , 2008.

4                                        JAMES C. EMERSON

5                                        _____
                                         Judge of the Santa Clara County Superior Court
6

7

8

9

10

11

12

13

14    40233786.wpd
      SF2007403401
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Dwight Watson, et al. v. State of California, et al.*

No.:    **107CV-096770**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 4, 2008, I served the attached **STIPULATED PROTECTIVE ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel
> Attorney at Law
> Law Offices of Mark Martel
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
>
> *Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 4, 2008, at San Francisco, California.

| C. Deuel | | |
|---|---|---|
| Declarant | | Signature |

40237278.wpd

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | PAUL T. HAMMERNESS
Supervising Deputy Attorney General
3 | JENNIFER C. ADDAMS, State Bar No. 209355
Deputy Attorney General
4 |   455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
5 | Telephone:    (415) 703-5382
Facsimile:    (415) 703-5480
6 | E-mail: Jennifer.Addams@doj.ca.gov

7 | Attorneys for Defendant
State of California

8

9 | SUPERIOR COURT OF CALIFORNIA

10 | COUNTY OF SANTA CLARA

11

12 | Dwight Watson; Daniel Farias; Lauren Watson; and Nicole Watson,

13 |                                     Plaintiffs,

Case No. 107CV-096770

**STIPULATED PROTECTIVE ORDER**

14

15 |                 v.

Trial Date:     None Set
Action Filed:  December 19, 2006

16 | The State of California; Santa Clara County Specialized Enforcement Team; and Does 1-50,

17

18 |                                     Defendants.

19 |      IT IS HEREBY STIPULATED by Plaintiffs Dwight Watson, Daniel Farias, Lauren Watson,

20 | and Nicole Watson, and Defendant the State of California by and through their attorneys of

21 | record, that the information referenced below, furnished to Plaintiffs Dwight Watson, Daniel

22 | Farias, Lauren Watson, and Nicole Watson pursuant to the Plaintiffs' Request for Production of

23 | Documents (Set One) shall be kept confidential and used solely in connection with the

24 | preparation and trial of this matter, Case Number 107CV 096770, and also the preparation and

25 | trial of the corresponding matter in the United States District Court, Northern District of

26 | California, Case Number C06-07767 RMW.

27 |      IT IS HEREBY STIPULATED that (1) the seven-page Operation Order for the operation at

28 | the home of Curtis Farias on October 25, 2005 and (2) the Santa Clara County Specialized

1

1  Enforcement Team (SCCSET) Policies and Procedures (referred to as "General Orders" by

2  Plaintiffs) shall be subject to the following restrictions:

3      1.   Counsel may use protected material that is disclosed or produced in connection with

4  this case only for prosecuting, defending, or attempting to settle Santa Clara County Superior

5  Court Case Number 107CV 096770 and United States District Court, Northern District of

6  California Case Number C06-07767 RMW;

7      2.   Counsel for Plaintiffs may disclose this information only to:

8         a.   other counsel of record for Plaintiffs in Santa Clara County Superior Court Case

9  Number 107CV 096770 and United States District Court, Northern District of California, Case

10  Number C06-07767 RMW;

11         b.   experts retained by Plaintiffs to whom disclosure is reasonably necessary for this

12  litigation and who have signed an "Agreement to be Bound by Protective Order;"

13         c.   during their depositions, witnesses in the action to whom disclosure is reasonably

14  necessary and who have signed an "Agreement to be Bound by Protective Order." Pages of

15  transcribed deposition testimony and/or exhibits to depositions that reveal protected material

16  must be separately bound by the court reporter and may not be disclosed to anyone except as

17  permitted under this Stipulated Protective Order;

18         d.   the author of the document or the original source of the information;

19         e.   the Court and its personnel;

20         f.   court reporters, their staffs, and professional vendors to whom disclosure is

21  reasonably necessary for this litigation and who have signed an "Agreement to be Bound by

22  Protective Order."

23      3.   Under no circumstances shall the documents disclosed pursuant hereto be shown to

24  Plaintiffs in this case (Dwight Watson, Lauren Watson, Nicole Watson, or Daniel Farias) or the

25  contents of the documents be shared with Plaintiffs in this case by Plaintiffs' attorneys except by

26  order of the Court or during the regular course of use at trial;

27      4.   Under no circumstances shall the information disclosed pursuant hereto be used in any

28  other proceeding other than the instant cases listed above, except by court order;

<div align="center">2</div>

1       5.    Under no circumstances shall the information disclosed pursuant hereto be

2   disseminated in any form, except by court order;

3       6.    Counsel for Plaintiffs are prohibited from releasing, disseminating, or sharing the

4   information disclosed with anyone, with the exception of other attorneys working on this case on

5   behalf of these Plaintiffs; and

6       7.    The information provided is only to be used in connection with the cases stated above

7   and this material shall be returned to counsel for the State of California at the conclusion of the

8   case.

9       8.    Without written permission from Defendants State of California, or a court order

10   secured after appropriate notice to all interested persons, a party may not file in the public record

11   in this action any protected material. A party may seek to file protected material under seal

12   according to local rules.

13       The information disclosed shall be delivered to Plaintiffs' counsel of record, who shall be

14   responsible for ensuring that the terms of this order are complied with.

15

16   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

17   Dated: ~~March~~ APRIL 1, 2008.          Law Offices of Mark W. Martel

18                                       By: _____

19                                           Mark W. Martel

20                                           Attorneys for Plaintiffs

21   Dated: ~~March~~ APRIL 2, 2008.          California Department of Justice

22                                         Office of the Attorney General

23                                         By: _____

24                                         Jennifer C. Addams, Deputy Attorney General

25                                         Attorneys for Defendants
State of California and Mike Rubino

26   ///

27   ///

28   ///

Stipulated Protective Order                                Case No. 107CV-096770

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   Dated: _____, 2008.

4

5                                           _____
                                            Judge of the Santa Clara County Superior Court
6

7

8

9

10

11

12

13

14   40233786.wpd
     SF2007403401
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Dwight Watson, et al. v. State of California, et al.*

No.    **107CV-096770**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 4, 2008, I served the attached **STIPULATED PROTECTIVE ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel
> Attorney at Law
> Law Offices of Mark Martel
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306

> *Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 4, 2008, at San Francisco, California.

| | |
|---|---|
| C. Deuel | *[signature]* |
| Declarant | Signature |

40237278.wpd

03/26/2008  14:18      650-470-2654              MARK MARTEL                    PAGE  03

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

Mark Martel, Esq.                    (650) 470-2650
Attorney At Law
423 Sherman Avenue
Suite 330
Palo Alto, CA  94305
Fax: (650) 470-2654
ATTORNEY FOR (Name):   Plaintiffs, WATSON

2008 MAR 27  P 1:44

M. Rosales

Insert name of court and name of judicial district and branch court, if any:
Superior Court of California
County of Santa Clara

PLAINTIFF/PETITIONER: Dwight Watson, Daniel Farias,
Lauren Watson and Nicole Watson
DEFENDANT/RESPONDENT: State of California, et al.

| | CASE NUMBER: |
|---|---|
| **REQUEST FOR DISMISSAL** | 107 CV-096770 |
| [X] Personal Injury, Property Damage, or Wrongful Death | |
|     [ ] Motor Vehicle    [ ] Other | |
| [ ] Family Law | |
| [ ] Eminent Domain | |
| [ ] Other (specify): | |

• A conformed copy will not be returned by the clerk unless a method of return is provided with the document. •

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [X] With prejudice     (2) [ ] Without prejudice
   b. (1) [ ] Complaint     (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                 on (date):
      (4) [ ] Cross-complaint filed by (name):                 on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify):* As to Defendant Frank St. Clair only.  Each party to bear
           their own attorneys fees and costs.

Date: March 26, 2008

Mark Martel, Esq.                                          ▸ *MARK MARTEL*
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)      (SIGNATURE)
                              Attorney or party without attorney for: D. Watson,
▸ If dismissal requested is of specified parties only, or of specified causes of   Daniel Farias, L. Watson, N. Watson
action only, or of specified cross-complaints only, so state and identify      [X] Plaintiff/Petitioner     [ ] Defendant/Respondent
the parties, causes of action, or cross-complaints to be dismissed.      [ ] Cross-complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:
                                  ▸
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)      (SIGNATURE)
** If a cross-complaint or Response (Family Law) seeking affirmative relief is on   Attorney or party without attorney for:
file, the attorney for cross-complainant (respondent) must sign this consent
if required by Code of Civil Procedure section 581(i) or (j).      [ ] Plaintiff/Petitioner     [ ] Defendant/Respondent
                                  [ ] Cross-complainant

(To be completed by clerk)
3. [X] Dismissal entered as requested on (date):           MAR 2 7 2008
4. [ ] Dismissal entered on (date):             as to only (name):
5. [ ] Dismissal not entered as requested for the following reasons (specify):

6. [X] a. Attorney or party without attorney notified on (date):    MAR 2 7 2008
      b. Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to conform    [ ] means to return conformed copy

Date:      MAR 2 7 2008      Clerk, by _____ M. Rosales _____, Deputy

Form Adopted for Mandatory Use      **REQUEST FOR DISMISSAL**      Code of Civil Procedure, § 581 et seq.;
Judicial Council of California                                         Cal. Rules of Court, rule 3.1390
CIV-110 [Rev. January 1, 2007]             Legal      Page 1 of 1
                                         Solutions
                                         & Plus

Re:   **Watson v. City of Mountain View**
      **U.S. District Court, Northern District Case No. C06-07767-RMW (RS)**

### PROOF OF SERVICE

I, the undersigned, declare that I am employed in the City of Walnut Creek,

State of California. I am over the age of 18 years and not a party to the within cause;

my business address is 2175 N. California Blvd., Suite 900, Walnut Creek, California.

On March 27, 2008, I served the following documents:

**REQUEST FOR DISMISSAL**

on the following interested party(s) in said cause:

| | |
|---|---|
| **Counsel for Plaintiffs**<br>Mark Martel<br>Attorney at Law<br>425 Sherman Avenue<br>Palo Alto, CA 94306<br>T: (650) 470-2650<br>F: (650) 470-2654<br>markmartel@aol.com | **Counsel for County of Santa Clara**<br>Mark F. Bernal<br>Office of County Counsel<br>70 West Hedding Street<br>East Wing, Ninth Floor<br>San Jose, CA 95110<br>T: (408) 299-5900<br>F: (408) 292-7240<br>Mark.bernal@cco.sccgov.org |
| **Counsel for David Mendez, Mike D'Antonio**<br>Timothy J. Schmal<br>Burton, Volkmann, Schmal<br>133 Mission Street, Suite 102<br>Santa Cruz, CA 95060<br>T: (831) 425-5023<br>F: (831) 427-3159<br>TSchmal@bvsllp.com | **Counsel for Glenn Albin**<br>Michael Dodson<br>Office of the City Attorney<br>200 East Santa Clara Street<br>San Jose, California 95113<br>T: (408) 535-1902<br>F: (408) 998-3131<br>Michael.dodson@sanjoseca.gov |
| **Counsel for Mike Rubino**<br>Jennifer Celeste Addams<br>Office of the Attorney General<br>455 Golden Gate Avenue, Ste. 11000<br>San Francisco, CA 94102<br>T: (415) 703-5382<br>F: (415) 703-5480<br>Jennifer.Addams@doj.ca.gov | **Co-Counsel for Plaintiffs**<br>K.C. Allan Waldron<br>Morrison & Foerster<br>755 Page Mill Road<br>Palo Alto, California 94304<br>kcwaldron@mofo.com |

### VIA MAIL

[ X ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above
        and placing each for collection and mailing on that date following ordinary business
        practices. I am readily familiar with my firm's business practice of collection and

---

processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Walnut Creek, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

[ ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Walnut Creek, California.

## VIA OVERNIGHT MAIL/COURIER

[ ]   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service, or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence/documents for overnight mail or overnight courier service, and that it is to be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

## VIA FACSIMILE

[ ]   By arranging for facsimile transmission from facsimile number 925-974-8601 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted via facsimile to the designated numbers in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error.

## VIA ELECTRONIC MAIL TRANSMISSION

[ ]   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission at the following addresses: markmartel@aol.com, Mark.bernal@cco.sccgov.org, TSchmal@bvsllp.com, Michael.dodson@sanjoseca.gov, Jennifer.Addams@doj.ca.gov, and jonathan.schmidt@usdoj.gov I caused the documents to be sent to the persons at the e-mail addresses listed above prior to 5:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 27, 2008, at Walnut Creek, California.

KIMBERLY N. SUTTON

**Superior Court of California, County of Santa Clara**
**Civil Division, 161 North First St.**
**San Jose, CA 95113**


TO:    Attorney General - San Francisco
       455 Golden Gate Avenue  Suite 11000
       San Francisco,  CA 94102


RE:  D. Watson, et al vs The State Of California, et al
Case Nbr:  1-07-CV-096770


### NOTICE RE: SANCTIONS/DISMISSAL PURSUANT TO CRC 3.110


You are hereby ordered to appear in this Court on:

Date: 05/01/08  At: 1002AM In: Dept 19

Civil Division, 161 North First St., San Jose, CA 95113

and show cause why sanctions should not be imposed or why the above entitled
case should not be dismissed for failure to serve summons and complaint as
required by California Rules of Court 3.110.

Failure to Serve Def Santa Clara County Specialized Inforcement Team


Any written opposition to the dismissal must be filed at least five (5) days
prior to the above scheduled hearing date.

COMPLIANCE WITH ALL STATE AND LOCAL RULES OF COURT IS MANDATORY.

---

Parties/Attorneys of Record:

CC: Mark William Martel , Mark Martel Law Offices
       425 Sherman Avenue, Suite 330, Palo Alto, CA 94306


If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD Californa Relay Service, (800)735-2922.


DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 03-18-08.  KIRI TORRE, Chief Executive Officer/Clerk by Lisa Wilson, Deputy.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark Martel, State Bar No. 147970<br>Attorney At Law<br>425 Sherman Avenue, #330<br>Palo Alto, CA 94306<br><br>TELEPHONE NO.: (650) 270-2650    FAX NO. *(Optional):* (650) 470-2654<br>E-MAIL ADDRESS *(Optional):* markmartel@aol.com<br>ATTORNEY FOR *(Name):* Plaintiff Dwight Watson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME: Downtown

PLAINTIFF/PETITIONER:  Dwight Watson

DEFENDANT/RESPONDENT:  State of California, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | 107 CV-096770 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: March 11, 2008    Time: 1:30 p.m.    Dept.: 8    Div.:    Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):*  Plaintiff Dwight Watson
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  February 6, 2008
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served *(specify names and explain why not):*
         Service of individual Defendants will be addressed after ruling on State's demurrer.
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑ complaint  ☐ cross-complaint    *(describe, including causes of action):*
      Civil Rights

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Dwight Watson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 107 CV-096770 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

    See Attachment 4b

    ☑ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request  ☑ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
  a.  ☐ The trial has been set for *(date):*
  b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
  c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
  a.  ☑ days *(specify number):*  10
  b.  ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
  a.  Attorney:
  b.  Firm:
  c.  Address:
  d.  Telephone number:
  e.  Fax number:
  f.  E-mail address:
  g.  Party represented:
  ☐ Additional representation is described in Attachment 8.

9. **Preference**
  ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
  a.  Counsel  ☑ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
  b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
  c.  ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: Dwight Watson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 107 CV-096770 |

10. d.    The party or parties are willing to participate in *(check all that apply):*
   (1) [✓] Mediation
   (2) [  ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) [  ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) [  ] Binding judicial arbitration
   (5) [  ] Binding private arbitration
   (6) [  ] Neutral case evaluation
   (7) [  ] Other *(specify):*

   e. [  ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. [  ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. [✓] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*
       Rule 3.811(b)(6), (8)

11. **Settlement conference**
   [  ] The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
   a. [  ] Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: [  ] Yes [  ] No
   c. [  ] Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   [  ] Bankruptcy [  ] Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**
   a. [✓] There are companion, underlying, or related cases.
       (1) Name of case: Watson v. Albin, et al.
       (2) Name of court: U.S. District Court, Northern District of California
       (3) Case number: Case No. C06-07767 RMW
       (4) Status: Trial set for May 19, 2008
       [  ] Additional cases are described in Attachment 14a.
   b. [  ] A motion to [  ] consolidate [  ] coordinate    will be filed by *(name party):*

15. **Bifurcation**
   [  ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
   [  ] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: Dwight Watson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 107 CV-096770 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery | April 2008 |
| Plaintiff | Fact witness depositions | August 2008 |
| Plaintiff | Expert Depositions | September 2008 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☑ none   ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: ____1____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 11, 2008

Mark Martel
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

| SHORT TITLE: Watson v. State of California, et al. | CASE NUMBER: 107 CV-096770 |
|---|---|

1  Attachment 4b

2  Plaintiff Dwight Watson lives in Campbell, CA with his extended family, including his brother-in-law

3  Curtis Farias who has been on probation for a drug offense.  On October 25, 2005, members of the Santa

4  Clara County Specialized Enforcement Team (SCCSET) -- a narcotics task force operated by the State of
   California Department of Justice, Bureau of Narcotics Enforcement -- went to the Watson/Farias

5  residence, detained Mr. Farias on suspicion of violating his parole, and entered the residence to conduct a

6  probation search of Mr. Farias' room and common areas in the house.  Mr. Watson was bedridden at the
   time with a painful back injury and sciatica.  He heard the SCCSET agents enter the house and announce

7  "probation sweep"; walked out of his bedroom down a hallway toward the officers; and said "you guys

8  must be here for Curt".  Mr. Watson did not know at that time that the officers had already detained Curtis
   Farias.  Mr. Watson walked slowly and haltingly because of his back injury.  Defendant Glen Albin

9  grabbed Mr. Watson by the wrist; pulled him out of the hallway; and began to handcuff him.  Mr. Watson

10 said "hey, I'm not Curt".  Agent Albin then threw Watson to the floor and repeatedly punched him in the
   face.  Albin then arrested Mr. Watson for resisting, delaying, obstructing, and assaulting a police officer.

11 Mr. Watson was tried by a jury in Santa Clara County Superior Court for these alleged crimes, and was
   quickly acquitted.  He has sued the State of California and the SCCSET agents for false arrest; illegal use

12 of force against him; malicious prosecution; and failure to adequately investigate the police action against

13 him.

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.        Page ___5___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

**PROOF OF SERVICE**
**PROOF OF SERVICE**

I am a resident of the United States and am employed in Santa Clara County. I am over the age of eighteen years and not a party to the action *Watson v. State of California, et al.* My business address is 425 Sherman Avenue #330, Palo Alto, CA 94306. On March 11, 2008, I served the following document:

**Plaintiffs' Case Management Statement**

by depositing the documents in the U.S. mail in a sealed envelope with First-Class postage prepaid, addressed as follows:

Jennifer C. Addams
State of California Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

and by faxing the document to Jennifer Addams at the following fax number: (415) 703-5380

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Palo Alto, California, on March 11, 2008.

_____
Teresa Moran

425 Sherman Ave., Suite 330
Palo Alto, CA  94306
Phone: 650-470-2650
Fax:  650-470-2654

# Mark Martel
# Attorney At Law

## F    A    X

| | |
|---|---|
| *Date:* March 11, 2008 | |
| *Send to:* Jennifer Addams | |
| *Recipient's phone:* (415) 703-5382 | |
| *Fax number:* (415) 703-5480 | |
| *From:* Mark Martel | |
| *Sender's phone:* (650) 470-2651 | |

TOTAL PAGES, INCLUDING COVER: 7

*Comments:*

*Watson v. State of California*, Case Management Statement

**Please hand deliver upon receipt**

THIS FACSIMILE CONTAINS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED INFORMATION.  IT IS
INTENDED FOR THE USE OF THE INDIVIDUAL ABOVE ONLY.  IF YOU HAVE RECEIVED THIS
FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY, SO THAT WE MAY
ARRANGE FOR THE RETURN OF THIS COMMUNICATION TO US AT NO COST TO YOU.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark Martel, State Bar No. 147970 Attorney At Law 425 Sherman Avenue, #330 Palo Alto, CA 94306 TELEPHONE NO.: (650) 270-2650   FAX NO. (Optional): (650) 470-2654 E-MAIL ADDRESS (Optional): markmartel@aol.com ATTORNEY FOR (Name): Plaintiff Dwight Watson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown

PLAINTIFF/PETITIONER: Dwight Watson

DEFENDANT/RESPONDENT: State of California, et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☑ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 107 CV-096770 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: March 11, 2008    Time: 1:30 p.m.    Dept.: 8    Div.:    Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party (name): Plaintiff Dwight Watson
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): February 6, 2008
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served (specify names and explain why not):
         Service of individual Defendants will be addressed after ruling on State's demurrer.
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint    ☐ cross-complaint    (describe, including causes of action):
      Civil Rights

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Dwight Watson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 107 CV-096770 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   See Attachment 4b

   [✓]  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request   [✓] a jury trial   [ ] a nonjury trial     *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  [ ]  The trial has been set for *(date):*
   b.  [✓]  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(If not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.  [✓] days *(specify number):*  10
   b.  [ ] hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  [✓]  by the attorney or party listed in the caption   [ ]  by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   [ ]  Additional representation is described in Attachment 8.

9.  **Preference**
   [ ]  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
   a.  Counsel  [✓] has  [ ] has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b.  [ ]  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c.  [ ]  The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: Dwight Watson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 107 CV-096770 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

   (1) ☑ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify)*:

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:
     Rule 3.811(b)(6), (8)

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

  a. ☑ There are companion, underlying, or related cases.

    (1) Name of case: Watson v. Albin, et al.

    (2) Name of court: U.S. District Court, Northern District of California

    (3) Case number: Case No. C06-07767 RMW

    (4) Status: Trial set for May 19, 2008

    ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Dwight Watson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 107 CV-096770 |

**17. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery | April 2008 |
| Plaintiff | Fact witness depositions | August 2008 |
| Plaintiff | Expert Depositions | September 2008 |

  c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**
  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
  a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
  Previous case management orders in this case are *(check one)*:  ☑ none  ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: _____1_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 11, 2008

Mark Martel
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Watson v. State of California, et al. | 107 CV-096770 |

1 | Attachment 4b

2

3  Plaintiff Dwight Watson lives in Campbell, CA with his extended family, including his brother-in-law
    Curtis Farias who has been on probation for a drug offense.  On October 25, 2005, members of the Santa

4  Clara County Specialized Enforcement Team (SCCSET) -- a narcotics task force operated by the State of
    California Department of Justice, Bureau of Narcotics Enforcement -- went to the Watson/Farias

5  residence, detained Mr. Farias on suspicion of violating his parole, and entered the residence to conduct a
    probation search of Mr. Farias' room and common areas in the house.  Mr. Watson was bedridden at the

6  time with a painful back injury and sciatica.  He heard the SCCSET agents enter the house and announce

7  "probation sweep"; walked out of his bedroom down a hallway toward the officers; and said "you guys
    must be here for Curt".  Mr. Watson did not know at that time that the officers had already detained Curtis

8  Farias.  Mr. Watson walked slowly and haltingly because of his back injury.  Defendant Glen Albin

9  grabbed Mr. Watson by the wrist; pulled him out of the hallway; and began to handcuff him.  Mr. Watson
    said "hey, I'm not Curt".  Agent Albin then threw Watson to the floor and repeatedly punched him in the

10 face.  Albin then arrested Mr. Watson for resisting, delaying, obstructing, and assaulting a police officer.

11 Mr. Watson was tried by a jury in Santa Clara County Superior Court for these alleged crimes, and was
    quickly acquitted.  He has sued the State of California and the SCCSET agents for false arrest; illegal use

12 of force against him; malicious prosecution; and failure to adequately investigate the police action against

13 him.

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___5___ |

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]              **ADDITIONAL PAGE**
                           **Attach to Judicial Council Form or Other Court Paper**                CRC 201, 501

## PROOF OF SERVICE
## PROOF OF SERVICE

    I am a resident of the United States and am employed in Santa Clara County.  I am over the age of eighteen years and not a party to the action *Watson v. State of California, et al.*  My business address is 425 Sherman Avenue #330, Palo Alto, CA 94306.  On March 11, 2008, I served the following document:

### Plaintiffs' Case Management Statement

by depositing the documents in the U.S. mail in a sealed envelope with First-Class postage prepaid, addressed as follows:

Jennifer C. Addams
State of California Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

and by faxing the document to Jennifer Addams at the following fax number:  (415) 703-5380

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed at Palo Alto, California, on March 11, 2008.

_____
Teresa Moran

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
5  Telephone:    (415) 703-5382
   Facsimile:    (415) 703-5480
6  E-mail: Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant State of California



8                  SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF SANTA CLARA

10

11  **Dwight Watson; Daniel Farias; Lauren**            Case No. 107CV-096770
    **Watson; and Nicole Watson,**
12                                                       **NOTICE OF DEMURRER TO**
                                       Plaintiffs,       **PLAINTIFFS' FIRST AMENDED**
13                                                       **COMPLAINT**

14                    v.                                 Date:      April 24, 2008
                                                         Time:      9:00 a.m.
15  **The State of California; Santa Clara County**      Department 19
    **Specialized Enforcement Team; and Does 1-50,**    The Honorable James Emerson
16                                                       Trial Date:    None Set
                                       Defendants.       Action Filed:  December 19, 2006

17

18      TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

19      PLEASE TAKE NOTICE that on April 24, 2008, at 9:00 a.m., in Department 19 of the

20  above-entitled Court, located at 191 North First Street, San Jose, California, Defendant State of

21  California will, and hereby does:

22      1.   Generally demur to the First Amended Complaint and each cause of action therein on

23  the grounds that it fails to allege facts sufficient to state a cause of action against the State

24  (C.C.P., § 430.10(e)).

25      2.   Generally demur to the First Amended Complaint and each cause of action therein on

26  the grounds that there is another action pending between the same parties on the same causes of

27  action (C.C.P., § 430.10(c)).

28      3.   Move for dismissal of this action and such other relief as the Court deems proper.

ATTORNEY GENERAL--OFFICE COPY

1

1    4.    In the alternative to a dismissal, move for a discretionary stay of this action until the

2    related federal action is completed.

3    This Demurrer is based upon this Notice of Demurrer and the accompanying Memorandum

4    of Points and Authorities, the accompanying Request for Judicial Notice, all matters of which the

5    Court must or may take judicial notice, all pleadings and papers on file herein, and on such

6    evidence and argument as the Court may allow.

7

8    Dated;    March 7, 2008.

9    Respectfully submitted,

10    EDMUND G. BROWN JR.
      Attorney General of the State of California

11    PAUL T. HAMMERNESS
      Supervising Deputy Attorney General

12

13

14    JENNIFER C. ADDAMS
      Deputy Attorney General

15    Attorneys for Defendant
      State of California

16

17

18

19

20    40217855.wpd
      SF2007403401

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL (ENDORSED)

2008 MAR 10 PM 1:20

Case Name:   *Dwight Watson, et al. v. State of California, et al.*

CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY. _____ A. FLORESCA _____ DEPUTY

No.   **107CV-096770**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 7, 2008, I served the attached **NOTICE OF DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel
> Attorney at Law
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
>
> *Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 7, 2008, at San Francisco, California.

| C. Deuel | C. Deuel |
|---|---|
| Declarant | Signature |

40226948.wpd

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
5  Telephone:    (415) 703-5382
   Facsimile:    (415) 703-5480
6  E-mail:  Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant
   State of California
8

9                SUPERIOR COURT OF CALIFORNIA

10                  COUNTY OF SANTA CLARA

11

12

13  Dwight Watson; Daniel Farias; Lauren          Case No. 107CV-096770
    Watson; and Nicole Watson,
14                                                **MEMORANDUM OF POINTS AND**
                                                  **AUTHORITIES IN SUPPORT OF**
15                              Plaintiffs,       **DEFENDANT STATE OF**
                                                  **CALIFORNIA'S DEMURRER TO**
16          v.                                    **PLAINTIFFS' FIRST AMENDED**
                                                  **COMPLAINT**
17  The State of California; Santa Clara County
    Specialized Enforcement Team; and Does 1-50,
18                                                Date:      April 24, 2008
                                Defendants.       Time:      9:00 a.m.
19                                                Department 19
                                                  The Honorable James C. Emerson
20                                                Trial Date:    None set
                                                  Action Filed:  December 19, 2006
21

22

23

24

25

26

27

28

(ENDORSED)

2008 MAR 10 PM 1:20

CHI_____ ___ ____/CLERK
S___ _____ _ _A
CO_____ ___ ___RA
_Y_____ _____UTY

A. FLORESCA

ATTORNEY GENERAL--OFFICE COPY

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | PROCEDURAL HISTORY | 3 |
| IV. | ARGUMENT | 4 |
|  | A.  A Demurrer is Proper in This Case | 4 |
|  | B.  As to the Fifth Cause of Action, No Subject Matter Jurisdiction Exists Over Plaintiffs' Civil Rights Cause of Action Because the State of California Is Not A "Person" Within the Meaning of 42 U.S.C. § 1983. | 5 |
|  | C.  Likewise, as to the Sixth Cause of Action, Plaintiffs' Claims of Violations Under California Civil Code Section 52.1 Fail Because the State is Not a "Person" | 6 |
|  | D.  The First Amended Complaint Fails to State a Claim Against the State Because Plaintiffs Have Failed to Allege a Statutory Basis for Liability | 7 |
|  | 1.  Plaintiffs Have No Theory of Statutory Liability | 7 |
|  | 2.  Plaintiffs' Fifth Cause of Action Fails Because There is No Statutory Mandatory Breach of Duty | 8 |
|  | 3.  The Santa Clara County Specialized Enforcement Team is Not a "Person" for the Purposes of 42 U.S.C. Section 1983 | 9 |
|  | E.  Plaintiffs' Seventh Cause of Action for "Intentional/Negligent Infliction of Emotional Distress Fails Under Government Code Section 821.6 | 10 |
|  | F.  Because there is A Similar Action Pending in Federal Court, This Concurrent State Court Action Cannot Be Pursued in the Interest of Justice. | 11 |
|  | G.  In the Alternative, Defendant is Entitled to a Discretionary Stay | 12 |
| V. | CONCLUSION | 12 |

i

P's&A's in Supp. of Def. State's Demurrer to Plfs' First Amend. Comp.    *Watson v. State, et al.*; 107CV-096770

1

# TABLE OF AUTHORITIES

2

Page

3  Cases

4  *Bernhard v. Bank of America*
    (1942) 19 Cal.2d 807             11

5

6  *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
    (1998) 68 Cal.App.4th 445       5

7  *Clemmer v. Hartford Insurance Co.*
    (1978) 22 Cal.3d 865           11

8

9  *Cobb v. O'Connell*
    (2005) 134 Cal.App.4th 91       4, 5

10  *Eastburn v. Regional Fire Protection Authority*
    (2003) 31 Cal.4th 1175         10

11

12  *Frantz v. Blackwell*
    (1987) 189 Cal.App.3d 91        5

13  *Gates v. Superior Court*
    (1995) 32 Cal.App.4th 481       7

14

15  *General Motors Corp. v. City and County of San Francisco*
    (1999) 69 Cal.App.4th 448       5

16  *Gonzales v. State of California*
    (1972) 29 Cal.App.3d 585       7

17

18  *Harshbarger v. City of Colton*
    (1988) 197 Cal.App.3d 1335     8

19  *Hernandez v. City of Pomona*
    (1996) 49 Cal.App.4th 1492     4

20

21  *Hervey v. Estes*
    (9th Cir. 1995) 65 F.3d 784     9

22  *Jenkins v. County of Orange*
    (1980) 212 Cal.App.3d 278     10

23

24  *Johnson v. City of Pacifica*
    (1970) 4 Cal.App.3d 82       10

25  *Kayfetz v. State of California*
    (1984) 156 Cal.App.3d 491     10

26

27  *Kemmerer v. County of Fresno*
    (1988) 200 Cal.App.3d 1426     10

28

**TABLE OF AUTHORITIES** (continued)

Page

*Marshall v. Gibson, Dunn & Crutcher*
(1995) 37 Cal.App.4th 1397                                              5

*McKenzie v. Lamb*
(9th Cir. 1984) 738 F.2d 1005                                           6

*Monell v. New York City Department of Social Services*
(1978) 436 U.S. 658                                                    6

*Moore v. Regents of University of California*
(1990) 51 Cal.3d 120                                                   5

*Morris v. State of California*
(1979) 89 Cal.App.3d 962                                               7

*Munoz v. City of Union City*
(2004) 120 Cal.App.4th 1077                                           8

*People v. Taylor*
(1974) 12 Cal.3d 686                                                  12

*Peterson v. San Francisco Community College Dist.*
(1984) 36 Cal.3d 799                                                   8

*Rodriguez v. Inglewood Unified School Dist.*
(1986) 186 Cal.App.3d 707                                             8

*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.*
(1962) 58 Cal.2d 601                                                  12

*Thaler v. Household Finance Corp.*
(2000) 80 Cal.App.4th 1093                                            5

*Tolan v. State of California ex rel. Dept. of Transportation*
(1979) 100 Cal.App.3d 980                                             7

*Van Kempen v. Hayward Area Park Dist.*
(1972) 23 Cal.App.3d 822                                              7

*Will v. Michigan Dept. of State Police*
(1988) 491 U.S. 58                                                    5, 6

*Williams v. Horvath*
(1976) 16 Cal.3d 834                                                   7

*Zelig v. County of Los Angeles*
(2002) 27 Cal.4th 1112                                                10

///

///

# TABLE OF AUTHORITIES  (continued)

| | Page |
|---|---|
| **Statutes** | |
| 42 U.S.C. | |
| § 1983 | 2-6, 9 |
| California Civil Code | |
| § 52.1 | 2-4, 6, 7 |
| Code of Civil Procedure | |
| § 430.10(c) | 11 |
| § 430.30 | 4 |
| § 430.50 | 4 |
| § 923 | 12 |
| Government Code | |
| § 815 | 7, 8 |
| § 815.2 | 10 |
| § 815.2(b) | 8, 9 |
| § 815.6 | 8 |
| § 815(a) | 7 |
| § 820 | 10 |
| § 820.2 | 9, 10 |
| § 821.6 | 10 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone:    (415) 703-5382
     Facsimile:    (415) 703-5480
6    E-mail: Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant State of California

8                  SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SANTA CLARA

10

11 | **Dwight Watson; Daniel Farias; Lauren** | Case No. 107CV-096770
   | **Watson; and Nicole Watson,** |
12 |                                   | **MEMORANDUM OF POINTS AND**
   |                                   | **AUTHORITIES IN SUPPORT OF**
   |                   Plaintiffs,     | **DEFENDANT STATE OF**
13 |                                   | **CALIFORNIA'S DEMURRER TO**
   |       v.                          | **PLAINTIFFS' FIRST AMENDED**
14 |                                   | **COMPLAINT**
   | **The State of California; Santa Clara County** |
15 | **Specialized Enforcement Team; and Does 1-** | Date:      April 24, 2008
   | **50,**                           | Time:      9:00 a.m.
16 |                                   | Department 19
   |                   Defendants.     | The Honorable James Emerson
17 |                                   | Trial Date:    None set
18 |                                   | Action Filed:  December 19, 2006

19                              **I.**

20                        **INTRODUCTION**

21        In December of 2006, Plaintiffs Dwight Watson and his children, Daniel Farias, Nicole

22 Watson, and Lauren Watson, filed an action in the United States District Court, Northern District

23 of California, against the State of California, a handful of other public entities, and several law

24 enforcement officers. The basis for the suit was the arrest of Dwight Watson. The family

25 claimed unlawful arrest, excessive use of force, battery, malicious prosecution, violation of

26 constitutional rights, and negligent and intentional infliction of emotional distress. There was

27 also a single cause of action against Santa Clara County only for failure to provide medical

28 treatment. On May 25, 2007, the Honorable Ronald Whyte granted Defendant State of

                                    1

1  California's motion to dismiss the State from this federal action. Plaintiffs now bring almost the

2  same action (minus the cause of action for failure to provide medical treatment), based on the

3  exact same facts, against the State of California and the same police officer defendants in this

4  Superior Court.

5      This is not a proper action to bring against the State of California. Against the State of

6  California, the First Amended Complaint ("FAC") brings claims of: "Excessive Force/

7  Ratification" under 42 U.S.C. § 1983, a violation of Plaintiff Dwight Watson's and Plaintiff

8  Daniel Farias' civil rights under California Civil Code section 52.1, and negligent and intentional

9  infliction of emotional distress. This FAC cannot stand against the State of California because

10  the State of California is not a "person" within the meaning of 42 U.S.C. § 1983, and thus no

11  subject matter jurisdiction exists. To the extent that Plaintiffs bring this action for "ratification,"

12  no *Monell* action can exist against the State of California, again, because the State is not a

13  "person." The State is also not a "person" for the purposes of California Civil Code section 52.1

14  or for the purposes of liability for emotional distress. In addition, the First Amended Complaint

15  fails to state a claim against the State because Plaintiffs have failed to allege a statutory basis for

16  liability. Res judicata issues arise because there is a similar action pending in federal court.

17  Thus, this concurrent state court action cannot be pursued in the interest of justice. The State of

18  California, therefore, brings this demurrer on these grounds and requests that it be sustained

19  without leave to amend. In the alternative, the State requests a discretionary stay in the state

20  court action until the federal court action is complete.

21                                              II.

22                              **STATEMENT OF FACTS**

23      On October 25, 2005, Curtis Farias was on probation and had a search condition in the

24  terms of his probation. Mr. Farias lived in a house at 74 Decorah Lane in Campbell, California,

25  with his parents Ann and Earnest Farias, his sister Margaret Farias, and Plaintiff Dwight Watson,

26  whom Margaret considered her common-law husband. Also living in the house were Margaret's

27  and Dwight's children, Plaintiff Lauren Watson, Plaintiff Nicole Watson, and Plaintiff Daniel

28  Farias, as well as Probationer Curtis' brother Richard Farias and a family friend Mike. Because

                                              2

1  Curtis had access to this entire house, under the terms of his probation, law enforcement had the

2  right to search the house and, in fact, had done so multiple times in the past.

3       During the month of October 2005, the Santa Clara County Specialized Enforcement Team

4  (SCCSET) received information that Curtis Farias was active in the sales of narcotics at his

5  residence.  SCCSET team members were Commander Mecir, Agents Albin, D'Antonio,

6  St. Clair, Munoz, and Rubino, as well as Campbell Police Department Officers Pulliam, Cutler,

7  and Melcher.

8       Agents D'Antonio and Rubino arrested Curtis Farias when he drove away from the subject

9  residence at approximately 7:00 p.m.  The two officers then joined the rest of the SCCSET at

10  Curtis' residence for the search.  All SCCSET officers were dressed in full raid gear with jackets

11  identifying them as police officers.  The Campbell police officers were dressed in full police

12  uniform.

13       During this probation search, a struggle ensued between Dwight Watson and officers from

14  SCCSET.  Another scuffle occurred when Dwight Watson's son, Daniel Farias, put himself in

15  danger of being hurt by jumping into the fray.

16       Dwight Watson was arrested for battery and resisting arrest.

17                                            **III.**

18                            **PROCEDURAL HISTORY**

19       On December 19, 2006, Plaintiffs Dwight Watson, Daniel Farias, Lauren Watson, and

20  Nicole Watson filed an action in the United States District Court, Northern District of California,

21  against police officers Glenn Albin, David Mendez, Frank St. Clair, Mike D'Antonio, and Mike

22  Rubino, as well as Santa Clara County, the Santa Clara County Sheriff's Department, and the

23  State of California.  (Complaint attached hereto as Exhibit 1.)  The lawsuit was based on the

24  arrest of Dwight Watson.  It alleged 10 causes of action, three against the State of California:

25  unlawful arrest under 42 U.S.C. § 1983, malicious prosecution under 42 U.S.C. § 1983, and

26  violation of civil rights under California Civil Code section 52.1.

27       The State of California brought a motion to dismiss the Complaint against it on February 23,

28  2007.  On May 27, 2007, the District Court granted the motion.

<center>3</center>

1    On October 17, 2007, Plaintiffs filed an action against the State of California and the Santa

2 Clara County Specialized Enforcement Team in Santa Clara County Superior Court. (Complaint

3 attached hereto as Exhibit 2.) On January 7, 2008 the State demurred to the Complaint. On

4 February 6, 2007, Plaintiffs filed this First Amended Complaint adding two causes of action

5 against the State and adding the same officer defendants as were named in the District Court

6 action. (First Amended Complaint attached hereto as Exhibit 3.) This action arises out of the

7 identical facts brought in the District Court action. Plaintiffs allege seven causes of action: false

8 arrest under 42 U.S.C. § 1983 against the Officers Albin, Mendez, D'Antonio, and Rubino; false

9 arrest under "state law" against Officers Albin, Mendez, D'Antonio, and Rubino; battery against

10 Officer Albin; battery against Officer St. Clair; excessive use of force/ratification under

11 42 U.S.C. § 1983 against the State; violation of civil rights under California Civil Code section

12 52.1 against the State and all peace officer defendants; and "intentional/negligent infliction of

13 emotional distress" against the State and all officer defendants.

14                                                 **IV.**

15                                           **ARGUMENT**

16    The State of California demurs to Plaintiffs' First Amended Complaint because the three

17 causes of action brought against it: the fifth cause of action for excessive force/ratification, the

18 sixth cause of action for a violation of constitutional and civil rights under 52.1, and the seventh

19 cause of action for intentional and negligent emotional distress, are not proper claims against the

20 State of California.

21 **A.  A Demurrer is Proper in This Case**

22    A demurrer tests the legal sufficiency of a complaint or any of the causes of action

23 contained therein. (*Cobb v. O'Connell* (2005) 134 Cal.App.4th 91, 95 [quoting *Hernandez v.*

24 *City of Pomona* (1996) 49 Cal.App.4th 1492, 1497]; Code Civ. Proc., § 430.50 ("A demurrer to a

25 complaint or cross-complaint may be taken to the whole of the complaint or cross-complaint or

26 to any of the causes of action stated therein"). The basis for a demurrer includes any ground for

27 objection which appears on the face of the complaint, including any exhibits attached to the

28 complaint, as well as any matter which the court is required to or may take judicial notice. (Code

                                                4

1  Civ. Proc., § 430.30; *Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1101

2  [citing *Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 94].)

3       When ruling on a demurrer, the court "assume[s] the truth of all facts properly pleaded in

4  the complaint and its exhibits or attachments, as well as those facts that may fairly be implied or

5  inferred from the express allegations." (*Cobb, supra,* 134 Cal.App.4th at 95 [citing *Marshall v.*

6  *Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403].) The court "do[es] not, however,

7  assume the truth of contentions, deductions, or conclusions of fact or law." (*Cobb, supra,* 134

8  Cal.App.4th at 95 [quoting *Moore v. Regents of University of California* (1990) 51 Cal.3d 120,

9  125].)

10      "Where the nature of plaintiff's claim is clear, and under substantive law no liability exists, a

11  court should deny leave to amend because no amendment could change the result." (*City of*

12  *Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459-

13  460.) The plaintiff bears the burden of demonstrating the manner in which his or her complaint

14  might be amended. (*Ibid.*)

15      As fully explained below, Plaintiffs have brought an action that cannot be sustained against

16  the State of California. Under substantive law, no liability for the State of California exists as to

17  the allegations Plaintiffs are making. Therefore, the court should sustain this demurrer without

18  leave to amend because no amendment could change the result.

19  **B.  As to the Fifth Cause of Action, No Subject Matter Jurisdiction Exists Over**
    **Plaintiffs' Civil Rights Cause of Action Because the State of California Is Not A**
20  **"Person" Within the Meaning of 42 U.S.C. § 1983.**

21      In the fifth cause of action, Plaintiffs allege that the State of California violated Plaintiffs'

22  civil rights pursuant to 42 U.S.C. § 1983. States and state officials acting in their official

23  capacities are not "persons" subject to 42 U.S.C. § 1983 claims, however. (*Will v. Michigan*

24  *Dept. of State Police* (1988) 491 U.S. 58; *General Motors Corp. v. City and County of San*

25  *Francisco* (1999) 69 Cal.App.4th 448, 458.) This issue is pertinent to the other causes of action

26  as well.

27      Violation of a plaintiff's rights under federal law gives rise to a cause of action for damages

28  under section 1983 of the Civil Rights Act, which provides that "[e]very *person* who, under color

5

P's&A's in Supp. of Def. State's Demurrer to Plfs' First Amend. Comp.    *Watson v. State. et al.*: 107CV-096770

1  of [state law],...[deprives] any citizen of the United States...of any rights, privileges, or

2  immunities secured by the Constitution and laws, shall be liable to the party injured..."

3  (*McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984) citing 42 U.S.C. § 1983; emphasis

4  added.)

5      The Supreme Court in *Will v. Michigan Dept. of State Police, supra*, 491 U.S. at 66 stated

6  that although section 1983 provides a federal forum to remedy deprivations of civil liberties, "...It

7  does not provide a federal forum for the litigants who seek a remedy against a state for alleged

8  deprivations of civil liberties." The Court went on to apply this concept to rights in a State

9  Court. Discussing the prior *Monell* decision (*Monell v. New York City Department of Social*

10 *Services* (1978) 436 U.S. 658 - stating that municipalities are "persons" for 42 U.S.C. section

11 1983 purposes), the Court concluded that states are not included with municipalities.

12         Finally, *Monell* itself is not to the contrary. True, prior to *Monell* the court
           had reasoned that if municipalities were not persons, then surely states also
13         were not. (Citation) And *Monell* overruled *Monroe*, undercutting that logic.
           *But it does not follow that if municipalities are persons then so are states.*
14         States are protected by the Eleventh Amendment while municipalities are
           not."
15
   *Will, supra, 491 U.S.* at 70. Emphasis added.
16

17      Plaintiffs cannot maintain their fifth cause of action against the State of California because it

18 arises out of 42 U.S.C. section 1983. Accordingly, the fifth cause of action fails.

19 **C.   Likewise, as to the Sixth Cause of Action, Plaintiffs' Claims of Violations Under**
   **California Civil Code Section 52.1 Fail Because the State is Not a "Person"**
20

21 California Civil Code section 52.1 states:

22         (a) If a person or persons, whether or not acting under color of law,
           interferes by threats, intimidation, or coercion, or attempts to interfere by
23         threats, intimidation or coercion, with the exercise or enjoyment by any
           individual or individuals or rights secured by the Constitution or laws of the
24         United States, or of the rights secured by the Constitution or laws of this
           state, the Attorney General, or any district attorney or city attorney may bring
25         a civil action for injunctive and other appropriate equitable relief...

26         (b) any individual whose exercise or enjoyment of rights secured by the
           Constitution or laws of the United States, or of rights secured by the
27         Constitution or laws of this state, has been interfered with, or attempted to be
           interfered with, as described in subdivision (a), may institute and prosecute
28         in his or her own name and on his or her own behalf a civil action for
           damages...

6

1    Plaintiffs cannot maintain their claim under Civil Code section 52.1 against the State of

2   California because the plain language of that section specifies that only a "person or persons" can

3   be liable under the section. As fully argued above, the State of California is not a "person" who

4   can interfere with threats, intimidation, or coercion. Plaintiffs' Sixth Cause of Action against the

5   State of California fails.

6   **D.   The First Amended Complaint Fails to State a Claim Against the State Because Plaintiffs Have Failed to Allege a Statutory Basis for Liability**

7

8       **1.   Plaintiffs Have No Theory of Statutory Liability**

9       The California Tort Claims Act decrees that all state tort liability is dependent on

10  statute. (Gov. Code, § 815(a); *Williams v. Horvath* (1976) 16 Cal.3d 834, 838; *Morris v. State of*

11  *California* (1979) 89 Cal.App.3d 962, 964; *Gonzales v. State of California* (1972) 29 Cal.App.3d

12  585, 591.) Thus, it is well-settled that California public entities are liable, if at all, only pursuant

13  to a specific statute imposing liability. (*Tolan v. State of California ex rel. Dept. of*

14  *Transportation* (1979) 100 Cal.App.3d 980, 986.) As explained by the California Supreme Court

15  in *Williams v. Horvath*:

16      Government Code § 815 restores sovereign immunity in California except as provided in the Tort Claims Act or other statute. Thus, the intent of the act is

17      not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated

18      circumstances . . . .

19  *Williams, supra,* 16 Cal.3d at 848. (*See also Gates v. Superior Court* (1995) 32 Cal.App.4th 481,

20  495.)

21      In the First Amended Complaint, Plaintiffs allege liability against the State of

22  California based on a violation of constitutional and civil rights, and common law allegations of

23  "intentional/negligent infliction of emotional distress." Plaintiffs do not, however, set forth a

24  statutory basis of liability. Such allegations will not lie against the State of California or its

25  departments. Because, as set forth above, the exclusive basis of public entity liability is

26  statutory, a cause of action based upon general negligence and other common law liability cannot

27  be maintained against State agencies. (*Tolan, supra,* 100 Cal.App.3d at 986 (no common law

28  products liability theory); *Van Kempen v. Hayward Area Park Dist.* (1972) 23 Cal.App.3d 822,

7

P's&A's in Supp. of Def. State's Demurrer to Plfs' First Amend. Comp.    *Watson v. State, et al.*; 107CV-096770

1   825 (public entities are not liable for common law negligence). Any direct negligence theory

2   advanced by Plaintiffs in this matter is not grounded on a violation of statutory duty by the public

3   entity under Government Code section 815. (*Munoz v. City of Union City* (2004) 120

4   Cal.App.4th 1077, 1082.)

   **2.  Plaintiffs' Fifth Cause of Action Fails Because There is No Statutory
       Mandatory Breach of Duty**

7   Also without reference to any statute, Plaintiffs allege in the First Amended Complaint:

> Defendants the State of California and SCCSET have effectively condoned
> and ratified the excessive use of force against Dwight Watson and Daniel
> Farias by failing to thoroughly investigate it, punish those responsible and
> modify their training, procedures and policies to prevent the recurrence of
> similar acts of excessive force against individuals. By ratifying and
> condoning the excessive use of force against Dwight Watson, Daniel Farias,
> and others, Defendants have encouraged future excessive force.

12  (Plaintiffs' First Amended Complaint for Damages, p. 9, ¶ 58, lines 16-22.)

13  A general claim for negligence, of the type asserted here, cannot be maintained against

14  the State or its employees without the existence of a statutory mandatory duty that was allegedly

15  breached. This is because there is no common law liability against the State and its employees.

16  Absent a statute declaring liability of public entities or employees, there can be no liability.

17  (Gov. Code, §§ 815, 815.2(b); *Peterson v. San Francisco Community College Dist.* (1984) 36

18  Cal.3d 799, 809.)

19  While a public entity may be liable for failure to carry out a mandatory duty (see Gov.

20  Code, § 815.6), it is not liable for common law negligence, even if a duty of care is found.

21  (*Rodriguez v. Inglewood Unified School Dist.* (1986) 186 Cal.App.3d 707, 715.)

22  Claims for negligent supervision and hiring have been routinely rejected by the courts.

23  In *Harshbarger v. City of Colton* (1988) 197 Cal.App.3d 1335, plaintiffs alleged that the city

24  should be held liable for its negligence in failing to supervise its employees and for its negligence

25  in hiring them. The court firmly rejected this argument, noting that the plaintiffs "cite no case,

26  nor has our research revealed any, in which a public entity has been held liable for negligent

27  hiring or supervision..." (*Id.*, at 1348.) Here, as well, Plaintiffs cite to no case nor set forth any

28  statutory basis for liability.

8

1    Furthermore, claims for negligent hiring, training, and supervision are also barred by

2  the discretionary immunity set forth in Government Code section 820.2 (and made applicable to

3  public entities by Gov. Code, § 815.2(b)) which provides that "a public employee is not liable for

4  an injury resulting from his act or omission where the act or omission as the result of the exercise

5  of the discretion vested in him, whether or not such discretion be abused." In this case, the

6  personnel and training decisions of any entity that Plaintiffs may be referring to are inherently

7  discretionary activities. There is no single way to supervise or train law enforcement officers,

8  and the manner in which the state agency has decided to do so is discretionary and immune from

9  liability. Thus, these causes of action fail.

10    3.    **The Santa Clara County Specialized Enforcement Team is Not a "Person" for the Purposes of 42 U.S.C. Section 1983**

11

12    If Plaintiffs are alleging that somehow the State of California is liable through the

13  Santa Clara County Specialized Enforcement Team, they are incorrect. In *Hervey v. Estes* (9th

14  Cir. 1995) 65 F.3d 784, the Ninth Circuit concluded that just as the State is not a "person" for the

15  purposes of 42 U.S.C. section 1983, neither is a law enforcement team. In *Hervey*, the plaintiff

16  appealed the lower court's conclusion that the Tahoma Narcotics Enforcement Team ("TNET")

17  made up of "various local, county and state agencies with authority to investigate suspected drug

18  operations" was not liable in her action for Fourth Amendment violations. The Ninth Circuit

19  concluded that "TNET is not a person *or an entity* subject to suit under 1983." (*Hervey, supra,*

20  65 F.3d at 786, 791.) Absent a state law or document intending TNET to be a formal

21  independent entity, it is not an entity subject to suit. (*Id.* at 792.)

22    Here, as in *Hervey*, the SCCSET is not a formal, independent entity. Its member

23  entities retain responsibility for the employment, salary, benefits, and terms and conditions of its

24  employees. The SCCSET is not a "person" for the purposes of suit. Of course, the law allows

25  the component members of such and entity to be sued, but not the SCCSET itself. (*Id.* at 792.)

26  Plaintiffs have already brought suit in federal court against SCCSET's component members.

27  Any suit, therefore, against the State by way of the SCCSET, fails.

28  ///

9

E.   **Plaintiffs' Seventh Cause of Action for "Intentional/Negligent Infliction of Emotional Distress Fails Under Government Code Section 821.6**

Plaintiffs' seventh cause of action against the State of California is for "Intentional/ Negligent Infliction of Emotional Distress." Although Government Code section 821.6 specifically defeats suits for malicious prosecution, it is not limited to such causes of action. (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1436.) Government Code section 821.6 bars actions for libel, slander, negligence and intentional infliction of emotional distress, among others. (*Kemmerer, supra*, 200 Cal.App.3d at 1436; *Jenkins v. County of Orange* (1980) 212 Cal.App.3d 278, 283; *Johnson v. City of Pacifica* (1970) 4 Cal.App.3d 82, 87; *Kayfetz v. State of California* (1984) 156 Cal.App.3d 491.)

Again, as argued fully above, the State and the SCCSET are not "person[s]." Thus, the state cannot be held liable, or even contemplated as the "actor" inflicting negligent or intentional emotional distress. Then, Government Code section 815.2 states that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune to liability. Any state actor is immune from liability in this case pursuant to Government Code section 820.2 which states,

> Except as otherwise provided by statute, a pubic employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him *whether or not such discretion be abused.*

Any state actor would be immune in this case, as would the state.

In *Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, the California Supreme Court discussed the application of Government Code section 820 to public entity. Citing to *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, the Court stated:

> At oral argument, plaintiff's counsel suggested that Government Code section 820, subdivision (a) applied. But that section provides only that public employees are liable for injuries from their acts or omissions in the scope of their employment to the same extent as private persons, unless otherwise provided by statute. As we recently observed, no similar provision makes public *agencies* liable for their own negligent conduct or omission to the same extent as a private person or entity. (Citation.) (Emphasis in original.)

1    Similarly, here, Plaintiffs are attempting to place liability on the State for alleged negligent

2    conduct. Under clearly established law, this cannot be done. Logically, also, it does not follow

3    that the State of California could inflict the harm Plaintiffs suggest. Plaintiffs' seventh cause of

4    action fails.

5    **F.   Because there is A Similar Action Pending in Federal Court, This Concurrent State Court Action Cannot Be Pursued in the Interest of Justice.**

6

7    Even if the above causes were not enough to warrant dismissal of Plaintiffs' First Amended

8    Complaint, there is also a potential res judicata issue brought by this First Amended Complaint.

9    As stated by the California Supreme Court:

10           The doctrine of res judicata precludes parties or their privies from relitigating
             a cause of action that has been finally determined by a court of competent

11           jurisdiction. Any issue necessarily decided in such litigation is conclusively
             determined as to the parties or their privies if it is involved in a subsequent

12           lawsuit on a different cause of action. ... The rule is based upon the sound
             public policy of limiting litigation by preventing a party who has had one fair

13           trial on an issue from again drawing it into controversy. ... The doctrine
             also serves to protect persons from being twice vexed for the same cause.

14
     *Bernhard v. Bank of America* (1942) 19 Cal.2d 807, 810-811.

15

16    The State was served with the federal Complaint, attached hereto as Exhibit 1 [judicial

17    notice requested thereof], brought by Plaintiffs herein against the State of California and

18    California Highway Patrol Officer Mike Rubino, as well as other public entity defendants, on

19    December 19, 2006. The causes of action arising from the same incident alleged by the Plaintiffs

20    in the First Amended Complaint at issue are the same as those brought in Plaintiffs' federal

21    action. On May 27, 2007, the State was dismissed from the federal action. Although the federal

22    case is proceeding without the participation of the State, a determination therein is likely to result

23    in conclusive issues of fact against Plaintiffs (collateral estoppel), and if both actions are allowed

24    to proceed, then conflicting judgments or a double recovery could occur. (Code Civ. Proc.,

25    § 430.10(c).) In addition, and perhaps most importantly, Plaintiffs have full and fair opportunity

26    to present their case in the corresponding federal action.

27    Res judicata promotes judicial economy by minimizing repetitive litigation, preventing

28    inconsistent judgments, and protecting against vexatious litigation. (*Clemmer v. Hartford*

11

1   Insurance Co. (1978) 22 Cal.3d 865, 875 *citing People v. Taylor* (1974) 12 Cal.3d 686, 695;

2   *Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601.)  Allowing Plaintiffs to

3   sustain an action in federal court, as well as one in state court for the same causes of action, is a

4   waste of the court's resources.  These issues are not correctable by amending the First Amended

5   Complaint.  This demurrer should be sustained and the State dismissed from the action.

6   **G.   In the Alternative, Defendant is Entitled to a Discretionary Stay**

7   In the alternative to dismissing this action, Defendant respectfully requests a stay until there

8   is an outcome in the federal action.  Code of Civil Procedure section 923 states, "The provisions

9   of this chapter shall not limit the power of a reviewing court or of a judge thereof to...make any

10  order appropriate to preserve the status quo, the effectiveness of the judgment subsequently to be

11  entered or otherwise in aid of its jurisdiction."  This court has the discretion to stay the action

12  until the outcome of the federal action is known.  Defendant contends, however, this demurrer

13  should be sustained without leave to amend and this First Amended Complaint dismissed.

14  <center>V.</center>

15  <center>**CONCLUSION**</center>

16  Plaintiffs' action against the State of California in the Superior Court of California is not

17  proper.  It is not sustainable because Plaintiffs have failed to state a claim for relief, failed to

18  allege a statutory basis for bringing the action, are alleging that the state is a "person" under 42

19  U.S.C. § 1983, which it is well settled that it is not, and are asking this court to proceed with a

20  case that may run afoul of res judicata.  Defendant State of California thus demurs to this First

21  Amended Complaint based on these reasons and asks that the demurrer be sustained without

22  leave to amend.

23  Dated:  March 7, 2008.                 Respectfully submitted,

24                                          EDMUND G. BROWN JR.
                                            Attorney General of the State of California
25

26                                          JENNIFER C. ADDAMS
                                            Deputy Attorney General
27

28                                          Attorneys for Defendant State of California

40226761.wpd
SF2007403401

<center>12</center>

EXHIBIT 1

DEC-10-2007(MON) 12:17    ON   ~AL, INC.              (FAX   )+873+0984      P. 003/015

12/07/2007  16:49    650-470-2654         MARK MARTEL              PAGE  02

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
The State of California; Santa Clara County Specialized Enforcement
Team; and Does 1-50

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
Dwight Watson, Daniel Farias, Lauren Watson, and Nicole Watson

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER (Número del Caso): 1-07-CV-096770 |
|---|---|

Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark Martel
425 Sherman Avenue, Suite 330, Palo Alto, CA 94306        Tel: (650) 470-2650

| DATE: (Fecha): | Clerk, by (Secretario) | , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  The State of California

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other (specify): Public Entity

4. ☐ by personal delivery on (date):

Page 1 of 1

DEC-10-2007(MON) 12:17    ON    5AL, INC.    (FAX)    0+873+0984    P. 004/015

12/07/2007  16:49    650-470-2654    MARK MARTEL    PAGE  04

1  Mark Martel, State Bar No. 147970
   Attorney At Law
2  425 Sherman Ave. #330
   Palo Alto, CA 94306
3  Tel: (650) 470-2650
   Fax: (650) 470-2654
4  e-mail: markmartel@aol.com

5  Attorney for Plaintiffs Dwight Watson, Daniel Farias,
   Lauren Watson, and Nicole Watson

6

7

OCT 17 '07

J. Zenzen

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren     Case No. 1 0 7 C V - 0 9 6 7 7 0
    Watson; and Nicole Watson,
12                                           COMPLAINT FOR DAMAGES
                  Plaintiffs,
13

14              v.

15  The State Of California; Santa Clara County
    Specialized Enforcement Team; and Does 1-50,
16
                  Defendants.
17

18                             INTRODUCTION

19      1. On October 25, 2005, Plaintiff Dwight Watson was home in bed, with a severely herniated

20  disc in his lower back and a painful case of sciatica. Mr. Watson lived with his wife Margaret Farias,

21  their three minor children, his wife's elderly parents, and his wife's brother Curtis Farias, who was

22  on probation for a drug offense. Unbeknownst to Mr. Watson and his family, Curtis Farias had

23  recently been detained outside of the house by agents of the Santa Clara County Specialized

24  Enforcement Team (SCCSET). After detaining Mr. Farias, the SCCSET officers entered the

25  Farias/Watson house to conduct a probation search for further evidence against Curtis Farias. When

26  Mr. Watson got out of bed to see what was happening, SCCSET Agent Glen Albin began to

27  handcuff him. Mr. Watson said that he was not Curtis Farias. Agent Albin apparently did not like

28  Mr. Watson questioning Albin's action, and threw Mr. Watson to the floor. He then punched Mr.

Watson in the face repeatedly while he was on the floor; and dug his knees into Mr. Watson's lower back, causing him excruciating pain because of his herniated disc.

2. Mr. Watson's stepson Daniel Farias shouted "what are you doing? That's my dad!". SCCSET Agent St. Clair took Daniel to the floor and handcuffed his hands behind his back. When Daniel tried to raise his head to see what was happening to his father, Agent St. Clair hit Daniel's head against the floor, causing a large bump on his forehead. Defendants then falsely charged Mr. Watson with resisting and/or delaying a peace officer in the performance of his duties. At least three officers then wrote police reports that falsely stated that Mr. Watson had struggled with the officers and attempted to strike SCCSET Agent Albin.

3. Mr. Watson was jailed for three weeks on the false charges against him. During that time he was in such pain from the herniated disc in his back and associated sciatica, aggravated by Defendants' use of force against him, that he could barely walk. His jailers nevertheless refused to allow him to take his prescribed medication for his sciatica.

4. No action was taken against any of the SCCSET agents for their illegal actions against Mr. Watson and his family.

5. In March 2006, the Santa Clara County District Attorney attempted to convict Mr. Watson on the false charges of resisting and battery on a police officer. The jury acquitted Mr. Watson on both charges after deliberating for less than half an hour.

## JURISDICTION AND VENUE

6. All events alleged herein occurred in the County of Santa Clara, California.

7. Within six months of the events subject of this lawsuit, Plaintiffs filed a claim against the State of California in accordance with California Government Code §910 et seq. The State of California rejected Plaintiffs' claim on August 23, 2007. Plaintiffs are filing this action within six months of Defendants' rejection of Plaintiffs' claims, as required by California Government Code §945.6.

## PARTIES

8. Plaintiff Dwight Watson is an individual who lives with his extended family in Campbell,

DEC-10-2007(MON) 12:17   ON   SAL, INC.   (FAX.   0+873+0984   P. 006/015

12/07/2007  16:49   650-478-2554   MARK MARTEL   PAGE  06

1  California. He is the common law husband of Margaret Farias, and the father of Daniel Farias,

2  Lauren Watson and Nicole Watson. At all times mentioned in this complaint, Dwight Watson and

3  the above-mentioned members of his family lived at 74 Decorah Lane in Campbell, California.

4      9. Plaintiff Daniel Farias is the son of Dwight Watson. He was 14 years old at the time of

5  the events alleged herein.

6      10. Plaintiff Lauren Watson is the daughter of Dwight Watson. She was 11 years old at the

7  time of the events alleged herein.

8      11. Plaintiff Nicole Watson is the daughter of Dwight Watson. She was 4 years old at the

9  time of the events alleged herein.

10     12. Defendant State of California is a state of the United States of America.

11     13. Defendant Santa Clara County Specialized Enforcement Team (SCCSET) is a law

12  enforcement entity which focuses on drug violations and is operated, funded, managed, staffed, and

13  supervised by the State of California's Department of Justice, Bureau of Narcotics Enforcement.

14  SCCSET agents are drawn from various police departments and other law enforcement agencies

15  based in Santa Clara County. Glenn Albin was an agent assigned to the SCCSET at all times

16  mentioned herein.

17     14. Plaintiffs are unaware of the true names and capacities of Defendants Does 1 through 50,

18  and therefore sues them under fictitious names. Plaintiffs are informed and believe, and on that basis

19  allege, that Does 1 through 50 were each responsible for the injuries and damages suffered by

20  Plaintiffs. Plaintiffs will amend the complaint to substitute the true names of Does 1 through 50 if

21  and when they learn those names.

22     15. In doing the acts and omissions alleged herein, Defendants and each of them acted as the

23  agent, employee, and/or in concert with, all other Defendants.

24     16. In doing the acts and omissions alleged herein, Defendants and each of them acted under

25  color of law and in the course and scope of their employment and/or agency for the State of

26  California, and SCCSET.

27

28

DEC-10-2007(MON) 12:18    ON    5AL. INC.                (FAX.    0+873+0984        P. 007/015

12/07/2007  16:49    650-470-2654          MARK MARTEL                    PAGE  07

## FACTUAL ALLEGATIONS

17. On the evening of October 25, 2005, Plaintiff Dwight Watson was home in bed with a herniated disc in his lower back and painful sciatica. Mr. Watson lived in Campbell in a house owned by his in-laws with his common-law wife Margaret Farias; his son Daniel Farias, age 14; his daughters Lauren Watson, age 14, and Nicole Watson, age 4; his parents in-law Ernest and Ann Farias; and his brother in-law Curtis Farias.

18. Curtis Farias was on probation after being convicted on a drug possession charge. One of the terms of his probation was that the police could search his bedroom and common areas of the house after knocking and announcing their presence. Officers had previously come to the Watson/Farias house several times to do probation searches. On those occasions, Dwight Watson cooperated fully with the police, even assisting them by taking them to Curtis Farias' bedroom, knocking on Curtis' door himself, and asking Curtis to open the door. No one else living in the household was on probation.

19. On October 25, 2005, members of the Santa Clara County Specialized Enforcement Team (SCCSET) and the Campbell Police Department (CPD) went to the Watson/Farias home to conduct a probation search for possible evidence of probation violations by Curtis Farias. SCCSET agents Mendez, Mecir, Albin, D'Antonio, Rubino, St. Clair, and Muñoz, and CPD officers Pulliam, Cutler, and Melcher participated in this operation. The officers first watched the house from outside. At approximately 6:50 p.m. Curtis Farias left the house and drove away in his vehicle. SCCSET agents D'Antonio and Rubino detained Mr. Farias and took him into custody for driving with a suspended driver's license. All of the above-mentioned officers, including the two that had detained Mr. Farias, subsequently approached the Farias/Watson home at about 7:15 p.m. The officers knew from prior probation searches at the house, and from statements of Curt Farias that night, that there were elderly parents and children in the house.

20. SCCSET Agent Mendez knocked on the door loudly. Plaintiff Dwight Watson was in bed at this time, and heard loud voices and loud banging on the door. His daughter Lauren went to the door. As she was reaching for the door, it opened, hitting her hand. One of the SCCSET agents

1    pointed a gun at her and moved her against the wall.

2         21. At this point, Dwight Watson got out of bed to find out what was happening. He heard

3    an officer announce "probation sweep" as he was walking out of his bedroom. He walked toward

4    the front door, with difficulty because of the pain in his back and leg. He saw a police officer with

5    his gun drawn. He said "you must be here for Curtis". SCCSET Agent Albin immediately grabbed

6    Mr. Watson, pushed him against the wall, and started to handcuff Mr. Watson. Mr Watson said

7    "I'm not Curtis". Agent Albin then threw Mr. Watson to the floor; got on top of him; and punched

8    him repeatedly in the face, creating a pool of blood on the floor. No SCCSET agent had given Mr.

9    Watson any command at this point.

10         22. Mr. Watson's son Daniel saw what was happening and shouted "What are you doing?

11    That's my Dad!". SCCSET agent St. Clair then took Daniel to the floor and handcuffed his hands

12    behind his back. Daniel lifted his head to see what was happening to his father. SCCSET Agent St.

13    Clair hit his forearm or elbow on the back of Daniel's head, knocking Daniel's head to the hard

14    floor, causing a large bump on his forehead. Dwight Watson heard this, and then heard Daniel say

15    "why are you hitting me?"

16         23. SCCSET Agents D'Antonio, Rubino, and Mendez got on top of Mr. Watson, and

17    participated in detaining Mr. Watson together with SCCSET Agent Albin. Albin put his knees in

18    Mr. Watson's lower back, while Mr. Watson complained of pain in his back, and said he had a

19    herniated disc. One officer bent Mr. Watson's wrist, also causing him severe pain. At no point did

20    Mr. Watson physically resist the officers, or refuse to obey any commands. He never struck or

21    attempted to strike any officer.

22         24. The SCCSET agents placed Mr. Watson under arrest, and charged him with resisting

23    arrest and battery on a police officer. After they took Mr. Watson to jail, one or more of the agents

24    stated to Mr. Watson's wife that they had detained Curtis Farias before coming into the house.

25         25. Mr. Watson's three children Daniel, Lauren, and Nicole were present and nearby in the

26    house when the events described above occurred.

27         26. SCCSET Agents Albin, Mendez, and St. Clair wrote in their police reports that

28

1    Mr. Watson had been irate when he came out of the bedroom; resisted the officers' efforts to detain

2    him; struggled with the officers; and attempted to strike SCCSET Agent Albin. These statements

3    were completely false. Mr. Watson did not do any of these things, and was physically incapable of

4    resisting the officers or struggling with them, because of his herniated lumbar disc and associated

5    sciatica. The reports also omitted the fact that SCCSET Agent Albin had repeatedly punched

6    Mr. Watson in the face, causing him to bleed profusely.

7        27. Mr. Watson was taken to the Santa Clara County jail, and then to the Elmwood jail in

8    Milpitas, California, where he remained for approximately three weeks.

9        28. In reliance on the officers' false police reports, the Santa Clara County District Attorney

10   prosecuted Mr. Watson for allegedly resisting arrest and battery on a police officer. The case was

11   tried to a jury in Santa Clara County Superior Court from March 27-29, 2006. The jury acquitted

12   Mr. Watson of all charges after deliberating for less than 30 minutes.

13                            STATEMENT OF DAMAGES

14       29. Defendants' actions alleged above physically injured Dwight Watson; caused him to

15   spend three weeks in jail and defend false criminal charges against him; and caused him emotional

16   distress. Defendants' actions also physically injured Daniel Farias, and cause emotional distress to

17   all of Mr. Watson's family members who witnessed SCCSET Agent Albin beat Mr. Watson.

18       30. Defendant SCCSET's agent Albin's beating of Mr. Watson was despicable, oppressive,

19   malicious, and done with a willful and conscious disregard of Mr. Watson's rights and safety,

20   justifying an award of punitive damages.

21       31. Defendants' arrest and detention of Mr. Watson on false charges was despicable,

22   oppressive, malicious, and done with a willful and conscious disregard of Mr. Watson's rights and

23   safety, justifying an award of punitive damages.

24       32. Defendant SCCSET's agents Albin, Mendez, and St. Clair falsely stated in their police

25   reports that Mr. Watson had resisted the officers and struggled with them. The reports also omitted

26   the fact that SCCSET Agent Albin had beaten Mr. Watson. These false statements and omissions in

27   the officers' reports were despicable, oppressive, malicious, and done with a willful and conscious

28

DEC-10-2007(MON) 12:18   ON   RAL, INC.                    (FAX   0+873+0984      P. 010/015

12/07/2007  16:49    650-470-2654           MARK MARTEL                      PAGE  10

1    disregard of Mr. Watson's rights and safety, justifying an award of punitive damages.

2        33.  The failure of Defendant State of California to thoroughly investigate and punish

3    SCCSET Agent Albin's use of force against Mr. Watson and take steps to prevent the recurrence of

4    similar incidents, was also despicable and done with a willful and conscious disregard of

5    Mr. Watson's rights, justifying an award of punitive damages.

6                      FIRST CAUSE OF ACTION
                              False Arrest
7

8        34.  Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

9        35.  Plaintiff Dwight Watson did not obstruct or delay Defendants in the performance of

10   their duties, and did not resist Defendants.  Defendants had no actual or reasonable basis to believe

11   that Mr. Watson had obstructed, delayed, or resisted them in the performance of their duties, or was

12   otherwise engaged in any illegal activity.  Defendants therefore lacked probable cause to detain or to

13   arrest Mr. Watson.

14       36.  Despite lacking any legal cause to detain or arrest Mr. Watson, Defendants detained

15   Mr. Watson, depriving him of his liberty in violation of California law.  Mr. Watson did not consent

16   to this deprivation of liberty.

17                     SECOND CAUSE OF ACTION
                               Battery
18

19       37.  Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

20       38.  SCCSET Agent Albin intentionally touched Mr. Watson.

21       39.  SCCSET Agent Albin used unreasonable and excessive force to detain and arrest

22   Mr. Watson.

23       40.  Dwight Watson did not consent to the use of force against him.

24       41.  Dwight Watson was injured as a result of SCCSET Agent Albin's use of force against

25   him.

26       42.  Defendant SCCSET Agent Albin's use of unreasonable and excessive force against

27   Mr. Watson was a substantial factor in harming him.

28

DEC-10-2007(MON) 12:18   ON   JAL, INC.   (FAX   0+873+0984   P. 011/015

12/07/2007  16:49    650-470-2654         MARK MARTEL              PAGE  11

### THIRD CAUSE OF ACTION
#### Battery

43. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

44. SCCSET Agent St. Clair intentionally touched Daniel Farias.

45. SCCSET Agent St. Clair used unreasonable and excessive force against Daniel Farias after detaining him.

46. Daniel Farias did not consent to the use of force against him.

47. Daniel Farias was injured as a result of SCCSET Agent St. Clair's use of force against him.

48. SCCSET Agent St. Clair's use of unreasonable and excessive force against Mr. Watson was a substantial factor in harming him.

### FOURTH CAUSE OF ACTION
#### Excessive Use Of Force/Ratification
#### 42 U.S.C. §1983

49. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

50. Defendants have effectively condoned and ratified the excessive use of force against Dwight Watson and Daniel Farias by failing to thoroughly investigate it, punish those responsible, and modify their training, procedures, and policies to prevent the recurrence of similar acts of excessive force against individuals. By ratifying and condoning the excessive use of force against Dwight Watson, Daniel Farias, and others, Defendants have encouraged future excessive force.

### FIFTH CAUSE OF ACTION
#### Violation of Constitutional and Civil Rights
#### California Civil Code §52.1

51. The United States Constitution, Fourth Amendment, Fifth Amendment, and the California Constitution, Article 1 §13, guarantee the right of persons to be from unlawful arrest, excessive force, and malicious prosecution.

52. Defendants acts and omissions violated Dwight Watson's rights to be from unlawful arrest, excessive force, and malicious prosecution.

53. Defendants acts and omissions violated Daniel Farias' right to be from excessive force.

### SIXTH CAUSE OF ACTION
#### Intentional/Negligent Infliction of Emotional Distress

54. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

55. Plaintiff Daniel Farias saw SCCSET Agent Albin repeatedly punch his stepfather Dwight Watson in the face while Mr. Watson was virtually helpless with a disc herniation and severe sciatica. Plaintiffs Lauren Watson and Nicole Watson were also present nearby when these events occurred and heard and witnessed SCCSET Agent Albin's mistreatment of her father and brother. The actions of SCCSET Agents Albin and St. Clair caused severe emotional distress to Daniel Farias, Lauren Watson, and Nicole Watson.

56. Plaintiff Dwight Watson was nearby and heard SCCSET Agent St. Clair hit Daniel Farias' head against a hard-surfaced floor; and heard Daniel Farias say "why are you hitting me?". Hearing this caused severe emotional distress to Dwight Watson.

### RELIEF REQUESTED

57. For the foregoing reasons, Plaintiffs request the following relief:

    (a)    General and special damages according to proof;

    (b)    Exemplary damages;

    (c)    Costs and attorney's fees under California Civil Code §52.1;

    (d)    Such other relief as the Court deems proper.

Dated: October 17, 2007

*MARK MARTEL*

Mark Martel
Attorney for Plaintiffs

## DECLARATION OF SERVICE BY U.S. MAIL   (ENDORSED)

Case Name:   *Dwight Watson, et al. v. State of California, et al.*   2008 MAR 10  PM 1:20

No.   **107CV-096770**

CHIEF ... /CLERK
SUPE... OF CA
COUN... ...ARA
...Y... ... 4 FLORES...

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 7, 2008, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S DEMURRER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, and Exhibit 1,** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel
> Attorney at Law
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306

> *Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 7, 2008, at San Francisco, California.

| | |
|---|---|
| C. Deuel | *C. Deuel* |
| Declarant | Signature |

40226941.wpd

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   PAUL T. HAMMERNESS
    Supervising Deputy Attorney General
3   JENNIFER C. ADDAMS, State Bar No. 209355
    Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
5   Telephone:    (415) 703-5382
    Facsimile:    (415) 703-5480
6   E-mail: Jennifer.Addams@doj.ca.gov

7   Attorneys for Defendant State of California

8                SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF SANTA CLARA

10

11  **Dwight Watson; Daniel Farias; Lauren**          Case No. 107CV-096770
    **Watson; and Nicole Watson,**
12                                                    **REQUEST FOR JUDICIAL**
                                  Plaintiffs,         **NOTICE**
13
                    v.                                Date:     April 24, 2008
14                                                    Time:     9:00 a.m.
    **The State of California; Santa Clara County**   Department 19
15  **Specialized Enforcement Team; and Does 1-**     The Honorable James Emerson
    **50,**                                           Trial Date:    None Set
16                                                    Action Filed:  December 19, 2006
                                  Defendants.
17

18

19        DEFENDANT STATE OF CALIFORNIA HEREBY REQUESTS THE COURT TO TAKE

20  JUDICIAL NOTICE OF THE FOLLOWING DOCUMENT:

21        Complaint for Damages filed December 19, 2006, in the United States District Court,

22  Northern District of California, case number C06-07767 RMW (RS), attached as Exhibit 1 to the

23  Memorandum of Points and Authorities in Support of Defendant State of California's Demurrer

24  to Plaintiffs' First Amended Complaint.  The Court may take judicial notice of this document

25  under California Evidence Code section 452(d).

26

27

28

                                          1
    Request for Judicial Notice in Supp. of Demurrer    *Watson, et al. v. State of California, et al.*; 107CV-096770

1    Dated: March 7, 2008.

2                                           Respectfully submitted,

3                                           EDMUND G. BROWN JR.
                                            Attorney General of the State of California

4                                           PAUL T. HAMMERNESS
                                            Supervising Deputy Attorney General

5

6

7                                           JENNIFER C. ADDAMS
                                            Deputy Attorney General

8
                                            Attorneys for Defendant
9                                           State of California

10

11

12

13

14

15    40224499.wpd
      SF2007403401

16

17

18

19

20

21

22

23

24

25

26

27

28

Request for Judicial Notice in Supp. of Demurrer    *Watson, et al. v. State of California, et al.*; 107CV-096770

## DECLARATION OF SERVICE BY U.S. MAIL

(ENDORSED)

2008 MAR 10 PM 1:20

CHIEF ... ICER/CLERK
SUP... URT OF CA
COU... ...ARA
... A. FLORES... ...TY

Case Name:   *Dwight Watson, et al. v. State of California, et al.*

No.   **107CV-096770**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 7, 2008, I served the attached **REQUEST FOR JUDICIAL NOTICE** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel
> Attorney at Law
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
>
> *Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 7, 2008, at San Francisco, California.

| | |
|---|---|
| C. Deuel | *C. Deuel* |
| Declarant | Signature |

40226947.wpd

1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  PAUL T. HAMMERNESS
Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
Deputy Attorney General
4  455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
5  Telephone:    (415) 703-5382
Facsimile:    (415) 703-5480
6  E-mail: Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant State of California

8  SUPERIOR COURT OF CALIFORNIA

9  COUNTY OF SANTA CLARA

10

11  **Dwight Watson; Daniel Farias; Lauren Watson; and Nicole Watson,**

Case No. 107CV-096770

12  Plaintiffs,

**[PROPOSED] ORDER GRANTING DEFENDANT STATE OF CALIFORNIA'S DEMURRER TO FIRST AMENDED COMPLAINT**

13  v.

14  **The State of California; Santa Clara County Specialized Enforcement Team; and Does 1-50,**

15  Date:    April 24, 2008
Time:    9:00 a.m.
Department 19

16  Defendants.

The Honorable James Emerson
Trial Date:    None Set

17  Action Filed:  December 19, 2006

18

19  The Demurrer to First Amended Complaint of Defendant State of California came on

20  regularly for hearing on April 24, 2008, in Courtroom 19 before the Honorable James Emerson,

21  Judge of the Superior Court of California, County of Santa Clara. After hearing argument and

22  examining the moving and responding papers herein,

23  IT IS HEREBY ORDERED that:

24  The State of California's General Demurrer to Plaintiffs' First Amended Complaint is

25  hereby granted without leave to amend on the grounds that:

26  1.    The First Amended Complaint and each cause of action therein fails to allege facts

27  sufficient to state a cause of action against the State (C.C.P., § 430.10(e)), and

28

1

1

2.   The First Amended Complaint and each cause of action therein are duplicative of

2   another action pending between the same parties on the same causes of action (C.C.P.,

3   § 430.10(c)).

4       This case is, therefore, DISMISSED, with prejudice.

5

6   Dated:    April _____, 2008.

7

8                                        _____

9                                        Judge of the Superior Court

10

11

12

13

14   40226459.wpd
     SF2007403401

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Dwight Watson, et al. v. State of California, et al.*

No.   **107CV-096770**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 7, 2008, I served the attached **[PROPOSED] ORDER GRANTING DEFENDANT STATE OF CALIFORNIA'S DEMURRER TO FIRST AMENDED COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark W. Martel
> Attorney at Law
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306

> *Counsel for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 7, 2008, at San Francisco, California.

| | |
|---|---|
| C. Deuel | *C. Deuel* |
| Declarant | Signature |

40226946.wpd

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Jennifer C. Addams    (State Bar # 209355)<br>State of California Office of the Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>TELEPHONE NO.: (415) 703-5382    FAX NO. *(Optional)*: (415) 703-5380<br>E-MAIL ADDRESS *(Optional)*: Jennifer.Addams@doj.ca.gov<br>ATTORNEY FOR *(Name)*: Defendant State of California | *FOR COURT USE ONLY*<br><br>ENDORSED<br>2008 FEB 26  A 9: 10<br><br>*(stamp)*<br>M. Rosales |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: Dwight Watson, et al.

DEFENDANT/RESPONDENT: State of California, et al.

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br><br>(Check one):  [X] **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)    [ ] **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | CASE NUMBER:<br><br>107CV-096770 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 11, 2008    Time: 1:30 p.m.    Dept.: 8    Div.:    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Defendant State of California.
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint  [ ] cross-complaint    *(describe, including causes of action)*:
      Civil rights action.

Page 1 of 4

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov |

*(vertical text, left margin)* ATTORNEY GENERAL - OFFICE COPY

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Dwight Watson, et al. | |
| DEFENDANT/RESPONDENT: State of California, et al. | 107CV-096770 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs allege civil rights and other damages from the arrest of Dwight Watson.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 10-15
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
   a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: Dwight Watson, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 107CV-096770 |

10. d.  The party or parties are willing to participate in (check all that apply):

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other (specify):

  e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

## 11. Settlement conference

☒ The party or parties are willing to participate in an early settlement conference (specify when):

    At the Court's discretion.

## 12. Insurance

  a.  ☐ Insurance carrier, if any, for party filing this statement (name):

  b.  Reservation of rights: ☐ Yes  ☒ No

  c.  ☐ Coverage issues will significantly affect resolution of this case (explain):

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy  ☐ Other (specify):

Status:

## 14. Related cases, consolidation, and coordination

  a.  ☒ There are companion, underlying, or related cases.

    (1) Name of case: Watson v. Albin, et al.

    (2) Name of court: United States District Court for the Northern District of California

    (3) Case number: C06-07767RMW (RS)

    (4) Status: pending

    ☐ Additional cases are described in Attachment 14a.

  b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

## 16. Other motions

☒ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

    A demurrer was pending, and Plaintiffs filed a First Amended Complaint on February 6, 2008.

    Defendant State of California will demurrer to the First Amended Complaint.

LexisNexis® Automated California Judicial Council Forms

CM-110

| PLAINTIFF/PETITIONER: Dwight Watson, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, et al. | 107CV-096770 |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   Party                           Description                                    Date

   c. ☐ The following discovery issues are anticipated *(specify):*

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code
       of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional
       discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial
       should not apply to this case):*

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management
       conference *(specify):*

20. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules
       of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following
       *(specify):*

21. **Case management orders**
   Previous case management orders in this case are *(check one):* ☒ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues
raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management
conference, including the written authority of the party where required.

Date: February 21, 2008.

| | |
|---|---|
| Jennifer C. Addams | ▶ *(signature)* |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: *Dwight Watson, et al. v. State of California, et al.*

No.   107CV-096770

ENDORSED

2008 FEB 26  A  9: 11

KIRI DEANE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY ___M. Rosales___
DEPUTY

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 21, 2008, I served the attached **CASE MANAGEMENT STATEMENT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark Martel
> Attorney at Law
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
>
> Attorney for Plaintiffs

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 21, 2008, at San Francisco, California.

| | |
|---|---|
| ___C. Deuel___ | ___C. Deuel___ |
| Declarant | Signature |

40220775.wpd

1  Mark Martel, State Bar No. 147970
   Attorney At Law
2  425 Sherman Ave. #330
   Palo Alto, CA 94306
3  Tel: (650) 470-2650
   Fax: (650) 470-2654
4  e-mail: markmartel@aol.com

5  Attorney for Plaintiffs Dwight Watson, Daniel Farias,
   Lauren Watson, and Nicole Watson
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren Watson;      Case No. 107CV-096770
    and Nicole Watson,
12                                                    **FIRST AMENDED COMPLAINT**
                    Plaintiffs,
13                                                    **Jury Trial Demanded**

14            v.

15  The State Of California; Santa Clara County
    Specialized Enforcement Team; Glenn Albin;
16  David Mendez; Frank St. Clair; Mike
    D'Antonio; Mike Rubino; and Does 1-50,
17
                    Defendants.
18

19                              **INTRODUCTION**

20        1. On October 25, 2005, Plaintiff Dwight Watson was home in bed, with a severely

21  herniated disc in his lower back and a painful case of sciatica. Mr. Watson lived with his wife

22  Margaret Farias, their three minor children, his wife's elderly parents, and his wife's brother Curtis

23  Farias, who was on probation for a drug offense. Unbeknownst to Mr. Watson and his family,

24  Curtis Farias had recently been detained outside of the house by agents of the Santa Clara County

25  Specialized Enforcement Team (SCCSET). After detaining Mr. Farias, the SCCSET officers

26  entered the Farias/Watson house to conduct a probation search for further evidence against Curtis

27  Farias. When Mr. Watson got out of bed to see what was happening, SCCSET Agent Glen Albin

28

began to handcuff him. Mr. Watson said that he was not Curtis Farias. Agent Albin apparently did not like Mr. Watson questioning Albin's action, and threw Mr. Watson to the floor. He then punched Mr. Watson in the face repeatedly while he was on the floor; and dug his knees into Mr. Watson's lower back, causing him excruciating pain because of his herniated disc.

2. Mr. Watson's stepson Daniel Farias shouted "what are you doing? That's my dad!". SCCSET Agent St. Clair took Daniel to the floor and handcuffed his hands behind his back. When Daniel tried to raise his head to see what was happening to his father, Agent St. Clair hit Daniel's head against the floor, causing a large bump on his forehead. Defendants then falsely charged Mr. Watson with resisting and/or delaying a peace officer in the performance of his duties. At least three officers then wrote police reports that falsely stated that Mr. Watson had struggled with the officers and attempted to strike SCCSET Agent Albin.

3. Mr. Watson was jailed for three weeks on the false charges against him. During that time he was in such pain from the herniated disc in his back and associated sciatica, aggravated by Defendants' use of force against him, that he could barely walk. His jailers nevertheless refused to allow him to take his prescribed medication for his sciatica.

4. No action was taken against any of the SCCSET agents for their illegal actions against Mr. Watson and his family.

5. In March 2006, the Santa Clara County District Attorney attempted to convict Mr. Watson on the false charges of resisting and battery on a police officer. The jury acquitted Mr. Watson on both charges after deliberating for less than half an hour.

## JURISDICTION AND VENUE

6. All events alleged herein occurred in the County of Santa Clara, California.

7. Within six months of the events subject of this lawsuit, Plaintiffs filed a claim against the State of California in accordance with California Government Code §910 et seq. The State of California rejected Plaintiffs' claim on August 23, 2007. Plaintiffs are filing this action within six months of Defendants' rejection of Plaintiffs' claims, as required by California Government Code §945.6.

1

**PARTIES**

2      8. Plaintiff Dwight Watson is an individual who lives with his extended family in Campbell,

3  California. He is the common law husband of Margaret Farias, and the father of Daniel Farias,

4  Lauren Watson and Nicole Watson. At all times mentioned in this complaint, Dwight Watson and

5  the above-mentioned members of his family lived at 74 Decorah Lane in Campbell, California.

6      9. Plaintiff Daniel Farias is the son of Dwight Watson. He was 14 years old at the time of

7  the events alleged herein.

8      10. Plaintiff Lauren Watson is the daughter of Dwight Watson. She was 11years old at the

9  time of the events alleged herein.

10      11. Plaintiff Nicole Watson is the daughter of Dwight Watson. She was 4 years old at the

11  time of the events alleged herein.

12      12. Defendant The State of California is a state of the United States of America.

13      13. Defendant Santa Clara County Specialized Enforcement Team (SCCSET) is a law

14  enforcement entity which focuses on drug violations and is operated, funded, managed, staffed, and

15  supervised by the State of California's Department of Justice, Bureau of Narcotics Enforcement.

16  SCCSET agents are drawn from various police departments and other law enforcement agencies

17  based in Santa Clara County.

18      14. Defendant Glenn Albin was an agent assigned to the SCCSET at all times mentioned

19  herein.

20      15. Defendant David Mendez was an officer assigned to the SCCSET at all times mentioned

21  herein.

22
23      16. Defendant Frank St. Clair was an officer assigned to the SCCSET at all times mentioned

24  herein.

25      17. Defendant Mike D'Antonio was an officer assigned to the SCCSET at all times

26  mentioned herein.

27      18. Defendant Mike Rubino was an officer assigned to the SCCSET at all times mentioned

28  herein.

19. Plaintiffs are unaware of the true names and capacities of Defendants Does 1 through 50, and therefore sue them under fictitious names. Plaintiffs are informed and believe, and on that basis allege, that Does 1 through 50 were each responsible for the injuries and damages suffered by Plaintiffs. Plaintiffs will amend the complaint to substitute the true names of Does 1 through 50 if and when they learn those names.

20. In doing the acts and omissions alleged herein, Defendants and each of them acted as the agent, employee, and/or in concert with, all other Defendants.

21. In doing the acts and omissions alleged herein, Defendants and each of them acted under color of law and in the course and scope of their employment and/or agency for the State of California, and SCCSET.

## FACTUAL ALLEGATIONS

22. On the evening of October 25, 2005, Plaintiff Dwight Watson was home in bed with a herniated disc in his lower back and painful sciatica. Mr. Watson lived in Campbell in a house owned by his in-laws with his common-law wife Margaret Farias; his son Daniel Farias, age 14; his daughters Lauren Watson, age 14, and Nicole Watson, age 4; his parents in-law Ernest and Ann Farias; and his brother in-law Curtis Farias.

23. Curtis Farias was on probation after being convicted on a drug possession charge. One of the terms of his probation was that the police could search his bedroom and common areas of the house after knocking and announcing their presence. Officers had previously come to the Watson/Farias house several times to do probation searches. On those occasions, Dwight Watson cooperated fully with the police, even assisting them by taking them to Curtis Farias' bedroom, knocking on Curtis' door himself, and asking Curtis to open the door. No one else living in the household was on probation.

24. On October 25, 2005, members of the Santa Clara County Specialized Enforcement Team (SCCSET) and the Campbell Police Department (CPD) went to the Watson/Farias home to conduct a probation search for possible evidence of probation violations by Curtis Farias. SCCSET agents Mendez, Mecir, Albin, D'Antonio, Rubino, St. Clair, and Muñoz, and CPD officers Pulliam,

Cutler, and Melcher participated in this operation. The officers first watched the house from outside. At approximately 6:50 p.m. Curtis Farias left the house and drove away in his vehicle. SCCSET agents D'Antonio and Rubino detained Mr. Farias and took him into custody for driving with a suspended driver's license. All of the above-mentioned officers, including the two that had detained Mr. Farias, subsequently approached the Farias/Watson home at about 7:15 p.m. The officers knew from prior probation searches at the house, and from statements of Curt Farias that night, that there were elderly parents and children in the house.

25. SCCSET Agent Mendez knocked on the door loudly. Plaintiff Dwight Watson was in bed at this time, and heard loud voices and loud banging on the door. His daughter Lauren went to the door. As she was reaching for the door, it opened, hitting her hand. One of the SCCSET agents pointed a gun at her and moved her against the wall.

26. At this point, Dwight Watson got out of bed to find out what was happening. He heard an officer announce "probation sweep" as he was walking out of his bedroom. He walked toward the front door, with difficulty because of the pain in his back and leg. He saw a police officer with his gun drawn. He said "you must be here for Curtis". SCCSET Agent Albin immediately grabbed Mr. Watson, pushed him against the wall, and started to handcuff Mr. Watson. Mr Watson said "I'm not Curtis". Agent Albin then threw Mr. Watson to the floor; got on top of him; and punched him repeatedly in the face, creating a pool of blood on the floor. No SCCSET agent had given Mr. Watson any command at this point.

27. Mr. Watson's son Daniel saw what was happening and shouted "What are you doing? That's my Dad!". SCCSET agent St. Clair then took Daniel to the floor and handcuffed his hands behind his back. Daniel lifted his head to see what was happening to his father. SCCSET Agent St. Clair hit his forearm or elbow on the back of Daniel's head, knocking Daniel's head to the hard floor, causing a large bump on his forehead. Dwight Watson heard this, and then heard Daniel say "why are you hitting me?"

28. SCCSET Agents D'Antonio, Rubino, and Mendez got on top of Mr. Watson, and participated in detaining Mr. Watson together with SCCSET Agent Albin. Albin put his knees in

Mr. Watson's lower back, while Mr. Watson complained of pain in his back, and said he had a herniated disc. One officer bent Mr. Watson's wrist, also causing him severe pain. At no point did Mr. Watson physically resist the officers, or refuse to obey any commands. He never struck or attempted to strike any officer.

29. The SCCSET agents placed Mr. Watson under arrest, and charged him with resisting arrest and battery on a police officer. After they took Mr. Watson to jail, one or more of the agents stated to Mr. Watson's wife that they had detained Curtis Farias before coming into the house.

30. Mr. Watson's three children Daniel, Lauren, and Nicole were present and nearby in the house when the events described above occurred.

31. SCCSET Agents Albin, Mendez, and St. Clair wrote in their police reports that Mr. Watson had been irate when he came out of the bedroom; resisted the officers' efforts to detain him; struggled with the officers; and attempted to strike SCCSET Agent Albin. These statements were completely false. Mr. Watson did not do any of these things, and was physically incapable of resisting the officers or struggling with them, because of his herniated lumbar disc and associated sciatica. The reports also omitted the fact that SCCSET Agent Albin had repeatedly punched Mr. Watson in the face, causing him to bleed profusely.

32. Mr. Watson was taken to the Santa Clara County jail, and then to the Elmwood jail in Milpitas, California, where he remained for approximately three weeks.

33. In reliance on the officers' false police reports, the Santa Clara County District Attorney prosecuted Mr. Watson for allegedly resisting arrest and battery on a police officer. The case was tried to a jury in Santa Clara County Superior Court from March 27-29, 2006. The jury acquitted Mr. Watson of all charges after deliberating for less than 30 minutes.

## STATEMENT OF DAMAGES

34. Defendants' actions alleged above physically injured Dwight Watson; caused him to spend three weeks in jail and defend false criminal charges against him; and caused him emotional distress. Defendants' actions also physically injured Daniel Farias, and cause emotional distress to all of Mr. Watson's family members who witnessed SCCSET Agent Albin beat Mr. Watson.

35. Defendant SCCSET's agent Albin's beating of Mr. Watson was despicable, oppressive, malicious, and done with a willful and conscious disregard of Mr. Watson's rights and safety, justifying an award of punitive damages.

36. Defendants' arrest and detention of Mr. Watson on false charges was despicable, oppressive, malicious, and done with a willful and conscious disregard of Mr. Watson's rights and safety, justifying an award of punitive damages.

37. Defendant SCCSET's agents Albin, Mendez, and St. Clair falsely stated in their police reports that Mr. Watson had resisted the officers and struggled with them. The reports also omitted the fact that SCCSET Agent Albin had beaten Mr. Watson. These false statements and omissions in the officers' reports were despicable, oppressive, malicious, and done with a willful and conscious disregard of Mr. Watson's rights and safety, justifying an award of punitive damages.

38. The failure of Defendant State of California to thoroughly investigate and punish SCCSET Agent Albin's use of force against Mr. Watson and take steps to prevent the recurrence of similar incidents, was also despicable and done with a willful and conscious disregard of Mr. Watson's rights, justifying an award of punitive damages.

## FIRST CAUSE OF ACTION
### False Arrest
### [42 U.S.C. §1983]
### (Against Defendants Albin, Mendez, D'Antonion, and Rubino)

39. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

40. Plaintiff Dwight Watson did not obstruct or delay Defendants in the performance of their duties, and did not resist Defendants. Defendants had no actual or reasonable basis to believe that Mr. Watson had obstructed, delayed, or resisted them in the performance of their duties, or was otherwise engaged in any illegal activity. Defendants therefore lacked probable cause to detain or to arrest Mr. Watson.

41. Despite lacking any legal cause to detain or arrest Mr. Watson, Defendants detained Mr. Watson, depriving him of his liberty in violation of the United States Constitution. Mr. Watson did not consent to this deprivation of liberty.

1

2

3

## SECOND CAUSE OF ACTION
### False Arrest
### [State Law]
### (Against Defendants Albin, Mendez, D'Antonion, and Rubino)

4
42. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

5
43. Plaintiff Dwight Watson did not obstruct or delay Defendants in the performance of their

6
duties, and did not resist Defendants. Defendants had no actual or reasonable basis to believe that

7
Mr. Watson had obstructed, delayed, or resisted them in the performance of their duties, or was

8
otherwise engaged in any illegal activity. Defendants therefore lacked probable cause to detain or to

9
arrest Mr. Watson.

10
44. Despite lacking any legal cause to detain or arrest Mr. Watson, Defendants detained

11
Mr. Watson, depriving him of his liberty in violation of California law. Mr. Watson did not consent

12
to this deprivation of liberty.

13

## THIRD CAUSE OF ACTION
### Battery
### [State Law]
### (Against Defendant Albin)

14

15

16
45. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

17
46. SCCSET Agent Albin intentionally touched Mr. Watson.

18
47. SCCSET Agent Albin used unreasonable and excessive force to detain and arrest

19
Mr. Watson.

20
48. Dwight Watson did not consent to the use of force against him.

21
49. Dwight Watson was injured as a result of SCCSET Agent Albin's use of force against

22
him.

23
50. Defendant SCCSET Agent Albin's use of unreasonable and excessive force against

24
Mr. Watson was a substantial factor in harming him.

25

26

27

28

First Amended Complaint                                    -8-

1

2

3

### FOURTH CAUSE OF ACTION
### Battery
### [State Law]
### (Against Defendant St. Clair)

4

51. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

5

52. SCCSET Agent St. Clair intentionally touched Daniel Farias.

6

53. SCCSET Agent St. Clair used unreasonable and excessive force against Daniel Farias

7

after detaining him.

8

54. Daniel Farias did not consent to the use of force against him.

9

55. Daniel Farias was injured as a result of SCCSET Agent St. Clair's use of force against

10

him.

11

56. SCCSET Agent St. Clair's use of unreasonable and excessive force against Mr. Watson

12

was a substantial factor in harming him.

13

### FIFTH CAUSE OF ACTION
### Excessive Use Of Force/Ratification
### [42 U.S.C. section 1983]
### (Against Defendant State of California)

14

15

16

57. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

17

58. Defendants The State of California and SCCSET have effectively condoned and ratified

18

the excessive use of force against Dwight Watson and Daniel Farias by failing to thoroughly

19

investigate it, punish those responsible, and modify their training, procedures, and policies to

20

prevent the recurrence of similar acts of excessive force against individuals. By ratifying and

21

condoning the excessive use of force against Dwight Watson, Daniel Farias, and others, said

22

Defendants have encouraged future excessive force.

23

### SIXTH CAUSE OF ACTION
### Violation of Constitutional and Civil Rights
### [California Civil Code §52.1]
### (Against All Defedants)

24

25

59. The United States Constitution, Fourth Amendment, Fifth Amendment,and the

26

California Constitution, Article I §13, guarantee the right of persons to be from unlawful arrest,

27

excessive force, and malicious prosecution.

28

First Amended Complaint

60. Defendants' acts and omissions violated Dwight Watson's rights to be free from unlawful arrest, excessive force, and malicious prosecution.

61. Defendants' acts and omissions violated Daniel Farias' right to be free from excessive force.

## SEVENTH CAUSE OF ACTION
### Intentional/Negligent Infliction of Emotional Distress
### [State Law]
### (Against All Defendants)

62. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

63. Plaintiff Daniel Farias saw SCCSET Agent Albin repeatedly punch his stepfather Dwight Watson in the face while Mr. Watson was virtually helpless with a disc herniation and severe sciatica. Plaintiffs Lauren Watson and Nicole Watson were also present nearby when these events occurred and heard and witnessed SCCSET Agent Albin's mistreatment of her father and brother. The actions of SCCSET Agents Albin and St. Clair caused severe emotional distress to Daniel Farias, Lauren Watson, and Nicole Watson.

64. Plaintiff Dwight Watson was nearby and heard SCCSET Agent St. Clair hit Daniel Farias' head against a hard-surfaced floor; and heard Daniel Farias say "why are you hitting me?". Hearing this caused severe emotional distress to Dwight Watson.

## RELIEF REQUESTED

65. For the foregoing reasons, Plaintiffs request the following relief:

(a)    General and special damages according to proof;

(b)    Exemplary damages;

(c)    Costs and attorney's fees under California Civil Code §52.1;

(d)    Such other relief as the Court deems proper.

Dated: February 6, 2008

MARK MARTEL
_____
Mark Martel
Attorney for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am a resident of the United States and am employed in Santa Clara County.  I am over the age of eighteen years and not a party to the action *Watson v. Albin*.  My business address is 425 Sherman Avenue #330, Palo Alto, CA 94306.  On February 6, 2008, I served the following document:

## FIRST AMENDED COMPLAINT (Jury Trial Demanded)

by depositing the documents in the U.S. mail in a sealed envelope with First-Class postage prepaid, addressed as follows:

| | |
|---|---|
| Michael J. Dodson<br>Office of the City Attorney<br>200 East Santa Clara Street<br>San Jose, CA 95113-1905 | Timothy Schmal<br>Burton, Volkmann & Schmal, LLP<br>133 Mission Street<br>Suite 102<br>Santa Cruz, CA 95060 |
| Mark F. Bernal<br>Office of the County Counsel<br>70 W. Hedding Street<br>9th Floor, East Wing<br>San Jose, CA 95110 | Claudia Leed<br>Stubbs & Leone<br>2175 N. California Blvd.<br>Suite 900<br>Walnut Creek, CA 94596 |
| Edmund G. Brown, Jr.<br>Attorney General of the State of California<br>Jennifer C. Addams<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Palo Alto, California, on February 6, 2008.

Teresa Moran

(ENDORSED)

2008 JAN -7 AM 10: 48

KIRI TORRE, CEO
SUPERIOR COURT
SANTA CLARA CO.
BY_____Sorum____DEPUTY

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
5  Telephone:    (415) 703-5382
   Facsimile:    (415) 703-5480
6  E-mail:  Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant State of California

8

9                    SUPERIOR COURT OF CALIFORNIA

10                      COUNTY OF SANTA CLARA

11

12  Dwight Watson; Daniel Farias; Lauren           Case No. 107CV-096770
    Watson; and Nicole Watson,
13                                                 NOTICE OF DEMURRER TO
                             Plaintiffs,           PLAINTIFFS' COMPLAINT
14
                                                   Date:        February 21, 2008
15            v.                                    Time:        9:00 a.m.
                                                   Department    8
16  The State of California; Santa Clara           Trial Date:   None assigned
    County Specialized Enforcement Team; and       Action Filed: December 19, 2006
17  Does 1-50,

18                           Defendants.

19

20       TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that on February 21, 2008, at 9:00 a.m., in Department 8 of the

22  above-entitled Court, located at 191 North First Street, San Jose, California, the State of

23  California will, and hereby does:

24       1.    Generally demur to the complaint and each cause of action therein on the grounds that

25  it fails to allege facts sufficient to state a cause of action against the State (C.C.P. § 430.10(e)).

26       2.    Generally demur to the complaint and each cause of action therein on the grounds that

27  there is another action pending between the same parties on the same causes of action (C.C.P.

28  § 430.10(c)).

                                            1

ATTORNEY GENERAL--OFFICE COPY

1    3.    Move for dismissal of this action and such other relief as the Court deems proper.

2    4.    In the alternative to a dismissal, move for a discretionary stay of this action until the

3    related federal action is completed.

4    This Demurrer is based upon this Notice of Demurrer and the accompanying Memorandum

5    of Points and Authorities, the accompanying Request for Judicial Notice, all matters of which the

6    Court must or may take judicial notice, all pleadings and papers on file herein, and on such

7    evidence and argument as the Court may allow.

8    Dated: January 4, 2008.

9    Respectfully submitted,

10   EDMUND G. BROWN JR.
     Attorney General of the State of California

11   PAUL T. HAMMERNESS
     Supervising Deputy Attorney General

12

13

14   JENNIFER C. ADDAMS
     Deputy Attorney General

15   Attorneys for Defendant

16

17

18   40198893.wpd

19   SF2007403401

20

21

22

23

24

25

26

27

28

2

Notice of Def. State of California's Demurrer to Plaintiffs' Complaint  (107CV-096770)

(ENDORSED)

## DECLARATION OF SERVICE BY U.S. MAIL

2008 JAN -7  AM 10: 48

Case Name:    **Dwight Watson, et al. v. State of California, et al.**

KIRI TORRE. CEO
SUPERIOR COURT
SANTA CLARA CO.
BY M. Sorum _____DEPUTY

No.    **107CV-096770**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 4, 2008, I served the attached **NOTICE OF DEMURRER TO PLAINTIFFS' COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark Martel
> Attorney at Law
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
> *Attorney for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 4, 2008, at San Francisco, California.

_____
C. Deuel
Declarant

_____
Signature

40203195.wpd

(ENDORSED)

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS                                    2008 JAN -7  AM 10: 48
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355                  KIRI TORRE. CEO
   Deputy Attorney General                                  SUPERIOR COURT
4    455 Golden Gate Avenue, Suite 11000                    SANTA CLARA CO.
     San Francisco, CA  94102-7004                       BY M. Sorum    DEPUTY
5    Telephone:    (415) 703-5382
     Facsimile:    (415) 703-5480
6    E-mail:  Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant State of California

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren        Case No. 107CV-096770
    Watson; and Nicole Watson,
12                                              REQUEST FOR JUDICIAL
                                 Plaintiffs,    NOTICE
13
                 v.
14                                              Action Filed:  December 19, 2006
    The State of California; Santa Clara
15  County Specialized Enforcement Team;
    and Does 1-50,
16
                                 Defendants.
17

18

19        DEFENDANT STATE OF CALIFORNIA HEREBY REQUESTS THE COURT TO TAKE

20  JUDICIAL NOTICE OF THE FOLLOWING DOCUMENT:

21        Complaint for Damages filed December 19, 2006, in the United States District Court,

22  Northern District of California, case number C06-07767 RMW (RS), attached as Exhibit 1 to the

23  Memorandum of Points and Authorities in Support of Defendant State of California's Demurrer

24  to Plaintiffs' Complaint.  The Court may take judicial notice of this document under California

25  Evidence Code section 452(d).

26  ///

27  ///

28  ///

                                         1
_____
Request for Judicial Notice                                    (107CV-096770)

ATTORNEY GENERAL--OFFICE COPY

1     Dated:  January 4, 2008.

2                                        Respectfully submitted,

3                                        EDMUND G. BROWN JR.
                                         Attorney General of the State of California

4                                        PAUL T. HAMMERNESS
                                         Supervising Deputy Attorney General

5

6

7                                        JENNIFER C. ADDAMS
                                         Deputy Attorney General

8
                                         Attorneys for Defendant
9

10

11    40203142.wpd
      SF2007403401
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     2

## DECLARATION OF SERVICE BY U.S. MAIL   (ENDORSED)

2008 JAN -7 AM 10: 48

Case Name:   **Dwight Watson, et al. v. State of California, et al.**

KIRI TORRE, CEO
SUPERIOR COURT
SANTA CLARA CO.

No.   **107CV-096770**

BY M. Sorum    DEPUTY

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 4, 2008, I served the attached **REQUEST FOR JUDICIAL NOTICE** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Mark Martel
> Attorney at Law
> 425 Sherman Avenue, Suite 330
> Palo Alto, CA 94306
> *Attorney for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 4, 2008, at San Francisco, California.

| C. Deuel | C. Deuel |
|---|---|
| Declarant | Signature |

40203247.wpd

ATTORNEY GENERAL--OFFICE COPY

1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 PAUL T. HAMMERNESS
Supervising Deputy Attorney General
3 JENNIFER C. ADDAMS, State Bar No. 209355
Deputy Attorney General
4  455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
5 Telephone:  (415) 703-5382
Facsimile:   (415) 703-5480
6 E-mail:  Jennifer.Addams@doj.ca.gov

7 Attorneys for Defendant State of California

**(ENDORSED)**

2008 JAN -7  AM 10: 48

KIRI TORRE. CEO
SUPERIOR COURT
SANTA CLARA CO.

BY_____DEPUTY
M. Sorum

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11 **Dwight Watson; Daniel Farias; Lauren
Watson; and Nicole Watson,**
12
                                    Plaintiffs,
13
                  v.
14
**The State of California; Santa Clara
15 County Specialized Enforcement Team;
and Does 1-50,**
16
                                    Defendants.
17

Case No. 107CV-096770

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT STATE OF
CALIFORNIA'S DEMURRER TO
PLAINTIFFS' COMPLAINT**

Date:          February 21, 2008
Time:          9:00 a.m.
Department   8
Trial Date:     None set
Action Filed:  December 19, 2006

18

19 I.    **INTRODUCTION**

20      In December of 2006, Plaintiffs Dwight Watson and his children, Daniel Farias, Nicole

21 Watson and Lauren Watson, filed an action in the United States District Court, Northern District,

22 against the State of California, a handful of other public entities and several law enforcement

23 officers.  The basis for the suit was the arrest of Dwight Watson.  The family claimed unlawful

24 arrest, excessive use of force, battery, malicious prosecution, violation of constitutional rights,

25 and negligent and intentional infliction of emotional distress.  There was also a single cause of

26 action against Santa Clara County only for failure to provide medical treatment.  On May 25,

27 2007, the Honorable Ronald Whyte granted Defendant State's motion to dismiss them from this

28 federal action.  Plaintiffs now bring the exact same action (minus the cause of action for failure

                                            1

1   to provide medical treatment), based on the exact same facts, against the State of California in

2   this Superior Court.

3       This is not a proper action. The Complaint fails to state a claim against the State because

4   Plaintiffs have failed to allege a statutory basis for liability. In addition, no subject matter

5   jurisdiction exists over Plaintiffs' civil rights cause of action because the State of California is

6   not a "person" within the meaning of 42 U.S.C. § 1983. Res judicata issues arise because there is

7   a similar action pending in federal court. Thus, this concurrent state court action cannot be

8   pursued in the interest of justice. The State of California therefore brings this demurrer on these

9   grounds and requests that it be sustained without leave to amend. In the alternative, the State

10  requests a discretionary stay in the state court action until the federal court action is complete.

11  **II.   STATEMENT OF FACTS**

12      On December 19, 2006, Plaintiffs Dwight Watson, Daniel Farias, Lauren Watson, and

13  Nicole Watson filed an action in the United States District Court, Northern District of California,

14  against police officers Glenn Albin, David Mendez, Frank St. Clair, Mike D'Antonio, and Mike

15  Rubino, as well as Santa Clara County, the Santa Clara County Sheriff's Department, and the

16  State of California. (Complaint attached hereto as Exhibit 1.) The lawsuit was based on the

17  arrest of Dwight Watson. It alleged ten causes of action, three against the State of California:

18  unlawful arrest under 42 U.S.C. § 1983, malicious prosecution under 42 U.S.C. § 1983, and

19  violation of civil rights under California Civil Code section 52.1.

20      The State of California brought a motion to dismiss the complaint against it on February 23,

21  2007. On May 27, 2007, the District Court granted the motion.

22      On October 17, 2007, Plaintiffs filed this action against the State of California and the Santa

23  Clara County Specialized Enforcement Team. (Complaint attached hereto as Exhibit 2.) On

24  December 10, 2007, the State of California was served. The action arises out of the identical

25  facts brought in the District Court. Plaintiffs allege six causes of action: false arrest, battery by

26  Officer Albin, battery by Officer St. Clair, excessive use of force/ratification under 42 U.S.C.

27  § 1983, violation of civil rights under California Civil Code section 52.1, and

28  "negligent/intentional infliction of emotional distress."

# III.  ARGUMENT

## A.  A Demurrer is Proper in this Case

A demurrer tests the legal sufficiency of a complaint or any of the causes of action contained therein. (*Cobb v. O'Connell* (2005) 134 Cal.App.4th 91, 95 [quoting *Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497]; C.C.P. section 430.50 ("A demurrer to a complaint or cross-complaint may be taken to the whole of the complaint or cross-complaint or to any of the causes of action stated therein").  The basis for a demurrer includes any ground for objection which appears on the face of the complaint, including any exhibits attached to the complaint, as well as any matter which the court is required to or may take judicial notice. (Code Civ. Proc., § 430.30; *Thaler v. Household Finance Corp.* ( 2000) 80 Cal.App.4th 1093, 1101 [citing *Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 94].)

When ruling on a demurrer, the court "assume[s] the truth of all facts properly pleaded in the complaint and its exhibits or attachments, as well as those facts that may fairly be implied or inferred from the express allegations." (*Cobb, supra,* 134 Cal.App.4th at 95 [citing *Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403].)  The court "do[es] not, however, assume the truth of contentions, deductions, or conclusions of fact or law." (*Cobb, supra,* 134 Cal.App.4th at 95 [ quoting *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125].)

"Where the nature of plaintiff's claim is clear, and under substantive law no liability exists, a court should deny leave to amend because no amendment could change the result." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459- 460.)  The plaintiff bears the burden of demonstrating the manner in which his or her complaint might be amended. (*Ibid.*)

As fully explained below, Plaintiffs have brought an action against the State of California that cannot be sustained.  Under substantive law, no liability for the State of California exists as to the allegations Plaintiffs are making.  Therefore, the court should sustain this demurrer without leave to amend because no amendment could change the result.

///

**B.  The Complaint Fails to State a Claim Against the State Because Plaintiffs Have Failed to Allege a Statutory Basis for Liability**

The California Tort Claims Act decrees that all state tort liability is dependent on statute. (Gov. Code § 815 (a); *Williams v. Horvath* (1976) 16 Cal.3d 834, 838; *Morris v. State of California* (1979) 89 Cal.App.3d 962, 964; *Gonzales v. State of California* (1972) 29 Cal.App.3d 585, 591.) Thus, it is well-settled that California public entities are liable, if at all, only pursuant to a specific statute imposing liability. (*Tolan v. State of California ex rel. Dept. of Transportation* (1979) 100 Cal.App.3d 980, 986.) As explained by the California Supreme Court in *Williams v. Horvath*:

> Government Code § 815 restores sovereign immunity in California except as provided in the Tort Claims Act or other statute. Thus, the intent of the act is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances . . . .

*Williams*, 16 Cal.3d at 848. (*See also Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 495.)

In this complaint for damages, Plaintiffs allege liability against the State of California based on false arrest, battery, excessive use of force, a violation of constitutional and civil rights, and common law allegations of negligence. Plaintiffs do not, however, set forth a statutory basis of liability. Such allegations will not lie against the State of California or its departments. Because, as set forth above, the exclusive basis of public entity liability is statutory, a cause of action based upon general negligence and other common law liability cannot be maintained against State agencies. (*Tolan*, 100 Cal.App.3d at 986 (no common law products liability theory); *Van Kempen v. Hayward Area Park Dist.* (1972) 23 Cal.App.3d 822, 825 (public entities are not liable for common law negligence). Any direct negligence theory advanced by Plaintiffs in this matter is not grounded on a violation of statutory duty by the public entity under Government Code section 815. (*Munoz v. City of Union City* (2004) 120 Cal.App.4th 1077, 1082.)

Also without reference to any statute, Plaintiffs allege in the second amended complaint:

///

4

1 | Defendants have effectively condoned and ratified the excessive use of force against Dwight Watson and Daniel Farias by failing to thoroughly investigate
2 | it, punish those responsible and modify their training, procedures and policies to prevent the recurrence of similar acts of excessive force against
3 | individuals. By ratifying and condoning the excessive use of force against Dwight Watson, Daniel Farias, and others, Defendants have encouraged
4 | future excessive force. (Plaintiffs' Complaint for Damages, p. 8, ¶ 50, lines 15-19.)

5

6 | A general claim for negligence, of the type asserted here, cannot be maintained against

7 the State or its employees without the existence of a statutory mandatory duty that was allegedly

8 breached. This is because there is no common law liability against the State and its employees.

9 Absent a statute declaring liability of public entities or employees, there can be no liability.

10 (Gov't. Code §§ 815, 815.2(b); *Peterson v. San Francisco Community College Dist.* (1984) 36

11 Cal.3d 799, 809.)

12 | While a public entity may be liable for failure to carry out a mandatory duty (see Gov't.

13 Code § 815.6), it is not liable for common law negligence, even if a duty of care is found.

14 (*Rodriguez v. Inglewood Unified School Dist.* (1986) 186 Cal.App.3d 707, 715.)

15 | Claims for negligent supervision and hiring have been routinely rejected by the courts.

16 In *Harshbarger v. City of Colton* (1988) 197 Cal.App.3d 1335, plaintiffs alleged that the city

17 should be held liable for its negligence in failing to supervise its employees and for its negligence

18 in hiring them. The court firmly rejected this argument, noting that the plaintiffs "cite no case,

19 nor has our research revealed any, in which a public entity has been held liable for negligent

20 hiring or supervision..." (*Id.*, at 1348.) Here, as well, Plaintiffs cite to no case nor set forth any

21 statutory basis for liability.

22 | Furthermore, claims for negligent hiring, training and supervision are also barred by

23 the discretionary immunity set forth in Government Code section 820.2 (and made applicable to

24 public entities by Gov't. Code § 815.2(b)) which provides that "a public employee is not liable

25 for an injury resulting from his act or omission where the act or omission as the result of the

26 exercise of the discretion vested in him, whether or not such discretion be abused." In this case,

27 the personnel and training decisions of any entity that Plaintiffs may be referring to are inherently

28 discretionary activities. There is no single way to supervise or train law enforcement officers,

State of California's Demurrer to Plaintiffs' Complaint (107CV-096770)

1  and the manner in which the state agency has decided to do so is discretionary and immune from

2  liability. Thus, these causes of action fail.

3      **C. No Subject Matter Jurisdiction Exists Over Plaintiffs' Civil Rights Cause of Action Because the State of California Is Not A "Person" Within the Meaning of**

4      **42 U.S.C. § 1983.**

5      In the fourth and fifth causes of action, Plaintiffs allege that the State of California

6  violated Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983. States and state officials acting in

7  their official capacities are not "persons" subject to 42 U.S.C. § 1983 claims, however. (*Will v.*

8  *Michigan Dept. of State Police* (1988) 491 U.S. 58; *General Motors Corp. v. City and County of*

9  *San Francisco* (1999) 69 Cal.App.4th 448, 458.)

10      Violation of a plaintiff's rights under federal law gives rise to a cause of action for

11  damages under section 1983 of the Civil Rights Act, which provides that "[e]very *person* who,

12  under color of [state law],...[deprives] any citizen of the United States...of any rights, privileges,

13  or immunities secured by the Constitution and laws, shall be liable to the party injured..."

14  (*McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984) citing 42 U.S.C. § 1983; emphasis

15  added.) The state, in this action, is not a "person" for purposes of section 1983, however.

16  Plaintiffs cannot maintain their civil rights actions against the State of California. Accordingly,

17  the fourth and fifth causes of action both fail.

18      **D. Because there is A Similar Action Pending in Federal Court, this Concurrent State Court Action Cannot Be Pursued in the Interest of Justice.**

19

20      Even if the above causes were not enough to warrant dismissal of Plaintiffs' complaint,

21  there is also a potential res judicata issue brought by this complaint. As stated by the California

22  Supreme Court,

23      The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent

24      jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent

25      lawsuit on a different cause of action. . . . The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair

26      trial on an issue from again drawing it into controversy. . . . The doctrine also serves to protect persons from being twice vexed for the same cause.

27  *Bernhard v. Bank of America* (1942) 19 Cal.2d 807, 810-811.

28

6

1    The State was served with the federal complaint, attached hereto as Exhibit 1 [judicial

2  notice requested thereof], brought by Plaintiffs herein against the State and California Highway

3  Patrol Officer Mike Rubino, as well as other public entity defendants, on December 19, 2006.

4  The causes of action arising from the same incident alleged by the Plaintiffs in the complaint at

5  issue are exactly the same as those brought in Plaintiffs' federal action.  On May 27, 2007, the

6  State was dismissed from the federal action.  Although the federal case is proceeding without the

7  participation of the State, a determination therein is likely to result in conclusive issues of fact

8  against Plaintiffs (collateral estoppel), and if both actions are allowed to proceed, then conflicting

9  judgments or a double recovery could occur.  (Code Civ. Proc. § 430.10(c).)  In addition,

10  Plaintiffs have full and fair opportunity to present their case in the corresponding federal action.

11    Res judicata promotes judicial economy by minimizing repetitive litigation, preventing

12  inconsistent judgments, and protecting against vexatious litigation.  (*Clemmer v. Hartford*

13  *Insurance Co.*, 22 Cal.3d 865, 875 *citing People v. Taylor* (1974) 12 Cal.3d 686, 695;

14  *Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601.)  Allowing Plaintiffs to

15  sustain an action in federal court as well as one in state court for the same causes of action is a

16  waste of the court's resources.  These issues are not correctable by amending the Complaint.

17  This demurrer should be sustained and the state court action done away with.

18    **E.    In the Alternative, Defendant is Entitled to a Discretionary Stay**

19    In the alternative to dismissing this action, Defendant respectfully requests a stay until

20  there is an outcome in the federal action.  Code of Civil Procedure section 923 states, "The

21  provisions of this chapter shall not limit the power of a reviewing court or of a judge thereof

22  to...make any order appropriate to preserve the status quo, the effectiveness of the judgment

23  subsequently to be entered or otherwise in aid of its jurisdiction."  This court has the discretion to

24  stay the action until the outcome of the federal action is known.  Defendant contends, however,

25  this demurrer should be sustained without leave to amend and this Complaint dismissed.

26  ///

27  ///

28

## IV. CONCLUSION

Plaintiffs' action in the Superior Court of California is not proper. It is not sustainable because Plaintiffs have failed to state a claim for relief, failed to allege a statutory basis for bringing the action, are alleging that the state is a "person" under 42 U.S.C. § 1983, which it is well settled that it is not, and are asking this court to proceed with a case that may run afoul of res judicata. Defendants Defendants thus demur to this Complaint based on these reasons and ask that the demurrer be sustained without leave to amend.

Dated:    January 4, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General

JENNIFER C. ADDAMS
Deputy Attorney General

Attorneys for Defendant

40198989.wpd
SF2007403401

State of California's Demurrer to Plaintiffs' Complaint  (107CV-096770)

**EXHIBIT 1**

FEB-06-2007(TUE) 12:14    ONE LEGAL, INC.    (FAX)1+510+873+0984    P.003/050

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

Dwight Watson; Daniel Farias; Nicole Watson; and
Lauren Watson

V.

Glenn Albin; David Mendez; Frank St. Clair;
Mike D'Antonio; Mike Rubino; County of Santa
Clara; State of California, and Does 1 through 50

SUMMONS IN A CIVIL CASE

CASE NUMBER:

## C06 07767 RMW RS

TO: (Name and address of defendant)

| | | | |
|---|---|---|---|
| Glenn Albin c/o San Jose Police Department 201 W. Mission Street San Jose, CA 95110 | Mike D'Antonio Santa Clara County Sheriff's Office 33 West Younger Avenue San Jose, CA 95110 | David Mendez City of Campbell Police Dept. 70 N. First Street Campbell, CA 95008 | County of Santa Clara 70 West Hedding Street, 10th Fl. San Jose, CA 95110 |
| State of California - Dept. of Justice - Bureau of Narcotics Enforcement 2025 Gateway Place, Suite 474 San Jose, CA 95110 | | Mike Rubino 70 West Hedding St., 10th Flr. San Jose, CA 95110 | Frank St. Clair 70 West Hedding, 10th Flr. San Jose, CA 95110 |

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Mark Martel
Attorney at Law
425 Sherman Avenue, Suite 330
Palo Alto, CA 94306
Tel: 650.470.2650
Fax: 650.470.2654

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE 12-19-06

_Sandy Morris_
(BY) DEPUTY CLERK

Sandy Morris

FEB-06-2007(TUE) 12:18    ONE LEGAL, INC.                (FAX)1+510+873+0984      P. 004/050

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE ( ) ( ) |
|---|

| Service of the Summons and Complaint was made by me [1] | DATE |
|---|---|

| Name of SERVER | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐  Served Personally upon the Defendant. Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

| STATEMENT OF SERVICE FEES |
|---|

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                              Signature of Server

                                          _____
                                          Address of Server

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

FEB-06-2007(TUE) 12:15    ONE LEGAL, INC.    (FAX)1+510+873+0984    P. 005/050

JS 44 –CAND [Rev. 11/04]

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dwight Watson; Daniel Farias; Lauren Watson; and Nicole Watson | Glenn Albin; David Mendez, Frank St. Clair; Mike D'Antonio; Mike Rubino; Santa Clara County; State of California, and Does 1 through 50 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Santa Clara County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.    Santa Clara County

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark Martel, Attorney At Law
425 Sherman Ave., #330, Palo Alto, CA 94305

ATTORNEYS (IF KNOWN)

C06   07767 RMW   RS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury— Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers' Liability | PERSONAL PROPERTY | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | ☐370 Other Fraud | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐345 Marine Product Liability | ☐371 Truth in Lending | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐380 Other Personal Property Damage | ☐690 Other | SOCIAL SECURITY | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders' Suits | ☐355 Motor Vehicle Product Liability | ☐385 Property Damage Product Liability | LABOR | ☐861 HIA (1395ff) | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | | ☐710 Fair Labor Standards Act | ☐862 Black Lung (923) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐863 DIWC/DIWW (405(g)) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐864 SSID Title XVI | ☐893 Environmental Matters |
| | | | ☐740 Railway Labor Act | ☐865 RSI (405(g)) | ☐894 Energy Allocation Act |
| | | | ☐790 Other Labor Litigation | FEDERAL TAX SUITS | ☐895 Freedom of Information Act |
| | | | ☐791 Empl. Ret. Inc. Security Act | ☐870 Taxes (US Plaintiff or Defendant) | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐871 IRS—Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motions to Vacate Sentence Habeas Corpus | | | ☐890 Other Statutory Actions |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | | |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | | |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | ☐445 Amer. w/ Disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer. w/ Disab - Other | | | | |
| | ☐480 Consumer Credit | | | | |
| | ☐490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. §1983 — False Arrest, Excessive Force, Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE    SIGNATURE OF ATTORNEY OF RECORD

FEB-06-2007(TUE) 12:15    ONE LEGAL, INC.                    (FAX)1+510+873+0984           P. 006/050

ORIGINAL
FILED

06 DEC 19  AM 11: 39

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. CA SJ.

1  Mark Martel, State Bar No. 147970
2  Attorney At Law
   425 Sherman Ave. #330
3  Palo Alto, CA 94306
   Tel: (650) 470-2650
4  Fax: (650) 470-2654
   e-mail: markmartel@aol.com

5  Attorney for Plaintiffs Dwight Watson, Daniel Farias,
6  and Lauren Watson

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  Dwight Watson; Daniel Farias; Lauren Watson;       C 06 — 07767 RMW
12  and Nicole Watson;                                                              RS

13                                                      COMPLAINT FOR DAMAGES
          Plaintiffs,
14                                                      42 U.S.C. §1983 and Pendent State
                                                        Law Claims
15  v.
                                                        JURY TRIAL DEMANDED
16  Glenn Albin; David Mendez; Frank St. Clair;
    Mike D' Antonio; Mike Rubino; Santa Clara
17  County; State of California; and Does 1-50,

18          Defendants.

19

20                         INTRODUCTION

21      1.  On October 25, 2005, Plaintiff Dwight Watson was home in bed, with a severely

22  herniated disc in his lower back and a painful case of sciatica.  Mr. Watson lived with his wife

23  Margaret Farias, their three minor children, his wife's elderly parents, and his wife's brother

24  Curtis Farias, who was on probation for a drug offense.  Unbeknownst to Mr. Watson and his

25  family, Curtis Farias had recently been detained outside of the house by agents of the Santa Clara

26  County Specialized Enforcement Team (SCCSET).  After detaining Mr. Farias, the SCCSET

27  officers entered the Farias/Watson house to conduct a probation search for further evidence against

28  Curtis Farias.  When Mr. Watson got out of bed to see what was happening, Defendant Glen Albin

1  began to handcuff him. Mr. Watson said that he was not Curtis Farias. Officer Albin apparently

2  did not like Mr. Watson questioning Albin's action, and threw Mr. Watson to the floor. He then

3  punched Mr. Watson in the face repeatedly while he was on the floor, and dug his knees into Mr.

4  Watson's lower back, causing him excruciating pain because of his herniated disc.

5      Mr. Watson's stepson Daniel Farias shouted "what are you doing? That's my dad!".

6  Officer St. Clair took Daniel to the floor and handcuffed his hands behind his back. When Daniel

7  tried to raise his head to see what was happening to his father, Officer St. Clair hit Daniel's head

8  against the floor, causing a large bump on his forehead. Defendants then falsely charged Mr.

9  Watson with resisting and/or delaying a peace officer in the performance of his duties. At least

10  three officers then wrote police reports that falsely stated that Mr. Watson had struggled with the

11  officers and attempted to strike Officer Albin.

12      Mr. Watson was jailed for three weeks on the false charges against him. During that time

13  he was in such pain from the herniated disc in his back and associated sciatica, aggravated by

14  Defendants' use of force against him, that he could barely walk. His jailers nevertheless refused to

15  allow him to take his prescribed medication for his sciatica.

16      No action was taken against any of the Defendants for their illegal actions against Mr.

17  Watson and his family.

18      In March 2006, the Santa Clara County District Attorney attempted to convict Mr. Watson

19  on the false charges of resisting and battery on a police officer. The jury acquitted Mr. Watson on

20  both charges after deliberating for less than half an hour.

21                          JURISDICTION AND VENUE

22      2.  This action arises under Title 42 of the United States Code, §1983. This Court has

23  jurisdiction over the action under 28 U.S.C. §§1331 and 1343.

24      3.  The pendent state claims alleged herein arise from the same facts as the federal claims,

25  such that all claims alleged herein would ordinarily be prosecuted in a single action. This Court

26  therefore has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

27

28

4. All events alleged herein occurred in the County of Santa Clara, California. Venue therefore lies in this Court under 28 U.S.C. §1391(b)(2).

5. Within six months of the events subject of this lawsuit, Plaintiffs filed claims against the State of California, Santa Clara County, and the City of Campbell in accordance with California Government Code §910 et seq. The State of California responded the claim against it by stating that it had no jurisdiction over the claim, but reopened the claim in response to Plaintiffs' inquiries on or about December 15, 2006. Santa Clara County rejected the claim in its entirety, and notified Plaintiffs of this rejection on June 16, 2006. The City of Campbell did not respond to the claim against it. Plaintiffs are filing this action within six months of Defendants' rejection of Plaintiffs' claims, as required by California Government Code §945.6.

## PARTIES

6. Plaintiff Dwight Watson is an individual who lives with his extended family in Campbell, California. He is the common law husband of Margaret Farias, the stepfather of Daniel Farias, the father of Lauren Watson and Nicole Watson. At all times mentioned in this complaint, Dwight Watson and the above-mentioned members of his family lived at 74 Decorah Lane in Campbell, California.

7. Plaintiff Daniel Farias is the stepson of Dwight Watson. He was 14 years old at the time of the events alleged herein.

8. Plaintiff Lauren Watson is the daughter of Dwight Watson. She was 11 years old at the time of the events alleged herein.

9. Plaintiff Nicole Watson is the daughter of Dwight Watson. She was 4 years old at the time of the events alleged herein.

10. Defendant Glenn Albin was an officer assigned to the SCCSET at all times mentioned herein.

11. Defendant David Mendez was an officer assigned to the SCCSET at all times mentioned herein.

12. Defendant Frank St. Clair was an officer assigned to the SCCSET at all times mentioned herein.

13. Defendant Mike D'Antonio was an officer assigned to the SCCSET at all times mentioned herein.

14. Defendant Mike Rubino was an officer assigned to the SCCSET at all times mentioned herein.

15. Defendant Santa Clara County is a division of the State of California. Santa Clara County contains the Santa Clara County Sheriff's Office and SCCSET.

16. Defendant State of California oversees the SCCSET through its Department of Justice, Bureau of Narcotics Enforcement.

17. Plaintiffs are unaware of the true names and capacities of Defendants Does 1 through 50, and therefore sues them under fictitious names. Plaintiffs are informed and believe, and on that basis allege, that Does 1 through 50 were each responsible for the injuries and damages suffered by Plaintiffs. Plaintiffs will amend the complaint to substitute the true names of Does 1 through 50 if and when they learn those names;

18. In doing the acts and omissions alleged herein, Defendants and each of them acted as the agent, employee, and/or in concert with all other Defendants.

19. In doing the acts and omissions alleged herein, Defendants and each of them acted within the course and scope of their employment for the State of California, Santa Clara County, and/or the City of Campbell, under color of authority, and under color of law.

## FACTUAL ALLEGATIONS

20. On the evening of October 25, 2005, Plaintiff Dwight Watson was home in bed with a herniated disc in his lower back and painful sciatica. Mr. Watson lived in Campbell in a house owned by his in-laws with his wife Margaret Farias; his stepson Daniel Farias, age 14; his daughters Lauren Watson, age 14, and Nicole Watson, age 4; his parents-in-law Ernest and Ann Farias; and his brother in-law Curtis Farias.

21. Curtis Farias was on probation after being convicted on a drug possession charge. One of the terms of his probation was that the police could search his bedroom and common areas of the house after knocking and announcing their presence. Officers had previously come to the Watson/Farias house several times to do probation searches. On those occasions, Dwight Watson cooperated fully with the police, even assisting them by taking them to Curtis Farias' bedroom, knocking on Curtis' door himself, and asking Curtis to open the door. No one else living in the household was on probation.

22. On October 25, 2005, members of the Santa Clara County Specialized Enforcement Team (SCCSET) and the Campbell Police Department (CPD) went to the Watson/Farias home to conduct a probation search for possible evidence of probation violations by Curtis Farias. SCCSET officers Mendez, Mecir, Albin, D'Antonio, Rubino, St. Clair, and Muñoz, and CPD officers Pulliam, Cutler, and Melcher participated in this operation. The officers first watched the house from outside. At approximately 6:50 p.m., Curtis Farias left the house and drove away in his vehicle. SCCSET officers D'Antonio and Rubino detained Mr. Farias and took him into custody for driving with a suspended driver's license. All of the above-mentioned officers, including the two that had detained Mr. Farias, subsequently approached the Farias/Watson home at about 7:15 p.m. The officers knew from prior probation searches at the house, and from statements of Curt Farias that night, that there were elderly parents and children in the house.

23. Officer Mendez knocked on the door loudly. Plaintiff Dwight Watson was in bed at this time, and heard loud voices and loud banging on the door. His daughter Lauren went to the door. As she was reaching for the door, it opened, hitting her hand. One of the officers pointed a gun at her and moved her against the wall.

24. At this point, Dwight Watson got out of bed to find out what was happening. He heard an officer announce "probation sweep" as he was walking out of his bedroom. He walked toward the front door, with difficulty because of the pain in his back and leg. He saw several police officers with their guns drawn. He said "you must be here for Curtis". Officer Albin immediately grabbed Mr. Watson, pushed him against the wall, and started to handcuff Mr.

1  Watson. Mr Watson said "I'm not Curtis". Officer Albin then threw Mr. Watson to the floor, got

2  on top of him; and punched him repeatedly in the facing, creating a pool of blood on the floor. No

3  officer had given Mr. Watson any command at this point.

4      25. Mr. Watson's son Daniel saw what was happening and shouted "What are you doing?

5  That's my Dad!". Officer St. Clair then took Daniel to the floor and handcuffed his hands behind

6  his back. Daniel said "what are you doing to my dad?" when he saw Officer Albin punching Mr.

7  Watson repeatedly in the face. Daniel lifted his head to see what was happening to his father.

8  Officer St. Clair hit his forearm or elbow on the back of Daniel's head, knocking Daniel's head to

9  the hard floor, causing a large bump on his forehead. Dwight Watson heard this, and then heard

10  Daniel say "why are hitting me?"

11      26. Officers D'Antonio, Rubino, and Mendez got on top of Mr. Watson, and participated

12  in detaining Mr. Watson together with Officer Albin. Officer Albin put his knees in Mr. Watson's

13  lower back, while Mr. Watson complained of pain in his back, and said he had a herniated disc.

14  One officer bent Mr. Watson's wrist, also causing him severe pain. At no point did Mr. Watson

15  physically resist the officers, or refuse to obey any commands. He never struck or attempted to

16  strike any officer.

17      27. The officers placed Mr. Watson under arrest, and charged him with resisting arrest and

18  battery on a police officer. After they took Mr. Watson away to jail, one or more of the officers

19  stated to Mr. Watson's wife that they had detained Curtis Farias before coming into the house.

20      28. Mr. Watson's three children Daniel, Lauren, and Nicole were present and nearby in

21  the house when the events described above occurred.

22      29. Officers Albin, Mendez, and St. Clair wrote in their police reports that Mr. Watson

23  had been irate when he came out of the bedroom; resisted the officers' efforts to detain him;

24  struggled with the officers; and attempted to strike Officer Albin. These statements were

25  completely false. Mr. Watson did not do any of these things, and was physically incapable of

26  resisting the officers or struggling with them, because of his herniated lumbar disc and associated

27

28

1   sciatica. The reports also omitted the fact that Officer Albin had repeatedly punched Mr. Watson in

2   the face, causing him to bleed profusely.

3       30. Mr. Watson was taken to the Santa Clara County jail, and then to the Elmwood jail in

4   Milpitas, California, where he remained for approximately three weeks. The guards and other staff

5   at the jail refused to allow Mr. Watson access to his pain medication for sciatica, even though Mr.

6   Watson was in excruciating pain. Mr. Watson was in so much pain during this time that he could

7   barely walk, and had to crawl on the ground or be carried to move from one place to another.

8       31. In reliance on the officers' false police reports, the Santa Clara County District

9   Attorney prosecuted Mr. Watson for allegedly resisting arrest and battery on a police officer. The

10   case was tried to a jury in Santa Clara County Superior Court from March 27-29, 2006. The jury

11   acquitted Mr. Watson of all charges after deliberating for less than 30 minutes.

12                STATEMENT OF DAMAGES

13       32. Defendants' actions alleged above physically injured Dwight Watson, caused him to

14   spend three weeks in jail and defend false criminal charges against him, and caused him emotional

15   distress. Defendants' actions also physically injured Daniel Farias, and cause emotional distress to

16   all of Mr. Watson's family members who witnessed Officer Albin beat Mr. Watson.

17       33. Defendant Albin's beating of Mr. Watson was despicable, oppressive, malicious, and

18   done with a willful and conscious disregard of Mr. Watson's rights and safety, justifying an award

19   of punitive damages.

20       34. Defendants arrest and detention of Mr. Watson on false charges was despicable,

21   oppressive, malicious, and done with a willful and conscious disregard of Mr. Watson's rights and

22   safety, justifying an award of punitive damages.

23       35. Defendants Albin, Mendez, and St. Clair falsely stated in their police reports that Mr.

24   Watson had resisted the officers and struggled with them. The reports also omitted the fact that

25   Officer Albin had beaten Mr. Watson. These false statements and omissions in the officers'

26   reports were despicable, oppressive, malicious, and done with a willful and conscious disregard of

27   Mr. Watson's rights and safety, justifying an award of punitive damages.

28

36. Defendant County of Santa Clara's refusal to allow Mr. Watson to take his prescribed medication for his sciatica condition was despicable, oppressive, malicious, and done with a willful and conscious disregard of Mr. Watson's rights and safety, justifying an award of punitive damages.

37. The failure of Defendants County of Santa Clara, City of Campbell, and the State of California to thoroughly investigate and punish Officer Albin's use of force against Mr. Watson and take steps to prevent the recurrence of similar incidents, was also despicable and done with a willful and conscious disregard of Mr. Leonard's rights, justifying an award of punitive damages.

### FIRST CAUSE OF ACTION
#### Unlawful Arrest
#### 42 U.S.C. §1983; State Law
#### (Against All Defendants)

38. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

39. Plaintiff Dwight Watson did not obstruct or delay Defendants in the performance of their duties, and did not resist Defendants. Defendants had no actual or reasonable basis to believe that Mr. Watson had obstructed, delayed, or resisted them in the performance of their duties, or was otherwise engaged in any illegal activity. Defendants therefore lacked probable cause to detain or to arrest Mr. Watson.

40. Despite lacking any legal cause to detain or arrest Mr. Watson, Defendants' detained Mr. Watson, depriving him of his liberty in violation of 42 U.S.C. §1983 and California law. Mr. Watson did not consent to this deprivation of liberty.

### SECOND CAUSE OF ACTION
#### Excessive Use Of Force
#### 42 U.S.C. §1983
#### (Against Defendants Albin, Mendez, St. Clair, D'Antonio, and Does 1-50)

41. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

42. Defendant Albin used unreasonable, excessive, gratuitous, and punitive force to detain and arrest Dwight Watson.

43. Defendant Albin's use of force against Dwight Watson was a substantial factor in injuring Mr. Watson.

**THIRD CAUSE OF ACTION**
Excessive Use Of Force
42 U.S.C. §1983
(Against Defendant St. Clair)

44. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

45. Defendant St. Clair used unreasonable, excessive, gratuitous, and punitive force to detain Daniel Farias when he struck Daniel's head against the floor, while Daniel's hands were handcuffed behind his back.

46. Defendant St. Clair's use of force against Daniel Farias was a substantial factor in injuring Daniel Farias.

**FOURTH CAUSE OF ACTION**
Battery
(Against Defendant Albin)

47. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

48. Defendant Albin intentionally touched Mr. Watson.

49. Defendant Albin used unreasonable and excessive force to detain and arrest Mr. Watson.

50. Dwight Watson did not consent to the use of force against him.

51. Dwight Watson was injured as a result of Defendant Albin's use of force against him.

52. Defendant Albin's use of unreasonable and excessive force against Mr. Watson was a substantial factor in harming him.

**FIFTH CAUSE OF ACTION**
Battery
(Against Defendant St. Clair)

53. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

54. Defendant St. Clair intentionally touched Mr. Watson.

55. Defendant St. Clair used unreasonable and excessive force against Daniel Farias after detaining him.

56. Daniel Farias did not consent to the use of force against him.

57. Daniel Farias was injured as a result of Defendant St. Clair's use of force against him.

1   58. Defendant St. Clair's use of unreasonable and excessive force against Mr. Watson was

2   a substantial factor in harming him.

3   SIXTH CAUSE OF ACTION
    Excessive Use Of Force/Ratification
4   42 U.S.C. §1983
    (Against Defendants SCCSET, Santa Clara County, Santa Clara County Sheriff's
5   Office)

6   59. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

7   60. Defendants have effectively condoned and ratified the excessive use of force against

8   Dwight Watson and Daniel Farias by failing to thoroughly investigate it, punish those responsible,

9   and modify their training, procedures, and policies to prevent the recurrence of similar acts of

10  excessive force against individuals. By ratifying and condoning the excessive use of force against

11  Dwight Watson, Daniel Farias, and others, Defendants have encouraged future excessive force.

12  SEVENTH CAUSE OF ACTION
    Malicious Prosecution
13  42 U.S.C. §1983
    (Against All Defendants)
14

15  61. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

16  62. Officers Albin, Mendez, and St. Clair falsely wrote in their police reports that Mr.

17  Watson had been irate; resisted the officers' efforts to detain him; struggled with the officers; and

18  attempted to strike Officer Albin. These defendants omitted the fact that Officer Albin had

19  repeatedly punched Mr. Watson in the face.

20  63. Defendants' false statements in their police reports and their intentional omissions were

21  intended to, and did, cause Mr. Watson to be criminally prosecuted on false charges of resisting,

22  delaying, and/or obstructing an officer in the performance of his duties, and battery on a peace

23  officer.

24

25

26

27

28

1

2

#### EIGHTH CAUSE OF ACTION
Violation of Constitutional and Civil Rights
California Civil Code §52.1
(Against All Defendants)

3

4    64. The United States Constitution, Fourth Amendment, Fifth Amendment, and the

5    California Constitution, Article I §13, guarantee the right of persons to be from unlawful arrest,

6    excessive force, and malicious prosecution.

7    65. Defendants acts and omissions violated Dwight Watson's rights to be from unlawful

8    arrest, excessive force, and malicious prosecution.

9    66. Defendants acts and omissions violated Daniel Farias' right to be from excessive force.

10

#### NINTH CAUSE OF ACTION
Intentional/Negligent Infliction of Emotional Distress
(Against Defendants Albin and St. Clair)

11

12    67. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

13    68. Plaintiff Daniel Farias saw Defendant Albin repeatedly punch his stepfather Dwight

14    Watson in the face while Mr. Watson was virtually helpless with a disc herniation and severe

15    sciatica. Plaintiffs Lauren Watson and Nicole Watson were also present nearby when these events

16    occurred and heard and witnessed Defendant Albin's mistreatment of her father and brother. The

17    actions of Defendants Albin and St. Clair caused severe emotional distress to Daniel Farias, Lauren

18    Watson, and Nicole Watson.

19    69. Plaintiff Dwight Watson was nearby and heard Defendant St. Clair hit Daniel Farias

20    head to a hard-surfaced floor, and heard Daniel Farias say "why are you hitting me?". Hearing this

21    caused severe emotional distress to Dwight Watson.

22

#### TENTH CAUSE OF ACTION
Failure to Provide Medical Treatment
42 U.S.C. §1983
(Against Defendants Santa Clara County, Santa Clara County Sheriff)

23

24    70. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

25

26    71. Defendants owed Dwight Watson to provide medical treatment to Dwight Watson

27    while he was incarcerated after October 25, 2005.

28

72. Defendants violated this duty by refusing to allow Mr. Watson to take his prescribed medication for sciatica while he was incarcerated, despite the fact that Mr. Watson was in excruciating pain during this time.

73. Defendants' actions were caused by (1) improper customs and policies of the Santa Clara County Sheriff and its agents; (2) inadequate training, supervision, or discipline of agents of the Santa Clara County Sheriff; and/or (3) deliberate indifference of the Santa Clara County Sheriff and its agents.

## RELIEF REQUESTED

74. For the foregoing reasons, Plaintiffs request the following relief:

(a)     General and special damages according to proof;

(b)     Exemplary damages;

(c)     Costs and attorney's fees under 42 U.S.C. §1988 and California Civil Code §52.1;

(d)     Such other relief as the Court deems proper.

Dated: December 18, 2006

_Mark Martel_
Mark Martel
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

Dated: December 18, 2006

_Mark Martel_
Mark Martel
Attorney for Plaintiffs

# EXHIBIT 2

12/07/2007   16:49      650-470-2654                    MARK MARTEL                          PAGE   02

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
The State of California; Santa Clara County Specialized Enforcement
Team; and Does 1-50

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
Dwight Watson, Daniel Farias, Lauren Watson, and Nicole Watson

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Santa Clara County Superior Court<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>(Número del Caso):<br>1 07 CV - 096770 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark Martel
425 Sherman Avenue, Suite 330, Palo Alto, CA 94306        Tel: (650) 470-2650

| DATE:<br>(Fecha): | Clerk, by<br>(Secretario) | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): The State of California

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☒ other (specify): Public Entity
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. www.USCourtForms.com

116A33891.tif - 12/7/2007 3:57:26 PM

1   Mark Martel, State Bar No. 147970
    Attorney At Law
2   425 Sherman Ave. #330
    Palo Alto, CA 94306
3   Tel: (650) 470-2650
    Fax: (650) 470-2654
4   e-mail: markmartel@aol.com

5   Attorney for Plaintiffs Dwight Watson, Daniel Farias,
    Lauren Watson, and Nicole Watson.
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SANTA CLARA

10

11   Dwight Watson; Daniel Farias; Lauren        Case No. **107CV-096770**
     Watson; and Nicole Watson,
12                                               COMPLAINT FOR DAMAGES
                    Plaintiffs,
13
              v.
14

15   The State Of California; Santa Clara County
     Specialized Enforcement Team; and Does 1-50,
16
                    Defendants,
17

18                              INTRODUCTION

19       1. On October 25, 2005, Plaintiff Dwight Watson was home in bed, with a severely herniated

20   disc in his lower back and a painful case of sciatica. Mr. Watson lived with his wife Margaret Farias,

21   their three minor children, his wife's elderly parents, and his wife's brother Curtis Farias, who was

22   on probation for a drug offense. Unbeknownst to Mr. Watson and his family, Curtis Farias had

23   recently been detained outside of the house by agents of the Santa Clara County Specialized

24   Enforcement Team (SCCSET). After detaining Mr. Farias, the SCCSET officers entered the

25   Farias/Watson house to conduct a probation search for further evidence against Curtis Farias. When

26   Mr. Watson got out of bed to see what was happening, SCCSET Agent Glen Albin began to

27   handcuff him. Mr. Watson said that he was not Curtis Farias. Agent Albin apparently did not like

28   Mr. Watson questioning Albin's action, and threw Mr. Watson to the floor. He then punched Mr.

1    Watson in the face repeatedly while he was on the floor; and dug his knees into Mr. Watson's lower

2    back, causing him excruciating pain because of his herniated disc.

3        2. Mr. Watson's stepson Daniel Farias shouted "what are you doing? That's my dad!".

4    SCCSET Agent St. Clair took Daniel to the floor and handcuffed his hands behind his back. When

5    Daniel tried to raise his head to see what was happening to his father, Agent St. Clair hit Daniel's

6    head against the floor, causing a large bump on his forehead. Defendants then falsely charged

7    Mr. Watson with resisting and/or delaying a peace officer in the performance of his duties. At least

8    three officers then wrote police reports that falsely stated that Mr. Watson had struggled with the

9    officers and attempted to strike SCCSET Agent Albin.

10        3. Mr. Watson was jailed for three weeks on the false charges against him. During that time

11    he was in such pain from the herniated disc in his back and associated sciatica, aggravated by

12    Defendants' use of force against him, that he could barely walk. His jailers nevertheless refused to

13    allow him to take his prescribed medication for his sciatica.

14        4. No action was taken against any of the SCCSET agents for their illegal actions against

15    Mr. Watson and his family.

16        5. In March 2006, the Santa Clara County District Attorney attempted to convict Mr. Watson

17    on the false charges of resisting and battery on a police officer. The jury acquitted Mr. Watson on

18    both charges after deliberating for less than half an hour.

19                            JURISDICTION AND VENUE

20        6. All events alleged herein occurred in the County of Santa Clara, California.

21        7. Within six months of the events subject of this lawsuit, Plaintiffs filed a claim against the

22    State of California in accordance with California Government Code §910 et seq. The State of

23    California rejected Plaintiffs' claim on August 23, 2007. Plaintiffs are filing this action within six

24    months of Defendants' rejection of Plaintiffs' claims, as required by California Government Code

25    §945.6.

26                                  PARTIES

27        8. Plaintiff Dwight Watson is an individual who lives with his extended family in Campbell,

28

Complaint for Damages                    -2-                    116A93891.tif - 12/7/2007 3:57:26 PM

Case 5:08-cv-02445-RMW    Document 1-3    Filed 05/13/2008    Page 54 of 77
DEC-10-2007(MON) 12:17    ON  AL, INC.    (FAX)    0+873+0984    P. 006/015

12/07/2007  16:49    650-478-2654    MARK MARTEL    PAGE  06

1  California. He is the common law husband of Margaret Farias, and the father of Daniel Farias,

2  Lauren Watson and Nicole Watson. At all times mentioned in this complaint, Dwight Watson and

3  the above-mentioned members of his family lived at 74 Decorah Lane in Campbell, California.

4      9. Plaintiff Daniel Farias is the son of Dwight Watson. He was 14 years old at the time of

5  the events alleged herein.

6      10. Plaintiff Lauren Watson is the daughter of Dwight Watson. She was 11years old at the

7  time of the events alleged herein.

8      11. Plaintiff Nicole Watson is the daughter of Dwight Watson. She was 4 years old at the

9  time of the events alleged herein.

10      12. Defendant State of California is a state of the United States of America.

11      13. Defendant Santa Clara County Specialized Enforcement Team (SCCSET) is a law

12  enforcement entity which focuses on drug violations and is operated, funded, managed, staffed, and

13  supervised by the State of California's Department of Justice, Bureau of Narcotics Enforcement.

14  SCCSET agents are drawn from various police departments and other law enforcement agencies

15  based in Santa Clara County. Glenn Albin was an agent assigned to the SCCSET at all times

16  mentioned herein.

17      14. Plaintiffs are unaware of the true names and capacities of Defendants Does 1 through 50,

18  and therefore sues them under fictitious names. Plaintiffs are informed and believe, and on that basis

19  allege, that Does 1 through 50 were each responsible for the injuries and damages suffered by

20  Plaintiffs. Plaintiffs will amend the complaint to substitute the true names of Does 1 through 50 if

21  and when they learn those names.

22      15. In doing the acts and omissions alleged herein, Defendants and each of them acted as the

23  agent, employee, and/or in concert with, all other Defendants.

24      16. In doing the acts and omissions alleged herein, Defendants and each of them acted under

25  color of law and in the course and scope of their employment and/or agency for the State of

26  California, and SCCSET.

27

28

Complaint for Damages                    -3-

116A33891.tif - 12/7/2007 3:57:26 PM

## FACTUAL ALLEGATIONS

17. On the evening of October 25, 2005, Plaintiff Dwight Watson was home in bed with a herniated disc in his lower back and painful sciatica. Mr. Watson lived in Campbell in a house owned by his in-laws with his common-law wife Margaret Farias; his son Daniel Farias, age 14; his daughters Lauren Watson, age 14, and Nicole Watson, age 4; his parents in-law Ernest and Ann Farias; and his brother in-law Curtis Farias.

18. Curtis Farias was on probation after being convicted on a drug possession charge. One of the terms of his probation was that the police could search his bedroom and common areas of the house after knocking and announcing their presence. Officers had previously come to the Watson/Farias house several times to do probation searches. On those occasions, Dwight Watson cooperated fully with the police, even assisting them by taking them to Curtis Farias' bedroom, knocking on Curtis' door himself, and asking Curtis to open the door. No one else living in the household was on probation.

19. On October 25, 2005, members of the Santa Clara County Specialized Enforcement Team (SCCSET) and the Campbell Police Department (CPD) went to the Watson/Farias home to conduct a probation search for possible evidence of probation violations by Curtis Farias. SCCSET agents Mendez, Mecir, Albin, D'Antonio, Rubino, St. Clair, and Muñoz, and CPD officers Pulliam, Cutler, and Melcher participated in this operation. The officers first watched the house from outside. At approximately 6:50 p.m. Curtis Farias left the house and drove away in his vehicle. SCCSET agents D'Antonio and Rubino detained Mr. Farias and took him into custody for driving with a suspended driver's license. All of the above-mentioned officers, including the two that had detained Mr. Farias, subsequently approached the Farias/Watson home at about 7:15 p.m. The officers knew from prior probation searches at the house, and from statements of Curt Farias that night, that there were elderly parents and children in the house.

20. SCCSET Agent Mendez knocked on the door loudly. Plaintiff Dwight Watson was in bed at this time, and heard loud voices and loud banging on the door. His daughter Lauren went to the door. As she was reaching for the door, it opened, hitting her hand. One of the SCCSET agents

1    pointed a gun at her and moved her against the wall.

2         21. At this point, Dwight Watson got out of bed to find out what was happening. He heard

3    an officer announce "probation sweep" as he was walking out of his bedroom. He walked toward

4    the front door, with difficulty because of the pain in his back and leg. He saw a police officer with

5    his gun drawn. He said "you must be here for Curtis". SCCSET Agent Albin immediately grabbed

6    Mr. Watson, pushed him against the wall, and started to handcuff Mr. Watson. Mr Watson said

7    "I'm not Curtis". Agent Albin then threw Mr. Watson to the floor; got on top of him; and punched

8    him repeatedly in the face, creating a pool of blood on the floor. No SCCSET agent had given Mr.

9    Watson any command at this point.

10        22. Mr. Watson's son Daniel saw what was happening and shouted "What are you doing?

11   That's my Dad!". SCCSET agent St. Clair then took Daniel to the floor and handcuffed his hands

12   behind his back. Daniel lifted his head to see what was happening to his father. SCCSET Agent St.

13   Clair hit his forearm or elbow on the back of Daniel's head, knocking Daniel's head to the hard

14   floor, causing a large bump on his forehead. Dwight Watson heard this, and then heard Daniel say

15   "why are you hitting me?"

16        23. SCCSET Agents D'Antonio, Rubino, and Mendez got on top of Mr. Watson, and

17   participated in detaining Mr. Watson together with SCCSET Agent Albin. Albin put his knees in

18   Mr. Watson's lower back, while Mr. Watson complained of pain in his back, and said he had a

19   herniated disc. One officer bent Mr. Watson's wrist, also causing him severe pain. At no point did

20   Mr. Watson physically resist the officers, or refuse to obey any commands. He never struck or

21   attempted to strike any officer.

22        24. The SCCSET agents placed Mr. Watson under arrest, and charged him with resisting

23   arrest and battery on a police officer. After they took Mr. Watson to jail, one or more of the agents

24   stated to Mr. Watson's wife that they had detained Curtis Farias before coming into the house.

25        25. Mr. Watson's three children Daniel, Lauren, and Nicole were present and nearby in the

26   house when the events described above occurred.

27        26. SCCSET Agents Albin, Mendez, and St. Clair wrote in their police reports that

1  Mr. Watson had been irate when he came out of the bedroom; resisted the officers' efforts to detain

2  him; struggled with the officers; and attempted to strike SCCSET Agent Albin. These statements

3  were completely false. Mr. Watson did not do any of these things, and was physically incapable of

4  resisting the officers or struggling with them, because of his herniated lumbar disc and associated

5  sciatica. The reports also omitted the fact that SCCSET Agent Albin had repeatedly punched

6  Mr. Watson in the face, causing him to bleed profusely.

7       27. Mr. Watson was taken to the Santa Clara County jail, and then to the Elmwood jail in

8  Milpitas, California, where he remained for approximately three weeks.

9       28. In reliance on the officers' false police reports, the Santa Clara County District Attorney

10  prosecuted Mr. Watson for allegedly resisting arrest and battery on a police officer. The case was

11  tried to a jury in Santa Clara County Superior Court from March 27-29, 2006. The jury acquitted

12  Mr. Watson of all charges after deliberating for less than 30 minutes.

## STATEMENT OF DAMAGES

13

14       29. Defendants' actions alleged above physically injured Dwight Watson; caused him to

15  spend three weeks in jail and defend false criminal charges against him; and caused him emotional

16  distress. Defendants' actions also physically injured Daniel Farias, and cause emotional distress to

17  all of Mr. Watson's family members who witnessed SCCSET Agent Albin beat Mr. Watson.

18       30. Defendant SCCSET's agent Albin's beating of Mr. Watson was despicable, oppressive,

19  malicious, and done with a willful and conscious disregard of Mr. Watson's rights and safety,

20  justifying an award of punitive damages.

21       31. Defendants' arrest and detention of Mr. Watson on false charges was despicable,

22  oppressive, malicious, and done with a willful and conscious disregard of Mr. Watson's rights and

23  safety, justifying an award of punitive damages.

24       32. Defendant SCCSET's agents Albin, Mendez, and St. Clair falsely stated in their police

25  reports that Mr. Watson had resisted the officers and struggled with them. The reports also omitted

26  the fact that SCCSET Agent Albin had beaten Mr. Watson. These false statements and omissions in

27  the officers' reports were despicable, oppressive, malicious, and done with a willful and conscious

28

116A33891.lil - 12/7/2007 3:57:26 PM

1  disregard of Mr. Watson's rights and safety, justifying an award of punitive damages.

2  33.  The failure of Defendant State of California to thoroughly investigate and punish

3  SCCSET Agent Albin's use of force against Mr. Watson and take steps to prevent the recurrence of

4  similar incidents, was also despicable and done with a willful and conscious disregard of

5  Mr. Watson's rights, justifying an award of punitive damages.

6  <center>**FIRST CAUSE OF ACTION**
False Arrest</center>

7

8  34.  Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

9  35.  Plaintiff Dwight Watson did not obstruct or delay Defendants in the performance of

10  their duties, and did not resist Defendants.  Defendants had no actual or reasonable basis to believe

11  that Mr. Watson had obstructed, delayed, or resisted them in the performance of their duties, or was

12  otherwise engaged in any illegal activity.  Defendants therefore lacked probable cause to detain or to

13  arrest Mr. Watson.

14  36.  Despite lacking any legal cause to detain or arrest Mr. Watson, Defendants detained

15  Mr. Watson, depriving him of his liberty in violation of California law.  Mr. Watson did not consent

16  to this deprivation of liberty.

17  <center>**SECOND CAUSE OF ACTION**
Battery</center>

18

19  37.  Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

20  38.  SCCSET Agent Albin intentionally touched Mr. Watson.

21  39.  SCCSET Agent Albin used unreasonable and excessive force to detain and arrest

22  Mr. Watson.

23  40.  Dwight Watson did not consent to the use of force against him.

24  41.  Dwight Watson was injured as a result of SCCSET Agent Albin's use of force against

25  him.

26  42.  Defendant SCCSET Agent Albin's use of unreasonable and excessive force against

27  Mr. Watson was a substantial factor in harming him.

28

Complaint for Damages   -7-

Case 5:08-cv-02445-RMW   Document 1-3   Filed 05/13/2008   Page 59 of 77
DEC-10-2007(MON) 12:18   ON    JAL,INC.                    (FAX)   0+873+0984   P. 011/015

12/07/2007  16:49   650-470-2654          MARK MARTEL                    PAGE  11

<div align="center">

### THIRD CAUSE OF ACTION
Battery

</div>

43. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

44. SCCSET Agent St. Clair intentionally touched Daniel Farias.

45. SCCSET Agent St. Clair used unreasonable and excessive force against Daniel Farias after detaining him.

46. Daniel Farias did not consent to the use of force against him.

47. Daniel Farias was injured as a result of SCCSET Agent St. Clair's use of force against him.

48. SCCSET Agent St. Clair's use of unreasonable and excessive force against Mr. Watson was a substantial factor in harming him.

<div align="center">

### FOURTH CAUSE OF ACTION
Excessive Use Of Force/Ratification
42 U.S.C. §1983

</div>

49. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

50. Defendants have effectively condoned and ratified the excessive use of force against Dwight Watson and Daniel Farias by failing to thoroughly investigate it, punish those responsible, and modify their training, procedures, and policies to prevent the recurrence of similar acts of excessive force against individuals. By ratifying and condoning the excessive use of force against Dwight Watson, Daniel Farias, and others, Defendants have encouraged future excessive force.

<div align="center">

### FIFTH CAUSE OF ACTION
Violation of Constitutional and Civil Rights
California Civil Code §52.1

</div>

51. The United States Constitution, Fourth Amendment, Fifth Amendment, and the California Constitution, Article I §13, guarantee the right of persons to be from unlawful arrest, excessive force, and malicious prosecution.

52. Defendants acts and omissions violated Dwight Watson's rights to be from unlawful arrest, excessive force, and malicious prosecution.

53. Defendants acts and omissions violated Daniel Farias' right to be from excessive force.

Complaint for Damages                    -8-

### SIXTH CAUSE OF ACTION
#### Intentional/Negligent Infliction of Emotional Distress

54. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

55. Plaintiff Daniel Farias saw SCCSET Agent Albin repeatedly punch his stepfather Dwight Watson in the face while Mr. Watson was virtually helpless with a disc herniation and severe sciatica. Plaintiffs Lauren Watson and Nicole Watson were also present nearby when these events occurred and heard and witnessed SCCSET Agent Albin's mistreatment of her father and brother. The actions of SCCSET Agents Albin and St. Clair caused severe emotional distress to Daniel Farias, Lauren Watson, and Nicole Watson.

56. Plaintiff Dwight Watson was nearby and heard SCCSET Agent St. Clair hit Daniel Farias' head against a hard-surfaced floor; and heard Daniel Farias say "why are you hitting me?". Hearing this caused severe emotional distress to Dwight Watson.

### RELIEF REQUESTED

57. For the foregoing reasons, Plaintiffs request the following relief:

(a)   General and special damages according to proof;

(b)   Exemplary damages;

(c)   Costs and attorney's fees under California Civil Code §52.1;

(d)   Such other relief as the Court deems proper.

Dated: October 17, 2007

_MARK MARTEL_
Mark Martel
Attorney for Plaintiffs

Complaint for Damages                    -9-

## DECLARATION OF SERVICE BY U.S. MAIL

(ENDORSED)

2008 JAN -7  AM 10: 48

Case Name:    **Dwight Watson, et al. v. State of California, et al.**

KIRI TORRE, CEO
SUPERIOR COURT
SANTA CLARA CO.

No.    **107CV-096770**

BY_____M. Sorum____DEPUTY

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 4, 2008, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S DEMURRER TO PLAINTIFFS' COMPLAINT,** with exhibits, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

>    Mark Martel
>    Attorney at Law
>    425 Sherman Avenue, Suite 330
>    Palo Alto, CA  94306
>    *Attorney for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 4, 2008, at San Francisco, California.

| | |
|---|---|
| C. Deuel | *C. Deuel* |
| Declarant | Signature |

40203199.wpd

# DEPARTMENT OF JUSTICE
## Civil Service of Process Cover Sheet
1300 I Street, Sacramento, California 95814

Date Received

Case Name:

WATSON V. THE STATE OF CA.

2007 DEC 10  PM 12: 41

| County : | SANTA CLARA | Court No.: | 107CV-096770 |
|---|---|---|---|

| Document(s) served: | ☑ Summons and Complaint/Cross Complaint | ☐ Writ of Mandate and Complaint for Declaratory Relief |
|---|---|---|
| | ☐ Case Management Conference Memo | |
| | ☐ Case Management Statement | ☑ Other (please list): |
| | ☐ Notice of Deposition | |
| | ☐ Civil Case Cover Sheet | Civil Lawsuit notice |
| | ☐ Statement of Damages | |
| | ☐ Order to File Case Management Statement | |
| | ☑ Alternative Dispute Resolution Policy Statement | |
| | ☐ Deposition Subpoena for Production of Business Records | |
| | ☐ Notice of Consumer or Employee and Objection and check for $15.00 | |
| | ☐ Notice of Assignment & Case Management Conference | |

| Process Server's Name: | Tyler DiMirit |
|---|---|
| Name of Company: (Include business name, address, and telephone number) | One Legal 520 3rd St. # 203 Oakland, CA. 94607  415. 491. 0606 Ext. 2950 |
| Security Signature: | A. Wasser # 28 |

FOR SERVICE DEPUTY'S USE ONLY

| Forwarded to: | Tom McCrackin Torts dney Crawford, Rm 1210 | Date Forwarded: 12/10/2007 |
|---|---|---|

| Name of Service Deputy, section, and telephone number: | Barbara F. Coney Licensing (916) 445-4164 |
|---|---|

NOTES:

To PON 12-11-07 LCAK C559763

The attached document(s) appear(s) to be the responsibility of your section; if they are **not**, please return them to the service deputy named above, noting the section to which they are to be directed.

SUM-100

## SUMMONS
### (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
The State of California; Santa Clara County Specialized Enforcement
Team; and Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Dwight Watson, Daniel Farias, Lauren Watson, and Nicole Watson

> **FOR COURT USE ONLY**
> *(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER V - 096770**

Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark Martel
425 Sherman Avenue, Suite 330, Palo Alto, CA 94306        Tel: (650) 470-2650

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The State of California

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Public Entity

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

116A33891.tif - 12/7/2007 3:57:26 PM
10941799.tif - 12/10/2007 11:24:51 AM

1  Mark Martel, State Bar No. 147970
   Attorney At Law
2  425 Sherman Ave. #330
   Palo Alto, CA 94306
3  Tel: (650) 470-2650
   Fax: (650) 470-2654
4  e-mail: markmartel@aol.com

5  Attorney for Plaintiffs Dwight Watson, Daniel Farias,
   Lauren Watson, and Nicole Watson
6

7

OCT 17 07

J. Zenzen

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren      Case No. **107CV-096770**
    Watson; and Nicole Watson,
12                                            COMPLAINT FOR DAMAGES
                 Plaintiffs,
13

14          v.

15  The State Of California; Santa Clara County
    Specialized Enforcement Team; and Does 1-50,
16
                 Defendants.
17

## INTRODUCTION

18      1.  On October 25, 2005, Plaintiff Dwight Watson was home in bed, with a severely herniated

19  disc in his lower back and a painful case of sciatica. Mr. Watson lived with his wife Margaret Farias,

20  their three minor children, his wife's elderly parents, and his wife's brother Curtis Farias, who was

21  on probation for a drug offense. Unbeknownst to Mr. Watson and his family, Curtis Farias had

22  recently been detained outside of the house by agents of the Santa Clara County Specialized

23  Enforcement Team (SCCSET). After detaining Mr. Farias, the SCCSET officers entered the

24  Farias/Watson house to conduct a probation search for further evidence against Curtis Farias. When

25  Mr. Watson got out of bed to see what was happening, SCCSET Agent Glen Albin began to

26  handcuff him. Mr. Watson said that he was not Curtis Farias. Agent Albin apparently did not like

27  Mr. Watson questioning Albin's action, and threw Mr. Watson to the floor. He then punched Mr.

28

1   Watson in the face repeatedly while he was on the floor; and dug his knees into Mr. Watson's lower

2   back, causing him excruciating pain because of his herniated disc.

3       2. Mr. Watson's stepson Daniel Farias shouted "what are you doing? That's my dad!".

4   SCCSET Agent St. Clair took Daniel to the floor and handcuffed his hands behind his back. When

5   Daniel tried to raise his head to see what was happening to his father, Agent St. Clair hit Daniel's

6   head against the floor, causing a large bump on his forehead. Defendants then falsely charged

7   Mr. Watson with resisting and/or delaying a peace officer in the performance of his duties. At least

8   three officers then wrote police reports that falsely stated that Mr. Watson had struggled with the

9   officers and attempted to strike SCCSET Agent Albin.

10      3. Mr. Watson was jailed for three weeks on the false charges against him. During that time

11  he was in such pain from the herniated disc in his back and associated sciatica, aggravated by

12  Defendants' use of force against him, that he could barely walk. His jailers nevertheless refused to

13  allow him to take his prescribed medication for his sciatica.

14      4. No action was taken against any of the SCCSET agents for their illegal actions against

15  Mr. Watson and his family.

16      5. In March 2006, the Santa Clara County District Attorney attempted to convict Mr. Watson

17  on the false charges of resisting and battery on a police officer. The jury acquitted Mr. Watson on

18  both charges after deliberating for less than half an hour.

19                          JURISDICTION AND VENUE

20      6. All events alleged herein occurred in the County of Santa Clara, California.

21      7. Within six months of the events subject of this lawsuit, Plaintiffs filed a claim against the

22  State of California in accordance with California Government Code §910 et seq. The State of

23  California rejected Plaintiffs' claim on August 23, 2007. Plaintiffs are filing this action within six

24  months of Defendants' rejection of Plaintiffs' claims, as required by California Government Code

25  §945.6.

26                                  PARTIES

27      8. Plaintiff Dwight Watson is an individual who lives with his extended family in Campbell,

28

Complaint for Damages                    -2-

1  California. He is the common law husband of Margaret Farias, and the father of Daniel Farias,

2  Lauren Watson and Nicole Watson. At all times mentioned in this complaint, Dwight Watson and

3  the above-mentioned members of his family lived at 74 Decorah Lane in Campbell, California.

4      9. Plaintiff Daniel Farias is the son of Dwight Watson. He was 14 years old at the time of

5  the events alleged herein.

6      10. Plaintiff Lauren Watson is the daughter of Dwight Watson. She was 11years old at the

7  time of the events alleged herein.

8      11. Plaintiff Nicole Watson is the daughter of Dwight Watson. She was 4 years old at the

9  time of the events alleged herein.

10      12. Defendant State of California is a state of the United States of America.

11      13. Defendant Santa Clara County Specialized Enforcement Team (SCCSET) is a law

12  enforcement entity which focuses on drug violations and is operated, funded, managed, staffed, and

13  supervised by the State of California's Department of Justice, Bureau of Narcotics Enforcement.

14  SCCSET agents are drawn from various police departments and other law enforcement agencies

15  based in Santa Clara County. Glenn Albin was an agent assigned to the SCCSET at all times

16  mentioned herein.

17      14. Plaintiffs are unaware of the true names and capacities of Defendants Does 1 through 50,

18  and therefore sues them under fictitious names. Plaintiffs are informed and believe, and on that basis

19  allege, that Does 1 through 50 were each responsible for the injuries and damages suffered by

20  Plaintiffs. Plaintiffs will amend the complaint to substitute the true names of Does 1 through 50 if

21  and when they learn those names.

22      15. In doing the acts and omissions alleged herein, Defendants and each of them acted as the

23  agent, employee, and/or in concert with, all other Defendants.

24      16. In doing the acts and omissions alleged herein, Defendants and each of them acted under

25  color of law and in the course and scope of their employment and/or agency for the State of

26  California, and SCCSET.

27

28

# FACTUAL ALLEGATIONS

17. On the evening of October 25, 2005, Plaintiff Dwight Watson was home in bed with a herniated disc in his lower back and painful sciatica. Mr. Watson lived in Campbell in a house owned by his in-laws with his common-law wife Margaret Farias; his son Daniel Farias, age 14; his daughters Lauren Watson, age 14, and Nicole Watson, age 4; his parents in-law Ernest and Ann Farias; and his brother in-law Curtis Farias.

18. Curtis Farias was on probation after being convicted on a drug possession charge. One of the terms of his probation was that the police could search his bedroom and common areas of the house after knocking and announcing their presence. Officers had previously come to the Watson/Farias house several times to do probation searches. On those occasions, Dwight Watson cooperated fully with the police, even assisting them by taking them to Curtis Farias' bedroom, knocking on Curtis' door himself, and asking Curtis to open the door. No one else living in the household was on probation.

19. On October 25, 2005, members of the Santa Clara County Specialized Enforcement Team (SCCSET) and the Campbell Police Department (CPD) went to the Watson/Farias home to conduct a probation search for possible evidence of probation violations by Curtis Farias. SCCSET agents Mendez, Mecir, Albin, D'Antonio, Rubino, St. Clair, and Muñoz, and CPD officers Pulliam, Cutler, and Melcher participated in this operation. The officers first watched the house from outside. At approximately 6:50 p.m. Curtis Farias left the house and drove away in his vehicle. SCCSET agents D'Antonio and Rubino detained Mr. Farias and took him into custody for driving with a suspended driver's license. All of the above-mentioned officers, including the two that had detained Mr. Farias, subsequently approached the Farias/Watson home at about 7:15 p.m. The officers knew from prior probation searches at the house, and from statements of Curt Farias that night, that there were elderly parents and children in the house.

20. SCCSET Agent Mendez knocked on the door loudly. Plaintiff Dwight Watson was in bed at this time, and heard loud voices and loud banging on the door. His daughter Lauren went to the door. As she was reaching for the door, it opened, hitting her hand. One of the SCCSET agents

1    pointed a gun at her and moved her against the wall.

2        21. At this point, Dwight Watson got out of bed to find out what was happening. He heard

3    an officer announce "probation sweep" as he was walking out of his bedroom. He walked toward

4    the front door, with difficulty because of the pain in his back and leg. He saw a police officer with

5    his gun drawn. He said "you must be here for Curtis". SCCSET Agent Albin immediately grabbed

6    Mr. Watson, pushed him against the wall, and started to handcuff Mr. Watson. Mr Watson said

7    "I'm not Curtis". Agent Albin then threw Mr. Watson to the floor; got on top of him; and punched

8    him repeatedly in the face, creating a pool of blood on the floor. No SCCSET agent had given Mr.

9    Watson any command at this point.

10       22. Mr. Watson's son Daniel saw what was happening and shouted "What are you doing?

11   That's my Dad!". SCCSET agent St. Clair then took Daniel to the floor and handcuffed his hands

12   behind his back. Daniel lifted his head to see what was happening to his father. SCCSET Agent St.

13   Clair hit his forearm or elbow on the back of Daniel's head, knocking Daniel's head to the hard

14   floor, causing a large bump on his forehead. Dwight Watson heard this, and then heard Daniel say

15   "why are you hitting me?"

16       23. SCCSET Agents D'Antonio, Rubino, and Mendez got on top of Mr. Watson, and

17   participated in detaining Mr. Watson together with SCCSET Agent Albin. Albin put his knees in

18   Mr. Watson's lower back, while Mr. Watson complained of pain in his back, and said he had a

19   herniated disc. One officer bent Mr. Watson's wrist, also causing him severe pain. At no point did

20   Mr. Watson physically resist the officers, or refuse to obey any commands. He never struck or

21   attempted to strike any officer.

22       24. The SCCSET agents placed Mr. Watson under arrest, and charged him with resisting

23   arrest and battery on a police officer. After they took Mr. Watson to jail, one or more of the agents

24   stated to Mr. Watson's wife that they had detained Curtis Farias before coming into the house.

25       25. Mr. Watson's three children Daniel, Lauren, and Nicole were present and nearby in the

26   house when the events described above occurred.

27       26. SCCSET Agents Albin, Mendez, and St. Clair wrote in their police reports that

1    Mr. Watson had been irate when he came out of the bedroom; resisted the officers' efforts to detain

2    him; struggled with the officers; and attempted to strike SCCSET Agent Albin. These statements

3    were completely false. Mr. Watson did not do any of these things, and was physically incapable of

4    resisting the officers or struggling with them, because of his herniated lumbar disc and associated

5    sciatica. The reports also omitted the fact that SCCSET Agent Albin had repeatedly punched

6    Mr. Watson in the face, causing him to bleed profusely.

7        27. Mr. Watson was taken to the Santa Clara County jail, and then to the Elmwood jail in

8    Milpitas, California, where he remained for approximately three weeks.

9        28. In reliance on the officers' false police reports, the Santa Clara County District Attorney

10   prosecuted Mr. Watson for allegedly resisting arrest and battery on a police officer. The case was

11   tried to a jury in Santa Clara County Superior Court from March 27-29, 2006. The jury acquitted

12   Mr. Watson of all charges after deliberating for less than 30 minutes.

13                          STATEMENT OF DAMAGES

14       29. Defendants' actions alleged above physically injured Dwight Watson; caused him to

15   spend three weeks in jail and defend false criminal charges against him; and caused him emotional

16   distress. Defendants' actions also physically injured Daniel Farias, and cause emotional distress to

17   all of Mr. Watson's family members who witnessed SCCSET Agent Albin beat Mr. Watson.

18       30. Defendant SCCSET's agent Albin's beating of Mr. Watson was despicable, oppressive,

19   malicious, and done with a willful and conscious disregard of Mr. Watson's rights and safety,

20   justifying an award of punitive damages.

21       31. Defendants' arrest and detention of Mr. Watson on false charges was despicable,

22   oppressive, malicious, and done with a willful and conscious disregard of Mr. Watson's rights and

23   safety, justifying an award of punitive damages.

24

25       32. Defendant SCCSET's agents Albin, Mendez, and St. Clair falsely stated in their police

26   reports that Mr. Watson had resisted the officers and struggled with them. The reports also omitted

27   the fact that SCCSET Agent Albin had beaten Mr. Watson. These false statements and omissions in

28   the officers' reports were despicable, oppressive, malicious, and done with a willful and conscious

Complaint for Damages                          -6-

1    disregard of Mr. Watson's rights and safety, justifying an award of punitive damages.

2    33. The failure of Defendant State of California to thoroughly investigate and punish

3    SCCSET Agent Albin's use of force against Mr. Watson and take steps to prevent the recurrence of

4    similar incidents, was also despicable and done with a willful and conscious disregard of

5    Mr. Watson's rights, justifying an award of punitive damages.

6                          FIRST CAUSE OF ACTION
7                               False Arrest

8    34. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

9    35. Plaintiff Dwight Watson did not obstruct or delay Defendants in the performance of

10   their duties, and did not resist Defendants. Defendants had no actual or reasonable basis to believe

11   that Mr. Watson had obstructed, delayed, or resisted them in the performance of their duties, or was

12   otherwise engaged in any illegal activity. Defendants therefore lacked probable cause to detain or to

13   arrest Mr. Watson.

14   36. Despite lacking any legal cause to detain or arrest Mr. Watson, Defendants detained

15   Mr. Watson, depriving him of his liberty in violation of California law. Mr. Watson did not consent

16   to this deprivation of liberty.

17                        SECOND CAUSE OF ACTION
18                               Battery

19   37. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

20   38. SCCSET Agent Albin intentionally touched Mr. Watson.

21   39. SCCSET Agent Albin used unreasonable and excessive force to detain and arrest

22   Mr. Watson.

23   40. Dwight Watson did not consent to the use of force against him.

24   41. Dwight Watson was injured as a result of SCCSET Agent Albin's use of force against

25   him.

26   42. Defendant SCCSET Agent Albin's use of unreasonable and excessive force against

27   Mr. Watson was a substantial factor in harming him.

28

## THIRD CAUSE OF ACTION
### Battery

43. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

44. SCCSET Agent St. Clair intentionally touched Daniel Farias.

45. SCCSET Agent St. Clair used unreasonable and excessive force against Daniel Farias after detaining him.

46. Daniel Farias did not consent to the use of force against him.

47. Daniel Farias was injured as a result of SCCSET Agent St. Clair's use of force against him.

48. SCCSET Agent St. Clair's use of unreasonable and excessive force against Mr. Watson was a substantial factor in harming him.

## FOURTH CAUSE OF ACTION
### Excessive Use Of Force/Ratification
### 42 U.S.C. §1983

49. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

50. Defendants have effectively condoned and ratified the excessive use of force against Dwight Watson and Daniel Farias by failing to thoroughly investigate it, punish those responsible, and modify their training, procedures, and policies to prevent the recurrence of similar acts of excessive force against individuals. By ratifying and condoning the excessive use of force against Dwight Watson, Daniel Farias, and others, Defendants have encouraged future excessive force.

## FIFTH CAUSE OF ACTION
### Violation of Constitutional and Civil Rights
### California Civil Code §52.1

51. The United States Constitution, Fourth Amendment, Fifth Amendment, and the California Constitution, Article I §13, guarantee the right of persons to be from unlawful arrest, excessive force, and malicious prosecution.

52. Defendants acts and omissions violated Dwight Watson's rights to be from unlawful arrest, excessive force, and malicious prosecution.

53. Defendants acts and omissions violated Daniel Farias' right to be from excessive force.

1
2

### SIXTH CAUSE OF ACTION
#### Intentional/Negligent Infliction of Emotional Distress

3      54. Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

4      55. Plaintiff Daniel Farias saw SCCSET Agent Albin repeatedly punch his stepfather

5 Dwight Watson in the face while Mr. Watson was virtually helpless with a disc herniation and severe

6 sciatica. Plaintiffs Lauren Watson and Nicole Watson were also present nearby when these events

7 occurred and heard and witnessed SCCSET Agent Albin's mistreatment of her father and brother.

8 The actions of SCCSET Agents Albin and St. Clair caused severe emotional distress to Daniel

9 Farias, Lauren Watson, and Nicole Watson.

10      56. Plaintiff Dwight Watson was nearby and heard SCCSET Agent St. Clair hit Daniel

11 Farias' head against a hard-surfaced floor; and heard Daniel Farias say "why are you hitting me?".

12 Hearing this caused severe emotional distress to Dwight Watson.

13                               ### RELIEF REQUESTED

14      57. For the foregoing reasons, Plaintiffs request the following relief:

15      (a)      General and special damages according to proof;

16      (b)      Exemplary damages;

17      (c)      Costs and attorney's fees under California Civil Code §52.1;

18      (d)      Such other relief as the Court deems proper.

19 Dated: October 17, 2007

20
21                             *MARC MARTEL*
22                             Mark Martel
                            Attorney for Plaintiffs

23
24
25
26
27
28

116A33891.tif - 12/7/2007 3:57:26 PM
10941799.tif - 12/10/2007 11:24:51 AM

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **107CV-096770**   ATTACHMENT CV-5012

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning:  If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

* State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
* Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
* Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **Joseph Huber**   Department: **8**

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
Date: **MAR 1 1 2008** Time: **1:30pm**   in Department **8**

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

CIVIL LAWSUIT NOTICE

Page 1 of 1

116A93891.tif - 12/7/2007 3:57:26 PM
10941799.tif - 12/10/2007 11:24:51 AM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/08

116A33891.tif - 12/7/2007 3:57:26 PM

10941799.tif - 12/10/2007 11:24:51 AM

<   Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
<   The action is for personal injury, property damage, or breach of contract
<   Only monetary damages are sought
<   Witness testimony, under oath, is desired
<   An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<   Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
<   The parties are far apart in their view of the law or value of the case
<   The case involves a technical issue in which the evaluator has expertise
<   Case planning assistance would be helpful and would save legal fees and costs
<   The parties are interested in an injunction, consent decree, or other form of equitable relief

<   Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<   Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 3/06

116A53891.tif - 12/7/2007 3:57:26 PM

10941799.tif - 12/10/2007 11:24:51 AM

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

|  |  |
|---|---|
| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Robert Mecir
2025 Gateway Place
San Jose, CA 95110

'03 MAY -8 P 12: 32

M. Rosales

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Dwight Watson, Daniel Farias, Lauren Watson, and Nicole Watson

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Santa Clara County Superior Court<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>(Número del Caso):<br>107CV-096770 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark Martel, Attorney At Law, 425 Sherman Avenue #330, Palo Alto, CA 94306

M. Rosales

KIRI TORRE

DATE: **MAY - 8 2008**
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. January 1, 2004) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.   www.USCourtForms.com |
|---|---|---|

116A37847.tif - 5/8/2008 2:10:14 PM

1   Mark Martel, State Bar No. 147970
    Attorney At Law
2   425 Sherman Ave. #330
    Palo Alto, CA 94306
3   Tel: (650) 470-2650
    Fax: (650) 470-2654
4   e-mail: markmartel@aol.com

5   Attorney for Plaintiffs Dwight Watson, Daniel Farias,
    Lauren Watson, and Nicole Watson

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SANTA CLARA

10

11  Dwight Watson; Daniel Farias; Lauren          Case No. 107CV-096770
    Watson; and Nicole Watson,
12                                                **SECOND AMENDED COMPLAINT**
           Plaintiffs,
13                                                **Jury Trial Demanded**

14         v.

15  Robert Mecir; and Does 2-50,

16         Defendants.

17  _____

18                              **INTRODUCTION**

19         1. On October 25, 2005, Plaintiff Dwight Watson was home in bed, with a severely herniated

20  disc in his lower back and a painful case of sciatica. Mr. Watson lived with his wife Margaret Farias,

21  their three minor children, his wife's elderly parents, and his wife's brother Curtis Farias, who was

22  on probation for a drug offense. Unbeknownst to Mr. Watson and his family, Curtis Farias had

23  recently been detained outside of the house by agents of the Santa Clara County Specialized

24  Enforcement Team (SCCSET). After detaining Mr. Farias, the SCCSET officers entered the

25  Farias/Watson house to conduct a probation search for further evidence against Curtis Farias. When

26  Mr. Watson got out of bed to see what was happening, SCCSET Agent Glen Albin began to

27  handcuff him. Mr. Watson said that he was not Curtis Farias. Agent Albin apparently did not like

28  Mr. Watson questioning Albin's action, and threw Mr. Watson to the floor. He then punched Mr.

    Second Amended Complaint                    -1-

1  Watson in the face repeatedly while he was on the floor; and dug his knees into Mr. Watson's lower

2  back, causing him excruciating pain because of his herniated disc.

3      2.  Mr. Watson's stepson Daniel Farias shouted "what are you doing?  That's my dad!".

4  SCCSET Agent St. Clair took Daniel to the floor and handcuffed his hands behind his back.  When

5  Daniel tried to raise his head to see what was happening to his father, Agent St. Clair hit Daniel's

6  head against the floor, causing a large bump on his forehead.  Defendants then falsely charged

7  Mr. Watson with resisting and/or delaying a peace officer in the performance of his duties.  At least

8  three officers then wrote police reports that falsely stated that Mr. Watson had struggled with the

9  officers and attempted to strike SCCSET Agent Albin.

10      3.  Mr. Watson was jailed for three weeks on the false charges against him.  During that time

11  he was in such pain from the herniated disc in his back and associated sciatica, aggravated by

12  Defendants' use of force against him, that he could barely walk.  His jailers nevertheless refused to

13  allow him to take his prescribed medication for his sciatica.

14      4.  No action was taken against any of the SCCSET agents for their illegal actions against

15  Mr. Watson and his family.

16      5.  In March 2006, the Santa Clara County District Attorney attempted to convict Mr. Watson

17  on the false charges of resisting and battery on a police officer.  The jury acquitted Mr. Watson on

18  both charges after deliberating for less than half an hour.

19                          JURISDICTION AND VENUE

20      6.  All events alleged herein occurred in the County of Santa Clara, California.

21      7.  Within six months of the events subject of this lawsuit, Plaintiffs filed a claim against the

22  State of California in accordance with California Government Code §910 et seq.  The State of

23  California rejected Plaintiffs' claim on August 23, 2007.  Plaintiffs are filing this action within six

24  months of Defendants' rejection of Plaintiffs' claims, as required by California Government Code

25  §945.6.

26

27

28

Second Amended Complaint                    -2-

## PARTIES

8. Plaintiff Dwight Watson is an individual who lives with his extended family in Campbell, California. He is the common law husband of Margaret Farias, and the father of Daniel Farias, Lauren Watson and Nicole Watson. At all times mentioned in this complaint, Dwight Watson and the above-mentioned members of his family lived at 74 Decorah Lane in Campbell, California.

9. Plaintiff Daniel Farias is the son of Dwight Watson. He was 14 years old at the time of the events alleged herein.

10. Plaintiff Lauren Watson is the daughter of Dwight Watson. She was 11 years old at the time of the events alleged herein.

11. Plaintiff Nicole Watson is the daughter of Dwight Watson. She was 4 years old at the time of the events alleged herein.

12. Santa Clara County Specialized Enforcement Team (SCCSET) is a law enforcement entity which focuses on drug violations and is operated, funded, managed, staffed, and supervised by the State of California's Department of Justice, Bureau of Narcotics Enforcement. SCCSET agents are drawn from various police departments and other law enforcement agencies based in Santa Clara County. Defendant Robert Mecir is the Commander of SCCSET, and held that position at all times mentioned in this Second Amended Complaint. Defendant Mecir is the individual charged with investigating and responding to alleged wrongdoing by SCCSET Agents. Mecir was previously sued herein as Doe No. 1. He is sued herein in both his individual and official capacities.

13. Glenn Albin was an agent assigned to the SCCSET at all times mentioned herein.

14. Plaintiffs are unaware of the true names and capacities of Defendants Does 1-2 through 50, and therefore sue them under fictitious names. Plaintiffs are informed and believe, and on that basis allege, that Does 1-2 through 50 were each responsible for the injuries and damages suffered by Plaintiffs. Plaintiffs will amend the complaint to substitute the true names of Does 1-2 through 50 if and when they learn those names.

15. In doing the acts and omissions alleged herein, Defendants and each of them acted as the agent, employee, and/or in concert with, all other Defendants.

16. In doing the acts and omissions alleged herein, Defendants and each of them acted under color of law and in the course and scope of their employment and/or agency for the State of California, and SCCSET.

## FACTUAL ALLEGATIONS

17. On the evening of October 25, 2005, Plaintiff Dwight Watson was home in bed with a herniated disc in his lower back and painful sciatica. Mr. Watson lived in Campbell in a house owned by his in-laws with his common-law wife Margaret Farias; his son Daniel Farias, age 14; his daughters Lauren Watson, age 14, and Nicole Watson, age 4; his parents-in-law Ernest and Ann Farias; and his brother-in-law Curtis Farias.

18. Curtis Farias was on probation after being convicted on a drug possession charge. One of the terms of his probation was that the police could search his bedroom and common areas of the house after knocking and announcing their presence. Officers had previously come to the Watson/Farias house several times to do probation searches. On those occasions, Dwight Watson cooperated fully with the police, even assisting them by taking them to Curtis Farias' bedroom, knocking on Curtis' door himself, and asking Curtis to open the door. No one else living in the household was on probation.

19. On October 25, 2005, members of the Santa Clara County Specialized Enforcement Team (SCCSET) and the Campbell Police Department (CPD) went to the Watson/Farias home to conduct a probation search for possible evidence of probation violations by Curtis Farias. SCCSET agents Mendez, Mecir, Albin, D'Antonio, Rubino, St. Clair, and Muñoz, and CPD officers Pulliam, Cutler, and Melcher participated in this operation. The officers first watched the house from outside. At approximately 6:50 p.m. Curtis Farias left the house and drove away in his vehicle. SCCSET agents D'Antonio and Rubino detained Mr. Farias and took him into custody for driving with a suspended driver's license. All of the above-mentioned officers, including the two that had detained Mr. Farias, subsequently approached the Farias/Watson home at about 7:15 p.m. The officers knew from prior probation searches at the house, and from statements of Curt Farias that night, that there were elderly parents and children in the house.

20. SCCSET Agent Mendez knocked on the door loudly. Plaintiff Dwight Watson was in bed at this time, and heard loud voices and loud banging on the door. His daughter Lauren went to the door. As she was reaching for the door, it opened, hitting her hand. One of the SCCSET agents pointed a gun at her and moved her against the wall.

21. At this point, Dwight Watson got out of bed to find out what was happening. He heard an officer announce "probation sweep" as he was walking out of his bedroom. He walked toward the front door, with difficulty because of the pain in his back and leg. He saw a police officer with his gun drawn. He said "you must be here for Curtis". SCCSET Agent Albin immediately grabbed Mr. Watson, pushed him against the wall, and started to handcuff Mr. Watson. Mr. Watson said "I'm not Curtis". Agent Albin then threw Mr. Watson to the floor; got on top of him; and punched him repeatedly in the face, creating a pool of blood on the floor. No SCCSET agent had given Mr. Watson any command at this point.

22. Mr. Watson's son Daniel saw what was happening and shouted "What are you doing? That's my Dad!!". SCCSET agent St. Clair then took Daniel to the floor and handcuffed his hands behind his back. Daniel lifted his head to see what was happening to his father. SCCSET Agent St. Clair hit his forearm or elbow on the back of Daniel's head, knocking Daniel's head to the hard floor, causing a large bump on his forehead. Dwight Watson heard this, and then heard Daniel say "why are you hitting me?".

23. SCCSET Agents D'Antonio, Rubino, and Mendez got on top of Mr. Watson, and participated in detaining Mr. Watson together with SCCSET Agent Albin. Albin put his knees in Mr. Watson's lower back, while Mr. Watson complained of pain in his back, and said he had a herniated disc. One officer bent Mr. Watson's wrist, also causing him severe pain. At no point did Mr. Watson physically resist the officers, or refuse to obey any commands. He never struck or attempted to strike any officer.

24. The SCCSET agents placed Mr. Watson under arrest, and charged him with resisting arrest and battery on a police officer. After they took Mr. Watson to jail, one or more of the agents stated to Mr. Watson's wife that they had detained Curtis Farias before coming into the house.

25.  Mr. Watson's three children Daniel, Lauren, and Nicole were present and nearby in the house when the events described above occurred.

26.  SCCSET Agent Albin wrote in his police reports that Mr. Watson had been irate when he came out of the bedroom; resisted the officers' efforts to detain him; struggled with the officers; and attempted to strike SCCSET Agent Albin.  These statements were completely false.  Mr. Watson did not do any of these things, and was physically incapable of resisting the officers or struggling with them, because of his herniated lumbar disc and associated sciatica.  The reports also omitted the fact that SCCSET Agent Albin had repeatedly punched Mr. Watson in the face, causing him to bleed profusely.

27.  Mr. Watson was taken to the Santa Clara County jail, and then to the Elmwood jail in Milpitas, California, where he remained for approximately three weeks.

28.  In reliance on Agent Albin's false police reports, the Santa Clara County District Attorney prosecuted Mr. Watson for allegedly resisting arrest and battery on a police officer.  The case was tried to a jury in Santa Clara County Superior Court from March 27-29, 2006.  The jury acquitted Mr. Watson of all charges after deliberating for less than 30 minutes.

<div align="center">STATEMENT OF DAMAGES</div>

29.  The failure of Defendant Robert Mecir to thoroughly investigate and punish SCCSET Agent Albin's detention, arrest, use of force, and false police report against Mr. Watson, and to take steps to prevent the recurrence of similar incidents, was despicable and done with a willful and conscious disregard of Mr. Watson's rights, justifying an award of punitive damages.

<div align="center">FIRST CAUSE OF ACTION
Ratification
[42 U.S.C. §1983]
(Against Defendant Robert Mecir)</div>

30.  Plaintiffs incorporate the preceding paragraphs as if set forth here in full.

31.  Defendant Robert Mecir has effectively condoned and ratified Agent Albin's unlawful detention and arrest of Dwight Watson, his excessive use of force against Mr. Watson, and his false statements and material omissions in his police report which led to the prosecution of Mr. Watson on

false charges, by failing to thoroughly investigate, these acts and omissions and punish Agent Albin. By ratifying and condoning Agent Albin's conduct, Commander Mecir has encouraged similar conduct in the future.

## RELIEF REQUESTED

32. For the foregoing reasons, Plaintiffs request the following relief:

(a)    General and special damages according to proof;

(b)    Exemplary damages;

(c)    Costs and attorney's fees under 42 U.S.C. §1988

(d)    Such other relief as the Court deems proper.

Dated: May 7, 2008

_____
Mark Martel
Attorney for Plaintiffs

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Watson, Dwight; Farias, Daniel; Watson, Lauren; Watson, Nicole | Mecir, Robert |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Clara<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Santa Clara<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED. |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Mark Martel                                 (650) 470-2651<br>Law Offices of Mark Martel, 425 Sherman Avenue, #330, Palo Alto, California  94306 | ATTORNEYS (IF KNOWN)<br>Jennifer C. Addams                    (415) 703-5382<br>State of California Office of the Attorney General, 455 Golden Gate Avenue, Suite 11000, San Francisco, California  94102 |

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transfered from
Another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth In Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Amer w/ disab - Empl<br>☐ 446 Amer w/ disab - Other | ☐ 510 Motion to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl.Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (US Plaintiff or Defendant<br>☐ 871 IRS - Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Cause of action for ratification under 42 U.S.C. §1983.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $          CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".          C06-07767 RMW

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)          ☐ SAN FRANCISCO/OAKLAND          ☒ SAN JOSE

DATE          SIGNATURE OF ATTORNEY OF RECORD          *LexisNexis® Automated California Federal District Court Form*