1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
5   Telephone:   (415) 703-5382
   Facsimile:   (415) 703-5480
6   Email:  Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendant Robert Mecir

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 **DWIGHT WATSON; DANIEL FARIAS;**          Case No. C 08-02445 RMW
   **LAUREN WATSON; AND NICOLE WATSON,**
13                                            **ANSWER BY DEFENDANT**
                              Plaintiffs,     **ROBERT MECIR TO SECOND**
14                                            **AMENDED COMPLAINT**
              v.
15                                            **JURY TRIAL DEMANDED**
   **ROBERT MECIR; AND DOES 2-50,**
16                                            The Honorable Ronald M. Whyte
                              Defendants.
17

18

19     COMES NOW Defendant, Robert Mecir, and in response to the Second Amended

20 Complaint on file herein admits, denies, and alleges as follows:

21     1.   Answering Paragraph 1 on the Second Amended Complaint, Defendant Mecir admits

22 that Curtis Farias was on probation and was detained, and that the SCCSET officers entered the

23 home on a probation search.  Defendant denies or lacks sufficient information to form a belief as

24 to the truth of the remaining allegations in this paragraph.

25     2.   Answering Paragraph 2 of the Second Amended Complaint, Defendant Mecir denies

26 or lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

27     3.   Answering Paragraph 3 of the Second Amended Complaint, Defendant Mecir denies

28 or lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

4. Answering Paragraph 4 of the Second Amended Complaint, Defendant Mecir admits that no disciplinary action was taken against any member of SCCSET for the incident on October 25, 2005, and denies all remaining allegations in this paragraph.

5. Answering Paragraph 5 of the Second Amended Complaint, Defendant Mecir lacks sufficient information and belief, and on that ground denies the allegations in this paragraph.

**JURISDICTION AND VENUE**

6. Answering Paragraph 6 of the Second Amended Complaint, Defendant Mecir admits the allegations in this paragraph.

7. Answering Paragraph 7 of the Second Amended Complaint, Defendant Mecir admits the allegations in this paragraph.

**PARTIES**

8. Answering Paragraph 8 of the Second Amended Complaint, Defendant Mecir lacks sufficient information and belief, and on that ground denies the allegations in this paragraph.

9. Answering Paragraph 9 of the Second Amended Complaint, Defendant Mecir lacks sufficient information and belief, and on that ground denies the allegations in this paragraph.

10. Answering Paragraph 10 of the Second Amended Complaint, Defendant Mecir lacks sufficient information and belief, and on that ground denies the allegations in this paragraph.

11. Answering Paragraph 11 of the Second Amended Complaint, Defendant Mecir lacks sufficient information and belief, and on that ground denies the allegations in this paragraph.

12. Answering Paragraph 12 of the Second Amended Complaint, Defendant Mecir admits that the SCCSET is a law enforcement entity run by the State of California's Department of Justice, Bureau of Narcotics Enforcement. Defendant Mecir admits that SCCSET agents are drawn from various police departments and other law enforcement agencies based in Santa Clara County. Defendant Mecir admits that he is the Commander of SCCSET and was so during the subject incident. Defendant Mecir admits that he is responsible for responding to and investigating complaints regarding SCCSET agents. Defendant Mecir denies or lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and on that ground denies these allegations.

1    13.   Answering Paragraph 13 of the Second Amended Complaint, Defendant Mecir admits
2 the allegations in this paragraph.

3    14.   Answering Paragraph 14 of the Second Amended Complaint, Defendant Mecir lacks
4 sufficient information and belief, and on that ground denies the allegations in this paragraph.

5    15.   Answering Paragraph 15 of the Second Amended Complaint, Defendant Mecir denies
6 the allegations in this paragraph.

7    16.   Answering Paragraph 16 of the Second Amended Complaint, Defendant Mecir admits
8 that he acted within the course and scope of his employment with the State of California.
9 Defendant Mecir denies the "acts and omissions alleged" in the Second Amended Complaint.
10 As to the remaining allegations in this paragraph, Defendant Mecir lacks sufficient information
11 and belief, and on that ground denies these allegations.

12                              **FACTUAL ALLEGATIONS**

13    17.   Answering Paragraph 17 of the Second Amended Complaint, Defendant Mecir lacks
14 sufficient information and belief, and on that ground denies the allegations in this paragraph.

15    18.   Answering Paragraph 18 of the Second Amended Complaint, Defendant Mecir admits
16 that Curtis Farias was on probation on a drug conviction, that one of the terms of his probation
17 was that the police could search his bedroom and common areas of the house, and that officers
18 had previously come to his house to do probation searches.  As to the remaining allegations in
19 this paragraph, Defendant Mecir lacks sufficient information and belief, and on that ground
20 denies those allegations.

21    19.   Answering Paragraph 19 of the Second Amended Complaint, Defendant Mecir admits
22 to the allegations in this paragraph, except as to the CPD officers.  As to that allegation,
23 Defendant Mecir lacks sufficient information and belief, and on that ground denies the
24 allegations.

25    20.   Answering Paragraph 20 of the Second Amended Complaint, Defendant Mecir admits
26 that Officer Mendez knocked on the door loudly and that a girl answered the door.  Defendant
27 Mecir denies that a gun was pointed at Lauren.  As to the remaining allegations in this
28

paragraph, Defendant Mecir lacks sufficient information and belief, and on that ground denies those allegations.

21. Answering Paragraph 21 of the Second Amended Complaint, Defendant Mecir lacks sufficient information and belief as to the allegations on page 5, lines 5-8, and on that ground denies those allegations. As to the remaining allegations in this paragraph, Defendant Mecir denies those allegations.

22. Answering Paragraph 22 of the Second Amended Complaint, Defendant Mecir lacks sufficient information and belief, and on that ground denies the allegations in this paragraph.

23. Answering Paragraph 23 of the Second Amended Complaint, Defendant Mecir admits that Agent D'Antonio, Agent Mendez, and Agent Rubino participated in detaining Dwight Watson along with Agent Albin. As to the remaining allegations in this paragraph, Defendant Mecir denies those allegations.

24. Answering Paragraph 24 of the Second Amended Complaint, Defendant Mecir admits that Dwight Watson was arrested and charged with resisting arrest and battery on a police officer. As to the remaining allegations in this paragraph, Defendant Mecir lacks sufficient information and belief, and on that ground denies the allegations.

25. Answering Paragraph 25 of the Second Amended Complaint, Defendant Mecir admits that children were present in the house. As to the remaining allegations in this paragraph, Defendant Mecir lacks sufficient information and belief, and on that ground denies those allegations.

26. Answering Paragraph 26 of the Second Amended Complaint, Defendant Mecir admits that the officers wrote in their reports that Dwight Watson was irate when he came out of his bedroom, that he resisted the officers' efforts to detain him, that he struggled with the officers, and he attempted to strike Agent Albin. As to the remaining allegations in this paragraph, Defendant Mecir denies those allegations.

27. Answering Paragraph 27 of the Second Amended Complaint, Defendant Mecir admits that Dwight Watson was taken to the Santa Clara County Jail. As to the remaining allegations in

1  this paragraph, Defendant Mecir lacks sufficient information and belief, and on that ground
2  denies those allegations.
3      28.  Answering Paragraph 28 of the Second Amended Complaint, Defendant Mecir admits
4  that the Santa Clara County District Attorney prosecuted Dwight Watson for resisting arrest and
5  battery on a police officer.  As to the remaining allegations in this paragraph, Defendant Mecir
6  lacks sufficient information and belief, and on that ground denies those allegations.

**STATEMENT OF DAMAGES**

7
8      29.  Answering Paragraph 29 of the Second Amended Complaint, Defendant Mecir denies
9  the allegations in this paragraph.

**FIRST CAUSE OF ACTION**

10
11     30.  Answering Paragraph 30 of the Second Amended Complaint, Defendant Mecir
12 incorporates by reference his answers to Paragraphs 1 through 29 as though fully set forth herein.
13     31.  Answering Paragraph 31 of the Second Amended Complaint, Defendant Mecir denies
14 the allegations in this paragraph.
15     AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendant alleges as
16 follows:

17 **AFFIRMATIVE DEFENSE NO. 1:**
18     The Second Amended Complaint and each cause of action therein fail to allege facts
19 sufficient to constitute a cause of action.

20 **AFFIRMATIVE DEFENSE NO. 2:**
21     The Second Amended Complaint and each cause of action therein are uncertain.

22 **AFFIRMATIVE DEFENSE NO. 3:**
23     Pursuant to Government Code section 985, any judgment entered herein may be reduced for
24 collateral source payments paid or obligated to be paid for services or benefits that were
25 provided prior to commencement of trial.

26 **AFFIRMATIVE DEFENSE NO. 4:**
27     The damages alleged in the Second Amended Complaint are subject to a set-off either
28 partially or in full.

Answer by Defendant Mecir to Second Amended Complaint            *Dwight Watson, et al. v. Robert Mecir, et al.*
                                                                                          C 08-02445 RMW

**AFFIRMATIVE DEFENSE NO. 5:**

Answering defendant was at all relevant times acting within the course and scope of duty of public employment.

**AFFIRMATIVE DEFENSE NO. 6:**

The Second Amended Complaint and each cause of action therein are barred, and this court is without jurisdiction as there has been a failure to exhaust administrative remedies.

**AFFIRMATIVE DEFENSE NO. 7:**

At all relevant times, plaintiffs failed to mitigate injury and damages.

**AFFIRMATIVE DEFENSE NO. 8:**

Because the Second Amended Complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

**AFFIRMATIVE DEFENSE NO. 9:**

At the times and places alleged in the Second Amended Complaint, plaintiff Dwight Watson willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the Second Amended Complaint by unlawful and wrongful conduct. The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

**AFFIRMATIVE DEFENSE NO. 10:**

To the extent that any answering defendant used force during the incident alleged in the Second Amended Complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary.

**AFFIRMATIVE DEFENSE NO. 11:**

To the extent that the answering defendant acted or failed to act the act or omission was the result of the exercise of the discretion vested in him, and he is immune from liability under Government Code section 820.2.

**AFFIRMATIVE DEFENSE NO. 12:**

The Second Amended Complaint and each cause of action therein are barred by the applicable statute of limitations.

**AFFIRMATIVE DEFENSE NO. 13:**

The action is barred by the failure to precede the action with a claim as required by Government Code sections 945.4, 911.2, 905.2, and 950.2.

**AFFIRMATIVE DEFENSE NO. 14:**

If and to the extent that the allegations of the Second Amended Complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation and Government Claims Board claim, if any there was, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2, and 950.2.

**AFFIRMATIVE DEFENSE NO. 15:**

The detention or arrest, if any there was, alleged in the Second Amended Complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority, and with reasonable cause to believe at the time that such action was lawful.

**AFFIRMATIVE DEFENSE NO. 16:**

Only reasonable force and restraint were used in the incident alleged in the Second Amended Complaint. There is no liability pursuant to Penal Code sections 835 and 835a, and Government Code section 815.2. Plaintiffs knew or should have known that an arrest or detention was being made by peace officers and had a duty to refrain from using force to resist any such arrest or detention.

**AFFIRMATIVE DEFENSE NO. 17:**

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the Second Amended Complaint, it was privileged as necessary to overcome resistance.

///

///

**AFFIRMATIVE DEFENSE NO. 18:**

Plaintiffs willingly, voluntarily, and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, defendants, whom plaintiffs knew or reasonably should have known to be peace officers, and thereby assumed each, every, and all the risks and hazards implicated by the events alleged in the Second Amended Complaint. Such conduct is a reasonable implied assumption of the risk.

**AFFIRMATIVE DEFENSE NO. 19:**

Answering defendant will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

**AFFIRMATIVE DEFENSE NO. 20:**

At all relevant times, defendant exercised due care and acted only in the execution or enforcement of the law.

**AFFIRMATIVE DEFENSE NO. 21:**

Answering defendant has not deprived any person of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States. There has been no deprivation of any right, privilege, or immunity guaranteed by the laws or Constitution of the United States.

**AFFIRMATIVE DEFENSE NO. 22:**

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 23:**

All acts of defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

**AFFIRMATIVE DEFENSE NO. 24:**

Answering defendant is entitled to qualified and official and quasi-judicial immunity. Defendant acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to

the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly established law.

**AFFIRMATIVE DEFENSE NO. 25:**

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. (Gov't. Code, §§ 815.2, 820.2.)

**AFFIRMATIVE DEFENSE NO. 26:**

There is no liability in that the acts alleged in the Second Amended Complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. (Gov't. Code, §§ 815.2, 820.4.)

**AFFIRMATIVE DEFENSE NO. 27:**

There is no liability for injury or damages, if any there were, caused by the instituting or prosecuting of any judicial or administrative proceeding. (Gov't. Code, §§ 815.2, 821.6.)

**AFFIRMATIVE DEFENSE NO. 28:**

This action is duplicative of an earlier filed action (C06-07767 RMW) and thus barred because plaintiffs were required to bring at one time all of the claims against a party or privies relating to the same transaction or event. (*Adams v. State of California Dep't. of Health Serv.*, 487 F.3d 684 (9th Cir. 2007).)

**AFFIRMATIVE DEFENSE NO. 29:**

This action is barred due to issues of *res judicata* in that the duplicative earlier filed case will be tried to a jury.

WHEREFORE, Defendant prays that:

1. Judgement be rendered in favor of Defendant and against plaintiffs; and
2. Plaintiffs take nothing by the Second Amended Complaint; and
3. Defendant be awarded costs of suit incurred herein; and
4. Defendant be awarded such other and further relief as the Court may deem necessary and proper.

///

Answer by Defendant Mecir to Second Amended Complaint        *Dwight Watson, et al. v. Robert Mecir, et al.*
                                                                                                              C 08-02445 RMW

**REQUEST FOR JURY TRIAL**

Defendant Mecir hereby requests a jury trial in this action.

Dated: May 30, 2008.

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        PAUL T. HAMMERNESS
        Supervising Deputy Attorney General

        */s/ Jennifer C. Addams*

        JENNIFER C. ADDAMS
        Deputy Attorney General

        Attorneys for Defendant Robert Mecir

40258792.wpd
SF2007403401